## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| **DAVID BURGOS** | : | Civil Action Docket No. |
| Plaintiff | : | |
| | : | |
| | : | **Judge,** |
| **v.** | : | |
| | : | **Jury Trial Demanded** |
| **JAMES EUSTICE, et, al** | : | **ELECTRONICALLY FILED** |
| | : | |
| **C.O. Lt. WOODS** | : | |
| | : | |
| **C.O. MR. ROSS** | : | |
| | : | |
| **C.O. MR. WOJERECHOWSKI** | : | |
| | : | |
| **C.O. MS. PELLAM** | : | FILED |
| | : | SCRANTON |
| **BERNADETTE MASON** | : | OCT 2 6 2020 |
| Defendants | : | |
| | | PER _____ |
| | | DEPUTY CLERK |

## NOTICE TO DEFEND

### 42 U.S.C.§ 1983

## DEPRIVATION OF CIVIL RIGHTS UNDER THE COLOR OF STATE LAW

## VIOLATIONS OF THE I, IV, VIII AND XIV AMENDMENTS OF THE

## UNITED STATES CONSTITUTION

TO THE HONORABLE, JUDGES OF THE ABOVE NAMED COURT:

AND NOW COMES, Plaintiff, David Burgos, pro-se who hereby files this Civil Complaint Action in this Court under 42 U.S.C.§ 1983 and pursuant to 28 U.S.C.§ 2072 et. seq. against the defendants named in the above captioned matter who are State Employees who willfully acted with wanton actual malice and reckless intent engaged in malicious acts and omissions against the plaintiff and as a proximate result thereof the defendants actions deprived him of his fundamental individual rights which are protected under the United States Constitution and in support thereof avers the following:

## JURISDICTION AND VENUE

A.   This Civil Action is Authorized under 42 U.S.C.§ 1983 relating to (Redress of Deprivation of Civil Rights under the "Color of State Law" of Rights secured by the I, IV, VIII and the XIV Amendments of the Constitution of the United States),
     This Court has original jurisdiction under 28 U.S.C.§ 1331 relating to (Federal Question) "Civil Action arising under the Constitution, Laws, or Treaties, of the United States".
     This Court has original jurisdiction under 28 U.S.C.§ 1343(a)(b) relating to (Civil Rights and Elective Franchise) "Redress the Deprivation under the "Color of [any] State Law", Statute, Ordinance, Regulation, Custom or Usage of any Right, Privilege or Immunity Secured by the Constitution of the United States or by any act of Congress Providing for Equal Rights of Citizens or all persons within the jurisdiction of the United States". This Court has jurisdiction of this action under 28 U.S.C.§ 1391(b)(2) relating to (Venue) the events, acts, omissions, and/or incidents occurred against the plaintiff which is giving rise to the claims set forth herein this action while he is detained and/or confined in state custody in the Pennsylvania Department of Corrections at SCI-Retreat which is located in Luzerne County in the Middle District of Pennsylvania.

## PARTIES

1.   Plaintiff, David Burgos, is an inmate who is presently confined in state custody at SCI-Mahanoy which address is: 301 Morea Road Frackville, Schuylkill County, Pennsylvania 17932.

2.   Defendant, James Eustice, et, al. is a State Employee for the Pennsylvania Department of Corrections and is employed as a Captain of Security at SCI-Retreat which address is:  660 State Route 11 Hunlock Creek, Luzerne County, Pennsylvania 18621-3136.

3.   Defendant, C.O. Lt. Woods, is a State Employee for the Pennsylvania Department of Corrections and is employed as a Lieutenant for Security at SCI-Retreat and is presently employed as a Lieutenant at SCI-Mahanoy which address is: 301 Morea Road Frackville, Schuylkill County,

4.   Defendant, C.O. Mr. Ross, is a State Employee for the Pennsylvania Department of Corrections and is employed as a Correctional Officer I at SCI-Retreat and is now employed at SCI-Dallas which address is: 1000 Follies Road Dallas, Luzerne County Pennsylvania 18612.

5.   Defendant, C.O. Mr. Wojerechowski, is a State Employee for the Pennsylvania Department of Correction and is employed as a Correctional Officer I at SCI-Retreat which address is: 660 State Route 11 Hunlock Creek, Luzerne County, Pennsylvania 18621-3136.

6.   Defendant  C.O. Ms. Pellam is a State Employee for the Pennsylvania Department of Corrections and is employed as a Correctional Officer I at SCI-Retreat and is presently employed at SCI-Waymart which is: P.O. Box 256 Route 6 Waymart, Wayne County, Pennsylvania 18472.

7.   Defendant, Bernadette Mason, is s State Employee for the Pennsylvania Department of Corrections and is employed as a Facility Manager/Superintendent for SCI-Retreat and is presently employed as a Facility Manager/Superintendent at SCI-Mahanoy which address is: 301 Morea Road Frackville, Schuylkill County, Pennsylvania 17932.

8.   Plaintiff avers that at all times the defendants named in the above captioned matter are "persons" for the purpose of 42 U.S.C.§ 1983 who acted under the "Color of State Law" and whose acts and omissions against the plaintiff rose to an constitutional violation which the claims are set forth herein this action and therefore, the plaintiff is afforded with the legal right to file this civil complaint action against the defendants in the his or her individual and official capacities.

## PROCEDURAL HISTORY

9.   Plaintiff is filing this Civil Action under 42 U.S.C.§ 1983 (Deprivation of Civil Rights under the "Color of State Law") in this Honorable, Court seeking redress of his Grievances numbers 785924, 838286, 842655, 843411, 849862, 854584 and 855177 which was filed against the defendants named in the above captioned matter and avers that he Exhausted the Administrative Remedies pursuant to the Pennsylvania Department of Corrections policy DC-ADM 804 relating to (Grievance Procedures). (SEE ATTACHED EXHIBITS)

## STATEMENT OF CLAIMS AND FACTUAL HISTORY OF EVENTS

10.  Plaintiff is seeking Court redress for relief against the defendants named in the above captioned matter who willfully conspired together and acted in complicity and in collaboration against the plaintiff and willfully acted with wanton actual malice and reckless intent instituted a "Campaign of Harassment" and "Retaliation" against the plaintiff acting with a "Causal Connection" and intentionally interfered with his "Liberty Interest" for approximately one (1) year and eight (8) months while he was confined in state

custody at SCI-Retreat from June 21, 2018 until he was transferred to SCI-Mahanoy on February 13th, 2020.

11. The defendants willfully acted with wanton actual malice and reckless intent engaged in malicious misconduct and engaged in reckless acts against the plaintiff which the defendants fictitiously claimed that the plaintiff was engaged in conduct which permitted the defendants to conduct a multitude of unreasonable searches of the plaintiff's cell for contraband when the plaintiff did not engage in conduct which would warrant or justify the defendants to conduct the multitude of searches of his cell which the defendants searched the plaintiff's cell and each time the defendants did not find any contraband in the plaintiff's possession or in his property, but when the defendants found items which would be consistent with contraband and actually belonged to the plaintiff's celly the defendants claimed that the items found (i.e. gambling tickets) belonged to the plaintiff and during a search of the plaintiff's cell the defendants found a religious rosary in the plaintiff's cell which actually belonged to the plaintiff's celly who even claimed the rosary as his the defendants acted with reckless intent and claimed that the rosary was a gang related item or material and confiscated the religious rosary and claimed that it belonged to the plaintiff.

12. The defendants performed a cell search of the plaintiff's cell and thereafter claimed that the plaintiff placed a "string" in his cell door jam and claimed that the defendants gave him a "Direct Order" to remove the "string" and thereafter the defendants claimed that during a second search of the plaintiff's cell the defendants found that the "string" was not removed and therefore, the defendants issued the plaintiff with a misconduct for Disobeying a "Direct Order" and charged the plaintiff for destroying, altering and/or tampering with state property, but the defendants actually issued the plaintiff's celly with the "Direct Order" to remove the "string" from the door jam and not the plaintiff due to fact the plaintiff was not in the cell or on the block when the defendants searched his cell and the plaintiff avers that he was not aware of the incident and avers that his celly failed to inform him and therefore he did not know about the incident until he received the misconduct report.

13. The defendants willfully acted with wanton actual malice and reckless intent maliciously issued the plaintiff with a multitude of fictitious misconducts for Disobeying "Direct Orders" and for being in "Unauthorized Areas" which in fact the plaintiff is a Type 2 diabetic and has to go to the medical department on a daily basis at approximately the same time (7) days a week which the defendants were wholly aware thereof the plaintiff being a diabetic and that the medical department schedules insulin shots to diabetics everyday approximately the same time and therefore the defendants had to un-secure the plaintiff's cell door to allow him out of his cell and the defendants had to un-secure the block door to allow the plaintiff to leave the block to go to the medical department for his insulin shot at approximately the same time everyday.

14. The defendants willfully acted with wanton actual malice and reckless intent claimed they "observed" the plaintiff "swallow" something while he was outside in the prison's yard and thereafter, the defendants

were instructed to go to the yard and to detain the plaintiff and thereafter escort him to the prison's body x-ray scanner to be examined for contraband which the body x-ray scanner did not present any unusual or foreign objects in the plaintiff's digestive system and thereafter the defendants were still not satisfied with the x-ray body scanner's results and acted with wanton actual malice and reckless intent unreasonably seized the plaintiff without having legal cause or legal justification and confined him in a "Dry Cell" for Five (5) consecutive days.

15.  The defendants willfully acted with reckless disregard thereof the rights of the plaintiff and willfully acted with wanton "Deliberate Indifference" thereof the plaintiff's actual serious medical needs and medical conditions which the plaintiff is a Type 2 Diabetic, has been diagnosed with several Mental Health Disorders and walks with a cane and therefore, the plaintiff has Physical and Mental Health Impairments and therefore, he is considered Disabled under the Americans with Disability's Act (ADA) which the defendants willfully acted in reckless disregard thereof the plaintiff's serious medical needs and recklessly confined him in a "Dry Cell" for five (5) consecutive days under Administrative Custody and recklessly handcuffed the plaintiff placing both of his hands in a "handcuff bag" for (24) hours a day for the five (5) consecutive days acting in reckless disregard thereof the ("DOC") policy DC-ADM 802 relating to (Administrative Custody Procedures) and therefore, as a direct result thereof the defendants acts and omissions intentionally deprived the plaintiff of his "basic human needs" sanitation, the ability to exercise outside of the cell and deprived him of his daily personal hygiene and his "everyday life's necessities" including the ability to drink water due to fact the cell was a "Dry Cell" and NOT contain running water and therefore, the plaintiff went without water for (5) consecutive days and was deprived of sleep which the defendants willfully acted with wanton actual malice and reckless intent denied the plaintiff with a hearing to defend the defendants unlawful actions which were committed against him without legal justification other then for the defendants own enjoyment.

16.  The defendants willfully acted with wanton actual malice and reckless intent circumvented the ("DOC") Policy DC-ADM 802 relating to (Administrative Custody Procedures) in order to illegally confine, detain and restrain, the plaintiff in a "Dry Cell" in excess of the policy's rules claiming that the plaintiff was under investigation for allegedly swallowing contraband thereafter the defendants did not have any actual evidence that the plaintiff swallowed contraband.

17.  The defendants willfully acted with wanton actual malice and reckless intent confined the plaintiff in a "Dry Cell" for five (5) consecutive days which the defendants recklessly forced the plaintiff to use a "bucket" as a toilet and the defendants recklessly restrained the plaintiff in "handcuffs" which were confined in a "handcuff bag" for (24) hours five (5) consecutive days which substantially immobilized the plaintiff's use of his hands for (24) hours a day for five (5) consecutive days and was only permitted to use one (1) hand when he needed to use the bathroom or the "bucket" which the defendants forced him to use as a toilet and therefore, everytime he needed to use the "bucket" he had to notify the defendants which had to be physically

present while the plaintiff used the "bucket" and therefore, the defendants removed only one (1) of the handcuffs for the plaintiff to use the bathroom and the defendants recorded the plaintiff while he used the "bucket" and therefore, as a direct result thereof the defendants willfully acting with wanton actual malice and reckless intent deliberately imposed and subjected the plaintiff to reckless "inhumane living conditions" for five (5) consecutive days without legal justification and recklessly acting with "deliberate indifference" thereof the plaintiff's serious medical needs and medical conditions.

18. The defendants willfully acted with wanton actual malice and reckless intent Denied the plaintiff with a hearing which is a procedure under the policy ("DOC") policy DC-ADM 802 relating to (Administrative Custody Procedures) and therefore, as a direct result thereof the defendants acts and omissions substantially deprived and violated the plaintiff's individual fundamental rights and the plaintiff did NOT swallow anything or engaged in any actions which would justify the defendants actions.

19. The defendants willfully acted with wanton actual malice and reckless intent confined and restrained the plaintiff in a "Dry Cell" under the ("DOC") policy DC-ADM 802 relating to (Administrative Custody Procedures) which the defendants failed to comply with the policy and its procedural requirements and intentionally departed from the ("DOC") own regulations and therefore, the ("DOC") and its prisons officials must fully state the reasons for their actions and articulate a rationale connection between the facts found and the conclusion made and therefore, as a direct result thereof the defendants acts and omissions they subjected the plaintiff to "Atypical and Significant Hardship" in relation to the "Ordinary Incidents of Prison Life" and subjected the plaintiff to "Cruel and Unusual Punishment" for five (5) consecutive days.

20. The Defendants searched the plaintiff's cell on February 7, 2019 after the defendants claimed that they observed the plaintiff put something in his mouth and swallowed it, but the defendants did NOT escort the plaintiff to the body x-ray scanner to be examined nor did the defendants confine the plaintiff in a "Dry Cell" or had the plaintiff submit to a drug test, but the defendants searched the plaintiff's cell and took all of his and his celly's property and acted with wanton actual malice and reckless intent mixed all the plaintiff's and his celly's property together and only confiscated the plaintiff's phone book and refused to furnish it back to him.

21. The defendants willfully acted with wanton actual malice and reckless intent searched the plaintiff's cell a multitude of times within the year and a half that the plaintiff was at SCI-Retreat and unlawfully searched him and confined him in a "Dry Cell" and issued him with multiple misconducts which never amounted to more then to an instituted "Campaign of Harassment" and "Retaliation" against the plaintiff for no reasons other then to "Harass" and to "Annoy" the plaintiff while he was exercising his "Protected Conduct" and as a direct result thereof the defendants named in the above captioned matter willfully acted with wanton actual malice and reckless intent acted in "Adverse Actions"

against the plaintiff for One (1) year and Eight (8) months while he was being confined in state custody at SCI-Retreat.

22. Defendants willfully acted with wanton actual malice and reckless intent acted in concert with the other defendants to harassed the plaintiff and retaliated against the plaintiff for filing grievances against the defendants for the intentional and wanton malicious misconduct and thereafter the defendants unlawfully confined the plaintiff in Administrative Custody in violation of the policy detained the plaintiff for five (5) consecutive days in a "Dry Cell" without cause and intentionally deprived the plaintiff with a hearing to defend the defendant's actions and intentionally acted in reckless disregard thereof the plaintiff's serious medical needs and medical conditions and as a result thereof recklessly subjected the plaintiff to cruel and unusual punishment and thereafter the incident the defendants intentionally concealed they're acts and omissions when the plaintiff was transferred to SCI-Mahanoy the prison officials did NOT receive a record of the events or the defendants intentional reckless acts and omissions and the confinement of the plaintiff in the "Dry Cell".

23. Plaintiff avers that the defendants acts and omissions rose to a constitutional violation under the I, IV, VIII and XIV Amendments of the United States Constitution and therefore, affords the plaintiff with the legal right to file this civil complaint in this Court seeking judicial review and redress thereof the grievances which he filed and have been intentionally denied and therefore, plaintiff avers that he has NO other remedies available to seek relief for the injuries which he was imposed thereto as a direct and proximate result thereof the defendants wanton intentional reckless acts and omissions against him while the defendants performed the official duties thereof the defendant's official responsibilities while clothed under the "Color of State Law".

## FACTUAL STATEMENTS AND LEGAL CLAIMS

### David Burgos v. James Eustice, et, al.

CAMPAIGN OF HARASSMENT

UNLAWFUL SEGREGATION AND RESTRAINT IN CONFINEMENT

UNNECESSARY AND WANTON INTENTIONAL INFLICTION OF PAIN

DEPRIVED OF BASIC HUMAN NEEDS AND NECESSITIES

EXPOSED TO RISKS OF SERIOUS HARM

CONFINED IN INHUMANE CONDITIONS

DELIBERATE INDIFFERENCE

CAMPAIGN OF RETALIATION

CRUEL AND UNUSUAL PUNISHMENT

THEFT AND DESTRUCTION OF PERSONAL PROPERTY

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

VIOLATIONS OF DUE PROCESS OF LAW AND PROCEDURAL DUE PROCESS OF LAW

VIOLATIONS OF EQUAL PROTECTION OF LAW

24. Defendant, James Eustice, et, al. is a state employee who is presently employed by the Pennsylvania Department of Corrections as a Captain of Security at SCI-Retreat and was working on the dates which the plaintiff was "targeted" and is in charge of the defendants named in the above captioned matter which he instructed to carry out the "Campaign of Harassment" and "Retaliation" against the plaintiff.

25. Plaintiff incorporates paragraphs #8. through paragraphs #24. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent orchestrated and instituted the malicious "Campaign of Harassment" actions against the plaintiff and intentionally instructed the defendants named in the above captioned matter to engage in the malicious and reckless acts against the plaintiff as claimed herein this complaint.

26. Plaintiff incorporates paragraphs #8. through paragraphs #25 as set forth at length herein this action and avers that the defendant willfully acted with wanton actual malice and reckless intent acted with an "Evil Vendetta" against the plaintiff and caused the defendants named in the above captioned matter to engage in the malicious acts as stated herein with him against the plaintiff subsequently thereafter the plaintiff was transferred to the prison which the defendant initiated the constant and repeated "Campaign of Harassment" against the plaintiff which the plaintiff claims that the malicious acts are carried over the from the security department at the previous prison he was transferred from and therefore, the actions are a continuous vendetta and various forms of harassment against the plaintiff.

27. Plaintiff incorporates paragraphs #8. through paragraphs #26 as set forth at length herein this action and avers that the defendant willfully acted with wanton actual malice and reckless intent instructed the defendants named in the above captioned matter to randomly search the plaintiff's cell for contraband and if any contraband was found and if it did NOT belong to the plaintiff the defendants were instructed to claim that all contraband found belonged to the plaintiff and to confiscate all contraband items and issue him a confiscation slip and a misconduct and at NO time did the defendants actually find contraband that belonged to the plaintiff, but yet claimed the contraband found belonged to the plaintiff.

28.   Plaintiff incorporates paragraphs #8 through paragraphs #27. as set forth at length herein this action and avers that the defendant willfully acted with wanton actual malice and reckless intent engaged in nonfeasance and misfeasance thereof his official duties willfully instituted and instructed ordered and/or commanded other correctional officers which are named in the above captioned matter to recklessly act and to perform an intrigued and malevolent "Campaign of Harassment" against the plaintiff shortly after the plaintiff was transferred to SCI-Retreat.

29.   Plaintiff incorporates paragraphs #8. through paragraphs #28. as set forth at length herein this action and avers that the defendant is the Captain of the prison's Security Department at SCI-Retreat which under the "scope" of his official duties he is the commanding officer in charge of the correctional officers who work for the security department under his supervision and he has the authority and control to instruct or to command any of the correctional officers employed at the prison to act under his instructions orders and/or command including the correctional officers named as defendants in the above captioned matter who carried out his orders and/or commands for him and the instructions orders and/or commands against the plaintiff.

30.   Plaintiff incorporates paragraphs #8. through paragraphs #29. as set forth at length herein this action and avers that the defendant willfully acted with wanton actual malice and reckless intent "abused his authority" and his official duties solely to engage in an iniquity of willful and wanton malicious acts and omissions against the plaintiff and to intentionally instruct and/or to command other other Pennsylvania Department of Corrections state employees and/or correctional officers to act and to engage in the same malicious misconduct or to commit other malicious acts and omissions against the plaintiff from June 21, 2018 until February 13, 2020.

31.   Plaintiff incorporates paragraphs #8. through paragraphs 30. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent devised the scheme and plot against the plaintiff he created and constructed the malicious acts and then instructed ordered and/or commanded other correctional officers to perform the randomly grossly immoral reckless malicious acts and omissions against the plaintiff which he willfully "abused his authority" and the "scope" of the official office which he is a captain of the security department and his position is to uphold security in the prison he is to prevent and refrain inmates from engaging in misbehavior misconduct unappropriate acts and refrain inmates from engaging in lewd behavior and to refrain inmates from harassing inmates and refrain inmates from assaulting other inmates and therefore, his official duties are to refrain and deter inmates from exercising or carrying out the actions which the defendant has committed himself against the plaintiff NOT once, but multiple occasions.

32.   Plaintiff incorporates paragraphs #8. through paragraphs #31. as set forth at length herein this action and avers that the defendant willfully acted with wanton actual malice and reckless intent engaged in the relentless acts against the plaintiff in reckless disregard thereof his

malicious reckless actions and acted in reckless disregard thereof the risks of harm which he subjected and/or imposed against the plaintiff and knowingly that his actions were conducted in reckless disregard thereof the plaintiff's health and safety while he intentionally instituted the unlawful malicious controllable actions against the plaintiff.

33. Plaintiff incorporates paragraphs #8. through paragraphs #32. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent manipulated and "singled out" the plaintiff acted with prejudice against the plaintiff maliciously targeted the plaintiff created false accusations and allegations against the plaintiff to carry out the malicious acts against the plaintiff including unlawfully segregating him from general population without cause or justification and placed the plaintiff in unlawful restraint and detained him in a "Dry Cell" with both of his hands handcuffed and inside a handcuff bag without probable cause and therefore, is a inhumane and unconstitutional deprived the plaintiff of his liberty interests and deprived the plaintiff with a hearing to defend and to contest the defendants unwarranted actions.

34. Plaintiff incorporates paragraphs #8. through paragraphs #33. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent inflicted and subjected the plaintiff to suffer from "unnecessary infliction of pain" and intentionally "deprived the plaintiff of his basic human needs and necessities" defendant willfully acted with reckless intent "exposed the plaintiff to "risks of serious harm and pain" when he acted with reckless intent illegally confined and restrained the plaintiff in a "Dry Cell" subjecting him to "inhumane conditions" and while the plaintiff was being subjected to "inhumane conditions" the defendant willfully acted with wanton reckless "deliberate indifference" thereto the plaintiff's serious medical needs and medical conditions which the plaintiff is a Type 2 Diabetic and the ("DOC") Psychological and Psychiatric Medical Doctors diagnosed the plaintiff of having several serious mental health disorders and therefore, classified the plaintiff as a "D" Stability and therefore housed him on the (RTU) Residental Housing Unit which is for inmates with mental health disorders and the plaintiff walks with a cane which is a result from past bodily injury and therefore, the plaintiff's medical conditions places him under the (ADA) Americans with Disabilities Act and therefore, the defendant is wholly cognizant thereof the plaintiff's serious medical needs and medical conditions, but yet he willfully acted with wanton actual malice and engaged in reckless acts against the plaintiff acting in reckless disregard thereof the plaintiff's multiple serious medical health conditions and intentionally subjected the plaintiff to multiple reckless acts and conditions which rose to civil rights violations under the VIII Amendment of the United States Constitution relating to "Cruel and Unusual Punishment" in reckless disregard thereof the plaintiff's serious medical health conditions.

35. Plaintiff incorporates paragraphs #8. through paragraphs #34. as set forth at length therein this action and avers the defendant intentionally deprived the plaintiff of his "Liberty Interests" as a direct result thereof his malicious acts and omissions against the plaintiff which intentionally violated his fundamental individual rights to defend

contest and/or challenge the defendant's willful and wanton actual malice
and reckless intentional acts and omissions.

36.  Plaintiff incorporates paragraphs #8. through paragraphs #35. as set
forth herein this action and avers the defendant unlawfully substantially
restricted the plaintiff in restraints and detained him in a "Dry Cell"
for five (5) consecutive days without probable cause and without
affording the plaintiff with a hearing which is a fundamental right and
is a requirement under the ("DOC") policy DC-ADM 802 relating to
(Administrative Custody Procedures) and therefore, the defendant
intentionally circumvented the policy to unlawfully confine the plaintiff
beyond the three (3) days rule pursuant to the policy which the defendant
utilized to detain and confine the plaintiff and therefore the defendant
intentionally failed to comply and to conform therewith the policy
requirements and rules pursuant to the Pennsylvania Department of
Corrections Policy DC-ADM 802 relating to (Administrative Custody) which
the prison's officials must provide the plaintiff or an inmate therewith
a DC-141 report with sufficient notice and afford the plaintiff or the
inmate with the opportunity to respond to the report and the prison
officials and including the defendant is to schedule a hearing for the
plaintiff to be heard which the defendant intentionally failed to
schedule a hearing in order to afford the plaintiff with the ability and
the opportunity to defend challenge and/or dispute the defendant's
actions and the defendant's reasons or justification to confine the
plaintiff in Administrative Custody.

37.  Plaintiff incorporates paragraphs #8. through paragraphs #36. as set
forth at length herein this action and avers the defendant willfully
acted with wanton actual malice and reckless intent caused the plaintiff
to be unlawfully confined and segregated from general population inmates
in a level 5 housing unit when in fact the defendant had NO reason or
justification for his actions due to fact the plaintiff did NOT engage or
commit any acts which would of caused him to be unreasonably disciplined
in such a manner that the defendant subjected him thereto and therefore,
the defendant intentionally failed to comply with the ("DOC") policies
and therefore, substantially deprived the plaintiff of his Due Process of
Law under the XIV Amendment of the United States Constitution and as a
direct result thereof the defendant's acts and omissions he willfully
treated the plaintiff differently therefrom the way he treats other
inmates and therefore his actions substantially violated the plaintiff's
rights under the XIV Amendment under the Equal Protection of Law Clause
of the United States Constitution.

38.  Plaintiff incorporates paragraphs #8. through paragraphs #37. as set
forth at length herein this action and avers that on February 3, 2020 the
defendant willfully acted with wanton actual malice and reckless intent
falsely claimed that he "observed or witnessed the plaintiff "swallow
contraband" while he was watching the cameras in the prison's yard" and
thereafter the defendant willfully acted with wanton actual malice and
reckless intent instructed ordered and/or commanded the defendants named
in the above captioned matter who worked for the SCI-Retreat's security
department under the supervision of the defendant to go to the yard to
find and detain the plaintiff and thereafter handcuff the plaintiff and
escort him to the "body x-ray scanner" to be examined for evidence of the

contraband or any foreign material or objects which the defendant claimed that he observed the plaintiff "swallow" while the plaintiff was in the yard and therefore, the defendant acted with indiscretion.

39. Plaintiff incorporates paragraphs #8. through paragraphs #38. as set forth at length herein this action and avers the defendant was NOT satisfied with the results of the "body x-ray scanner" which failed to detect or present any actual physical evidence that the plaintiff had actually "swallowed" anything which would resemble contraband and therefore, the defendant willfully acted imperative and with wanton actual malice and reckless intent instructed the defendants to escort the plaintiff to G-Block to confine him in a "Dry Cell" after the "body x-ray scanner" results were negative and therefore, the defendant was impassive and had NO probable cause or reasonable suspicion to detain and/or to confine the plaintiff in the "Dry Cell" after the "body x-ray scanner" did NOT present any evidence that the plaintiff "swallowed" anything and therefore there was NO evidence to substantiate the defendant's justification to confine the plaintiff or to conduct a further search of the plaintiff.

40. Plaintiff incorporates paragraphs #8. through paragraphs #39. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent fabricated a DC-141 report against the plaintiff on February 3, 2020 in order to confine the plaintiff in the "Dry Cell" under DC-ADM 802 relating to (Administrative Custody) DC-141 Report No. 788487 and therefore, as a direct result thereof the defendant's acts and omissions he intentionally "Abused his Authority" and intentionally circumvented the policy DC-ADM 802 relating to (Administrative Custody Procedures) to confine and restrain the plaintiff in the "Dry Cell" in excess of the actual time limits and therefore, he intentionally caused the plaintiff to be unlawfully restrained, detained and confined in a "Dry Cell" for five (5) consecutive days against the plaintiff's Liberty and will and the defendant "stripped searched" the plaintiff before detaining him in the "Dry Cell".   (SEE EXHIBIT #13)

a. The defendant had forced the plaintiff to be restrained in a "suicide smock" without any other clothing on and even though the plaintiff did NOT threaten or attempt "suicide" or engaged in any acts which would justify the defendant to restrain the plaintiff in a "suicide smock" and the plaintiff was NOT seen by a Psychologist or a Psychiatrist which would have the authority to perform a psychological or psychiatric evaluation of the plaintiff to be warranted for him to be required to be restrained in a "suicide smock" and therefore, the defendant willfully acted with wanton malice and reckless intent "abused his authority" and the "scope" of his position to restrain the plaintiff in a "suicide smock" and to confined and restrain the plaintiff in the "Dry Cell" after he did NOT have any substantiated facts or evidence to legally cause or justification to restrain the plaintiff in a "suicide smock" and to confine him in the "Dry Cell".

b. The "Dry Cell" did NOT contain running water there was NO sink and NO toilet and in place of the toilet was a "bucket" which the plaintiff had to use as a toilet and;

c.   The defendant recklessly restrained the plaintiff in "handcuffs" for
the duration of the time which he confined the plaintiff in the "Dry
Cell" and the defendant secured the "handcuffs" in a "handcuff bag" which
substantially immobilized the plaintiff's both hands and therefore, he
unable to move or to use his hands for twenty four (24) hours a day for
five (5) consecutive days, but only for when he had to use the "bathroom"
he had to notify or inform the correctional officer or one of the
defendants who was positioned or stationed outside of the "Dry Cell"
observing him and then the correctional officer stationed outside of the
"Dry Cell" had to notify the defendant that the plaintiff had to use the
"bathroom" or the "bucket" and therefore, in order for the plaintiff to
use the "bucket" or the "bathroom" the defendant had to be present when
the plaintiff used the "bathroom" or he had to make a "bowl movement" and
then a correctional officer or one of the defendants had to record the
dates and times like a journal and another correctional officer or a
defendant named herein this action actually recorded the plaintiff using
the "bathroom" or the "bucket" using a video camera and thereafter the
plaintiff was finished using the "bucket" the defendant conducted a
"search" of the plaintiff's "bowl movement" or "feces" for contraband
which according to the "body x-ray scanner" and a search of the
plaintiff's "fecal matter" there was NO existence or evidence of any sort
of alleged contraband or other foreign materials or objects and
therefore, is actual substantial evidence that the defendant
intentionally fabricated the entire incident.

41.   Plaintiff incorporates paragraphs #8. through paragraphs #40. as set
forth at length herein this action and avers the defendant willfully
acted with wanton actual malice and reckless intent falsely claimed that
he "observed the plaintiff "swallow contraband" while the plaintiff was
in the prison's yard" and thereafter recklessly subjected the plaintiff
to "humiliation" as a direct thereof the defendant when he ordered the
defendants named in the above captioned matter to go to the yard and to
detain and handcuff the plaintiff for NO apparent reasons which is
consistent with acting with a "moral turpitude" and instituting a
"Campaign of Harassment" against the plaintiff and thereafter the
defendant instructed the defendants named in the above captioned matter
to escort the plaintiff to the "body x-ray scanner" which did NOT present
evidence that the plaintiff had "swallowed" any contraband or other
foreign material or objects which would of caused the defendant to
institute the actions which he initiated after the "body x-ray scanner"
did NOT detect anything in the plaintiff's system and therefore is
factual evidence that the defendant willfully acted with wanton actual
malice and reckless intent conjured-up the incident due to fact that he
has a "vendetta" against the plaintiff and every time he attempted to
charge the plaintiff with contraband or other misconduct he failed his
mission and in this incident he became infuriated because the results
were NOT in his favor and therefore, he wanted to be imperative and
impress his subordinates and therefore he recklessly acted iniquitous and
therefore acted dissatisfied with the "body x-ray scanner" results and
thereafter willfully acted relentless to find something on the plaintiff
because he felt he was being defeated at his own game.

42.   Plaintiff incorporates paragraphs #8. through paragraphs #41. as set
forth at length herein this action and avers the defendant was wholly

aware that he was NOT going to be disciplined for his reckless actions
against the plaintiff and he knew that he was acting or performing his
official duties outside of the "scope" of his official duties and
therefore, willfully acted with wanton evil malice and reckless intent
imposed and subjected the plaintiff to imperil conditions due to fact
that the plaintiff is a Type 2 Diabetic and has several mental health
issues and walks with a cane, but that did NOT stop the defendant from
recklessly engaging in and committing the reckless actions against the
plaintiff knowingly that he intentionally conjured-up and devised the
entire scheme and plot with hopes that the plaintiff had "swallowed"
contraband or had contraband on his person and thereafter his devised
plan failed he instructed ordered and/or commanded the defendants named
in the above captioned matter to go to the plaintiff's cell to conduct a
"cell search" and to retrieve or "steal" the plaintiff's property (i.e.
new sneakers and a lamp) which the plaintiff avers is missing since the
incident and when he transferred to SCI-Mahanoy and therefore, claims
that the defendant intentionally confiscated the items in retaliation
because the defendant could NOT get a chance to file disciplinary charges
against the plaintiff for contraband which he has been attempting to
fulfill for the entire time the plaintiff was at SCI-Retreat.

43.  Plaintiff incorporates paragraphs #8. through paragraphs #42. as set
forth at length herein this action and avers as a direct result thereof
the defendant's willful and wanton actual malice and reckless intentional
actions subjected the plaintiff to be severely injured which he suffered
severe injuries to his wrists as a proximate result of the "handcuff's"
being very tight and restrained in the "handcuff bag" and he suffered
injuries to his knees while he was being recklessly confined and
restrained in the "Dry Cell" for twenty four (24) hours a day for five
(5) consecutive days and on the third day the medical department had to
be called as a direct result thereof the severity of the injuries he
sustained as a result of the "handcuffs" being very tight and therefore,
the prison's Medical Doctor, Stanley Stanish had to treat him for the
injuries and instructed the defendant to remove the "handcuffs" from the
plaintiff for a day due to fact the plaintiff's wrists were bleeding as a
direct result of being very tight on his wrists and therefore, plaintiff
avers that the medical department had taken pictures of his injuries.

44.  Plaintiff incorporates paragraphs #8. through paragraphs #43. as set
forth at length herein this action and avers the defendant's willful and
wanton actual malice and reckless intentional actions was consistent with
"Torture" due to fact the defendant restrained the plaintiff in
"handcuffs" and secured the "handcuffs in a handcuff bag" which
substantially immobilized the plaintiff's ability to access his hands and
to use his hands for anything and confined the plaintiff in a "Dry Cell"
and forced to wear a "suicide smock" thereafter the he did NOT consume or
conceal any contraband on himself and the "body x-ray scanner" proved
that there was NO foreign substance or objects which would be consistent
with contraband in the plaintiff's system and therefore, he should of
been released from the defendants custody, but instead the defendant
wantonly acted with reckless intent and continued to attempt to allege or
accuse the plaintiff of wrongdoing when in fact the defendant willfully
acted with wanton actual malice and reckless intent committed misconduct
and wrongdoing which he intentionally "abused his official duties" his

"authority" and the "scope" of his official office and the official duties thereof and as a direct result thereof his willful and wanton malicious acts and omissions against the plaintiff he intentionally violated the state employees and correctional officers Code of Ethics under the ("DOC") Professional Standards and the Code of Ethics under Rules B#1 and B#8 which the Rule states that the defendants actions will NOT be tolerated under any circumstances, but due to the plaintiff's experience in the ("DOC") the ("DOC") chief officials do NOT discipline it's state and non-state employees nor does the Pennsylvania Attorney Generals Office conduct any inquiry or investigation into ("DOC") state and non-state employees willful and wanton malicious acts and omissions and violations of individuals or inmate's fundamental individual civil rights and therefore the ("DOC") only condones the employees willful and wanton misconduct and unlawful and illegal acts and omissions on paper and do NOT actually conduct disciplinary proceedings or actions against its employees from wrongdoing and misconduct while performing the duties.

**45.** Plaintiff incorporates paragraphs #8. through paragraphs #44. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent engaged in the acts and omissions against him and as a direct result thereof the acts and omissions the defendant violated his protected Liberty Interest which is derived from state law and under the United States and Pennsylvania's Constitutions which the plaintiff is supposed to be FREE from Physical and Verbal Abuse and to be FREE from Unlawful Restraint and FREE from being Unlawfully Segregated from general population, but NOT in Pennsylvania's State Correctional Institutions.

**46.** Plaintiff incorporates paragraphs #8. through paragraphs #45. as set forth at length herein this action and avers that he feared for his life after the defendant restrained him in the "Dry Cell" and therefore, he believed that the defendant intentionally used his official duties with intent to inflict serious risks of harm and serious bodily injuries to him and avers that the way the defendant acted towards him the defendant if he could of gotten away with committing further serious injuries to the plaintiff he would of and the plaintiff avers that when he was transferred to SCI-Mahanoy the incident was concealed covered-up from the prison authorities at SCI-Mahanoy which the staff acted as if the incident did NOT exist or occur because normally when an inmate is confined in the (RHU Restricted Housing Unit and/or is under Administrative Custody and is transferred to another institution the inmate continues to be confined in that status in the next prison until after the inmate has a hearing with (PRC) Program Review Committee which will decide whether the inmate is to be released from confinement or the custody level or if the inmate has to continue with the confinement in the same status until another hearing or until the time is served which the plaintiff was placed in general population without questions the prison officials did NOT have any documentation on the incident and therefore, the defendant concealed his reckless actions prior to the plaintiff being transferred and therefore, the defendant knew his actions were unlawful and concealed his unlawful actions before another institution was able to review the incident.

**47.** As a direct result thereof the defendant, James Eustice willful and

wanton actual malice and reckless intentional acts and omissions which he intentionally deprived the plaintiff of his fundamental individual rights under the I, IV, VIII and the XIV amendments of the United States Constitution and violated the plaintiff's rights under the (ADA) Americans with Disabilities Act to engage in and to commit the series of "Campaign of Harassment" and acts of "Torture" or "Terrorism" acts of "Retaliation" and committed a slue of unlawful acts and omissions against the plaintiff without legal cause or justification and therefore, the defendant committed the reckless and malicious acts against the plaintiff for his own enjoyment, pleasure and/or amusement and possibly to amuse himself which he willfully acted with wanton actual malice and reckless intent disregarded the plaintiff's actual serious medical needs and medical conditions when he engaged in and committed the malicious and reckless acts which he intentionally subjected the plaintiff to be imminently inflicted with serious risks of harm and his reckless acts and omissions intentionally inflicted, imposed and caused the plaintiff to be injured and to suffer therefrom severe serious physical injuries to his wrists and to his knees as a direct result thereof the defendant's reckless actions and his reckless actions caused the plaintiff to suffer therefrom emotional injuries and anguish, emotional distress, sleep deprivation, humiliation, has post traumatic stress disorder and including pain and suffering.

48. Plaintiff is seeking relief against the defendant in the his official and individual capacity for intentional aggravated injuries, punitive damages, exemplary damages, compensatory damages in the monetary amount in excess of the arbitrary limits per law and a minimum of Two Hundred Thousand ($200,000.00) dollars plus all court costs and attorney fees and any other relief that this Honorable, Court deems appropriate and just.

WHEREFORE, plaintiff prays this Honorable, Court grants this action and judgment in his favor and for the damages against the defendant in the above captioned matter and including attorney fees and any other relief this Honorable, Court deems appropriate and just.

<div align="center">

David Burgos v. C.O. Lt. WOODS

CAMPAIGN OF HARASSMENT

UNLAWFUL SEGREGATION AND RESTRAINT IN CONFINEMENT

UNNECESSARY AND WANTON INTENTIONAL INFLICTION OF PAIN

DEPRIVED OF BASIC HUMAN NEEDS AND NECESSITIES

EXPOSED TO RISKS OF SERIOUS HARM

CONFINED IN INHUMANE CONDITIONS

DELIBERATE INDIFFERENCE

CAMPAIGN OF RETALIATION

</div>

CRUEL AND UNUSUAL PUNISHMENT

THEFT AND DESTRUCTION OF PERSONAL PROPERTY

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

VIOLATIONS OF DUE PROCESS OF LAW AND PROCEDURAL DUE PROCESS OF LAW

VIOLATIONS OF EQUAL PROTECTION OF LAW

49. Defendant, C.O. Lt. Woods, is a state employee who is presently employed by the Pennsylvania Department of Corrections as a Lieutenant of the Security Department at SCI-Retreat and was working on the dates which the plaintiff was "targeted" by the defendant, James Eustice who was the captain of security and therefore defendant is second in command of the security department.

50. Plaintiff incorporates paragraphs #8. through paragraphs #49. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent acted obedient and was obsequious with the defendant, James Eustice to orchestrate and institute the malicious "Campaign of Harassment" actions against the plaintiff and the defendant was in charge of the defendants named in the above captioned matter when the defendant, James Eustice was NOT available present and therefore, the defendant acted imperative when he was in presence of the plaintiff and he acted with wanton malice and reckless intent instructed ordered and/or commanded the defendants named in the above captioned matter to act to engage in the malicious and reckless actions against the plaintiff as claimed herein this complaint.

51. Plaintiff incorporates paragraphs #8. through paragraphs #50. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent acted with an "Evil Vendetta" against the plaintiff and caused or instructed the defendants named in the above captioned matter to engage in the malicious acts as stated herein this action subsequently thereafter the plaintiff was transferred to the prison which the defendants instituted the constant and repeated "Campaign of Harassment" against the plaintiff which the plaintiff claims that the malicious acts are carried over from the previous prison and its security department which he was transferred therefrom to SCI-Retreat and therefore he claims the security departments are acting in complicity with each other acting with a continuous vendetta against the plaintiff without legal justification.

52. Plaintiff incorporates paragraphs #8. through paragraphs #51. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent instructed and assisted with the defendants named in the above captioned matter to randomly search the plaintiff's cell for contraband and advised the defendants that if they found any contraband and if it did NOT belong to the plaintiff they were instructed to intentionally claim that the contraband found belonged to the plaintiff and confiscate the items and issue him a confiscation slip and a misconduct and therefore at NO time

did the defendants actually find contraband that directly belonged to the plaintiff.

53. Plaintiff incorporates paragraphs #8. through paragraphs #52. as set forth at length herein this action and avers the defendant willfully engaged in nonfeasance and misfeasance while performing his official duties under the "Color of State Law" he willfully acted with wanton actual malice and reckless intent instituted multiple malicious schemes and plots against the plaintiff and thereafter instructed ordered and/or commanded the defendants named in the above captioned matter to act and to perform the intrigued and malevolent reckless actions against the plaintiff which was consistent with a "Campaign of Harassment" and "Retaliation" against the plaintiff.

54. Plaintiff incorporates paragraphs #8. through paragraphs #53. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent acted in complicity and collaboration with the defendant, James Eustice which both defendants intentionally engaged in relentless and malicious acts against the plaintiff acting in reckless disregard thereof the risks of harm which they subjected and/or imposed thereto or against the plaintiff knowingly that they're actions were unlawful and were likely to cause imminent risks of harm and injuries to the plaintiff and acting with reckless disregard thereof the plaintiff's health and safety and in deliberate indifference thereto the plaintiff's actual serious medical needs and medical conditions while the defendants willfully instituted and acted out malicious and unlawful controllable actions against the plaintiff on a daily basis.

55. Plaintiff incorporates paragraphs #8. through paragraphs #54. as set forth at length herein this action and avers the defendant conspired with the defendants named in the above captioned matter who willfully acted with wanton actual malice and reckless intent manipulated the plaintiff and singled out the plaintiff acted with prejudice against the plaintiff and maliciously targeted the plaintiff created false accusations and/or allegations against the plaintiff on a daily basis to carry out malicious actions against him including falsely claiming that he was observed swallowing contraband on several occasions solely to have an excuse to search the plaintiff's cell and/or to confine and restrain the plaintiff in a "Dry Cell" and handcuff and shackled him for twenty four (24) hours a day for five (5) consecutive days restrained in a suicide smock and the "Dry Cell" had NO running water No toilet and the Lights stayed on twenty four seven (24/7) and therefore, the defendants named in this action intentionally "tormented" the plaintiff from June 21, 2018 until February 13, 2020 and thereafter the defendants claimed that they observed the plaintiff swallow contraband which was NOT detected on the "body x-ray scanner" or through a search anytime thereafter the defendant willfully failed to comply with the DOC policy DC-ADM 802 relating to (Administrative Custody Procedures) which states the plaintiff is to be afforded with a hearing to challenge contest and defend the defendants actions.

56. Plaintiff incorporates paragraphs #8. through paragraphs #55. as set forth at length herein this action and avers the defendant willfully

acted with wanton actual malice and reckless intent inflicted the plaintiff with unlawful restraint maliciously caused the plaintiff to be unlawfully confined in the (RHU) Restricted Housing Unit multiple times for fabricated misconducts which the defendant recklessly claimed the plaintiff had contraband and claimed the plaintiff had gang related materials and/or gang related items when in fact there was NO real gang related materials and/or items found at all in the plaintiff's cell or in his possession, but yet the defendant had the prison's hearing examiner charge the plaintiff with contraband items and confined him in disciplinary custody.

57. Plaintiff incorporates paragraphs #8. through paragraphs #56. as set forth at length herein this action and avers the defendant was directly involved in the unlawful confinement and restraint with the plaintiff when he was confined in the "Dry Cell" for five (5) consecutive days without water, without being able to eat hot meals he was only furnished with a brown bag meal which only contained a cold sandwich he was NOT furnished with any water to drink and he is a type 2 diabetic and therefore, the defendant recklessly acted with disregard thereof the plaintiff's health and safety for five (5) consecutive days.

58. Plaintiff incorporates paragraghs #8. through paragraphs #57. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent maliciously attempted to harass the plaintiff and to intimidate the plaintiff, but when all his attempts failed he tried to solicit other inmates to assist him with the harassment he had inmates who were supposed to set-up the plaintiff for drugs, cigarettes and commissary items and he called the plaintiff to the security office multiple times to verbally harass the plaintiff with verbal abuse and racial remarks due to the plaintiff being spanish.

59. Plaintiff incorporates paragraphs #8 through paragraphs #58. as set forth at length herein this action and aver the defendant willfully acted with wanton actual malice and reckless intent fabricated DC-ADM 802 Report No. D 067982 on February 7, 2020 as soon as he was released from being unlawfully restrained and confined in the "Dry Cell" and now was confined in the (RHU) pending on going investigation when there was NO justification to detain and/or to confine the plaintiff.

60. Plaintiff incorporates paragraphs #8. through paragraphs #59. as set forth at length herein this action and avers that multiple inmates had advised him that the defendant attempted to bribe other inmates with drugs and cigarettes to set-up the plaintiff because the defendant failed to ever catch the plaintiff with anything in his possession which is considered contraband and therefore he attempted to use the extreme necessary means to get the plaintiff which is consistent with having a "vendetta" against the plaintiff.

61. Plaintiff incorporates paragraphs #8. through paragraphs #60. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent engaged in the acts and omission against the him and as a direct result thereof the defendants acts and omissions he intentionally violated the plaintiff's protected Liberty Interest which is derived from state law and under the

United States and Pennsylvania's Constitutions which state the plaintiff is to be FREE from Physical and Verbal Abuse and to be FREE from Unlawful Restraint and FREE from being Unlawfully Segregated from general population, but as he proves his Liberty Interests is void in Pennsylvania's Correctional Institutions.

62. Plaintiff incorporates paragraphs #8. through paragraphs #61. as set forth at length herein this actions and avers the defendants actions caused him to suffer from severe bodily injuries he suffered from bleeding wrists as a result of the defendant placing the handcuffs on him very tight and securing the handcuffs in a handcuff bag which immobilized the plaintiff from the use of his hands and therefore as a result of the defendants acts and omissions caused the plaintiff to fear for his life while being restrained in the "Dry Cell" and therefore, he believed that the defendants used they're official duties with intent to cause or to inflict serious risks of harm and serious bodily injuries to him because of the way the defendants acted during the time the defendants could NOT find anything on the plaintiff and therefore, the defendants were extremely outraged that they could NOT find any contraband on the plaintiff and they were trying very hard to find the plaintiff with contraband.

63. As a direct result thereof the defendant, C.O. Lt. Woods willful and wanton actual malice and reckless intentional acts and omissions which he intentionally deprived the plaintiff of his fundamental individual rights under the I, IV, VIII and the XIV Amendments of the United States Constitution and violated the plaintiff's rights under the (ADA) Americans with Disabilities Act to engage in and to commit the series of "Campaign and Harassment" and acts of "Torture" and acted with a "vendetta" against the plaintiff as "Retaliation" against the plaintiff for filing grievances against the defendants and thereafter the defendants committed a slue of unlawful acts and omissions against the plaintiff due to fact that he always came out on top because the defendants attempted so hard to find contraband on the plaintiff and failed and therefore, the defendants engaged in unlawful acts and omissions against the plaintiff and restrained him in unlawful confinement without cause or justification which ended up being for they're own enjoyment, pleasure and/or entertainment and to amuse the defendants subordinates because after all the attempts to catch the plaintiff with contraband they're efforts were disappointing and the plaintiff walked off laughing because the defendants tried very hard and without success and in all they're unlawful attempts they actually caused serious risks of harm and injury to the plaintiff.

64. As a proximate result thereof the defendants acts and omissions the defendant caused the plaintiff to suffer therefrom emotional injuries and anguish, emotional distress, sleep deprivation, humiliation, has post traumatic distress disorder and including pain and suffering, but not limited thereto.

65. Plaintiff is seeking relief against the defendant in this official and individual capacities for intentional aggravated injuries, punitive damages, exemplary damages, compensatory damages in the monetary amount in excess of the arbitrary limits per law and a minimum of Two Hundred

Thousand ($200,000.00) Dollars plus all court costs and attorney fees and any other relief that this Honorable, Court deems appropriate and just.

WHEREFORE plaintiff prays this Honorable, Court grants this action and judgment in his favor for the relief in damages against the defendant named in the above captioned matter and including court costs and attorney fees and any other relief which this Honorable, Court deems appropriate and just.

### David Burgos v. C.O. Mr. Ross

#### CAMPAIGN OF HARASSMENT

#### UNLAWFUL SEGREGATION AND RESTRAINT IN CONFINEMENT

#### UNNECESSARY AND WANTON INFLICTION OF PAIN

#### DEPRIVED OF BASIC HUMAN NEEDS AND NECESSITIES

#### EXPOSED TO RISKS OF SERIOUS HARM

#### CONFINED IN INHUMANE CONDITIONS

#### DELIBERATE INDIFFERENCE

#### CAMPAIGN OF RETALIATION

#### CRUEL AND UNUSUAL PUNISHMENT

#### THEFT AND DESTRUCTION OF PERSONAL PROPERTY

#### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

#### VIOLATIONS OF DUE PROCESS OF LAW AND PROCEDURAL DUE PROCESS OF LAW

#### VIOLATIONS OF EQUAL PROTECTION OF LAW

66. Defendant, C.O. Mr. Ross, is a state employee who is presently employed by the Pennsylvania Department of Corrections as a Correctional Office I at SCI-Retreat and was working on the dates which the plaintiff was "targeted" by the defendants named in the above captioned matter by instructions orders and/or commands by the defendants, James Eustice and C.O. Lt. Woods who willfully acted with wanton actual malice and reckless intent instituted the "Campaign of Harassment" against the plaintiff.

67. Plaintiff incorporates paragraphs #8. through paragraphs #66. as set forth at length herein this action and avers the defendant worked in the SCI-Retreat's prison's security department under the supervision of the defendants, James Eustice and C.O. Lt. Woods who willfully acted with wanton actual malice and reckless intent instructed ordered and/or commanded the defendant to act to engage in and to assist the other

defendants named in the above captioned matter to commit the acts against the plaintiff which is claimed herein this action.

68.   Plaintiff incorporates paragraphs #8. through paragraphs #67. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent continuously verbally harassed and verbally abused the plaintiff on a daily basis every time the plaintiff happens to be in the same area as the defendant causing the plaintiff to be humiliated in front of other inmates which the defendant was attempting to cause a conflict between the plaintiff and other inmates.

69.   Plaintiff incorporates paragraphs #8. through paragraphs #68. as set forth at length herein this action and avers the defendant was one of the defendants who always searched the plaintiff's cell and who intentionally confiscated the plaintiff's property without cause or with reason and which the ("DOC") policy states that the plaintiff is permitted to have the items which were confiscated and was permitted to have in his possession and in his property.

70.   Plaintiff incorporates paragraphs #8. through paragraphs #69. as set forth at length herein this action and avers the defendant's acts and omissions is evidence and is consistent that the defendant willfully acted with wanton actual malice and reckless intent had an "Evil Vendetta" against the plaintiff and that he intentionally acted in complicity and in collaboration with the defendants named in the above captioned matter to harass and commit malicious acts against the plaintiff.

71.   Plaintiff incorporates paragraphs #8. through paragraphs #70 as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent maliciously threatened the plaintiff to restrain and to confine him in the RHU when the defendant did not have any reasonable cause or justification to restrain and/or to confine the plaintiff which is consistent with intimidation and harassment and thereafter the defendant's actions against the plaintiff failed he recklessly attempted to solicit other inmates to set-up the plaintiff and offered the inmates he attempted to solicit drugs and cigarettes to assist him.

72.   Plaintiff incorporates paragraphs #8. through paragraphs #71. as set forth at length herein this action and avers the defendant was directly involved in the unlawful restraint and detention or confinement of the plaintiff on February 3, 2020 when the defendants confined and restrained the plaintiff in a "Dry Cell" which the defendant escorted the plaintiff to the "Dry Cell" after the "body x-ray scanner" did not present any evidence that the plaintiff had actually "swallowed" anything and while the defendant escorted the plaintiff to the "Dry Cell" the defendant continuously harassed the plaintiff stating "he was going to hell".

73.   Plaintiff incorporates paragraphs #8. through paragraphs #72. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent assisted the other defendants named in the above captioned matter to impose and/or to

subject the plaintiff to serious risks of harm which his actions were consistent with acting with an "evil vendetta" against the plaintiff and the defendant joked about the plaintiff being harassed and he actually encouraged the other defendants named in the above captioned matter to maliciously commit additional acts against the plaintiff and in the process thereof committing such cruel and illicit acts and omissions against the plaintiff rose to a constitutional violation and intentionally deprived the plaintiff of his protected Liberty Interests which is derived from state law and under the United States and Pennsylvania's Constitutions which states the "plaintiff is to be FREE from Physical and Verbal Abuse and to be FREE from Unlawful Restraint and FREE from being Unlawfully Segregated from General Population inmates", but as the plaintiff claims in this action and avers that his claims are supported by evidence which proves the defendant's willful and wanton malicious acts and omissions against the plaintiff proves that while being confined in the Pennsylvania Department of Corrections in state custody the plaintiff's protected Liberty Interest and his individual fundamental civil rights are intentionally deprived and are violated by the Pennsylvania Department of Corrections state and non-state employees and by the defendants who willfully acted with wanton actual malice and reckless disregard thereof the plaintiff's rights and confined him in a "Dry Cell" after harassing him for approximately one (1) year and eight (8) months while he was confined in prison at SCI-Retreat.

74. Plaintiff incorporates paragraphs #8 through paragraphs #73. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent assisted the defendants named in the above captioned matter to impose the plaintiff to "cruel and unusual punishment" and as a direct result thereof the defendants acts and omissions he willfully caused the plaintiff to suffer from being illegally detained and confined in a suicide smock body restraint and confined against his will and liberty in a "Dry Cell" for five (5) consecutive days which the defendants acts and omissions recklessly imposed the plaintiff to suffer therefrom severe injuries (i.e. bleeding wrists and bruised knees) as a direct result thereof the defendants named in the above captioned matter who intentionally confined the plaintiff in a "Dry Cell" and acted with wanton reckless intent excessively over tightened the handcuffs and refrained or secured the handcuffs in a handcuff bag which substantially refrained and immobilized the plaintiff from using his hands and as a direct result thereof the defendant's malicious acts and omissions caused the plaintiff to fear for his life while the defendants confined and detained him in bodily restraint in a "Dry Cell" after the defendants had no cause to confine the plaintiff.

75. Plaintiff incorporates paragraphs #8. through paragraphs #74. as set forth at length herein this action and avers the defendants recklessly handcuffed and shackled the plaintiff and placed him in a suicide smock without any other clothing on and confined in a "Dry Cell" which had NO running water, NO sink and NO toilet and the lights remained on twenty four (24) hours a day and the plaintiff's actions were being recorded by the cameras in the cell and by the defendants which is consistent with "Cruel and Unusual Punishment" and the defendant's acts and omissions is consistent with "Torture" due to fact the plaintiff did NOT commit any

acts which would cause the defendant to restrain and confine the plaintiff in a "Dry Cell" for five (5) consecutive days without water, a sink, or a toilet and recklessly restrained him in handcuffs, shackles and forced to wear a suicide smock after the the defendants had no legal justification reason or cause to confine the plaintiff and subject him to "torture" and intentionally failed to comply with the ("DOC") policy and in reckless disregard thereof the ("DOC") Policy which is evidence that the defendant and the other defendants named in the above captioned matter intentionally created an "evil vendetta" against the plaintiff and were determined to "get the plaintiff" at any costs and as a result thereof the defendants reckless acts and omissions against the plaintiff he believed that the defendants were a serious threat to his health, well-being and his life and that he was in serious risk of harm.

76. The defendants willfully acted with wanton actual malice and reckless intent abused the official duties of the official office and the "scope" of the official office solely to accuse the plaintiff of engaging in and committing an act with would result in a misconduct so the defendants could actually write the plaintiff up for committing an offense which would result in a misconduct and as a direct result thereof the defendants actions intentionally inflicted the plaintiff to substantial serious risks of harm which the defendant's acts and omissions caused and/or inflicted the plaintiff to suffer from serious bodily injuries thereafter the defendants failed to substantiate the reason for the actions and failed to produce evidence to substantiate the defendants actions against the plaintiff due to fact the defendants did not find any contraband what-so-ever on the plaintiff or in his possession.

77. As a direct result thereof the defendant, C.O. Mr. Ross willful and wanton actual malice and reckless intentional acts and omissions against the plaintiff while the plaintiff was being detained in the defendant's custody and during the time the defendants had custody of the plaintiff which they intentionally deprived the plaintiff of his Liberty Interests his individual fundamental rights under the I, IV, VIII and the XIV Amendments of the United States Constitution and the defendants recklessly violated the plaintiff's rights under the (ADA) Americans with Disabilities Act to engage in the wanton reckless malicious actions against the plaintiff with repeated series of "Campaigns of Harassment" which the the defendants actions are consistent with "Torture" against the plaintiff and the defendants willfully acted with a vicious "vendetta" against the plaintiff as "Retaliation" for filing grievances and as a result thereof the failing to find contraband on the plaintiff.

78. As a direct result thereof the defendants acts and omissions the defendant caused the plaintiff to suffer therefrom serious injuries from the handcuffs being extremely tight on his wrists and being restrained in the handcuffs for five (5) consecutive days which caused cuts and bruises on his wrists and he suffered from bruises on his knees and cuts and bruises on his ankles from being restrained in shackles on his ankles for five (5) consecutive days and as a result thereof he suffered emotional injuries and anguish, emotional distress, sleep deprivation, humiliation, the confinement in restraint caused the plaintiff to suffer from post traumatic distress disorder and including pain and suffering, but not

limited thereto.

79. Plaintiff is seeking relief against the defendant in his official and individual capacities for intentional aggravated assault, injuries in punitive damages, exemplary damages, compensatory damages in the monetary amount in excess of the arbitrary limits per law and a minimum of Two Hundred Thousand ($200.000,00.) Dollars plus court costs, attorney fees and any other relief this Honorable, Court deems appropriate and just.

WHEREFORE, plaintiff prays this Honorable, Court grants this action and judgment in this favor for the relief in damages against the defendants named in the above captioned matter and including court costs attorneys fees and any other relief which this Honorable, Court deems appropriate and just.

### David Burgos v. C.O. Mr. Wojerechowski

#### CAMPAIGN OF HARASSMENT

#### UNLAWFUL SEGREGATION AND RESTRAINT IN CONFINEMENT

#### UNNECESSARY AND WANTON INFLICTION OF PAIN

#### DEPRIVED OF BASIC HUMAN NEEDS AND NECESSITIES

#### EXPOSED TO RISKS OF SERIOUS HARM

#### CONFINED IN INHUMANE CONDITIONS

#### DELIBERATE INDIFFERENCE

#### CAMPAIGN OF RETAALIATION

#### CRUEL AND UNUSUAL PUNISHMENT

#### THEFT AND DESTRUCTION OF PERSONAL PRORPETY

#### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

#### VIOLATIONS OF DUE PROCESS OF LAW AND PROCEDURAL DUE PROCESS OF LAW

#### VIOLATIONS OF EQUAL PROTECTION OF LAW

80. Defendant, C.O. Mr. Wojerechowski, is a state employee who is presently employed by the Pennsylvania Department of Corrections as a Correctional Officer I at SCI-Retreat and was working on the dates which the defendants named in the above captioned matter "targeted" the plaintiff by instructions orders and/or commands by the defendants, James Eustice and C.O. Lt. Woods who willfully acted with wanton actual malice and reckless intent instituted the "Campaign of Harassment" against the plaintiff.

81.   Plaintiff incorporates paragraphs #8. through paragraphs #80. as set forth at length herein this action and avers the defendant worked in the SCI-Retreat's prison's security department under the supervision of the defendants, James Eustice and C.O. Lt. Woods who willfully acted with wanton actual malice and reckless intent instructed ordered and/or commanded the defendant and the defendants named in the above captioned matter to act to assist the defendants named in the above captioned matter to engage in and to commit the malicious acts against the plaintiff which is claimed herein this action.

82.   Plaintiff incorporates paragraphs #8. through paragraphs #81. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent repeatedly verbally harassed and verbally abused the plaintiff on a daily basis every time the plaintiff happened to be in the same place or area as the defendant which the defendant advised the plaintiff that he was going to get the plaintiff and detain the plaintiff in the "RHU" and stated to the plaintiff that he was a "piece of shit" and that "he was going to hell" in front of other inmates which caused the plaintiff to be humiliated in front of other inmates which the defendant was attempting to cause the other inmates to respond thereto the defendant's acts and omissions against the plaintiff.

83.   Plaintiff incorporates paragraphs #8. through paragraphs #82. as set froth at length herein this action and avers the defendant was one of the defendants named in the above captioned matter which randomly searched the plaintiff's cell without probable cause or with reason thereto and acted with wanton malice and reckless intent unlawfully taken the plaintiff's property which he was permitted to have in his possession pursuant to the ("DOC") policy and the items the defendants had taken from the plaintiff which he purchased from the prison's commissary and thereafter the defendant or the defendants took the property they gave the plaintiff's property (i.e. goose neck lamp) to another inmate.

84.   Plaintiff incorporates paragraphs #8. through paragraphs #83. as set forth at length herein this action and avers the defendant's acts and omissions is evidence which is consistent thereof that the defendant willfully acted with wanton actual malice and reckless intent had a "Vicious Evil Vendetta" against the plaintiff and the defendants acts and omissions is evidence that the defendant willfully acted in complicity and in collaboration with the other defendants named in the above captioned matter to maliciously "Harass" the plaintiff.

85.   Plaintiff incorporates paragraphs #8. through paragraphs #84. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent maliciously threatened the plaintiff to restrain and to detain and/or confine him in the "RHU" without the defendant having any reasonable cause or justification to restrain and/or to detain or to confine the plaintiff which is consistent with malicious intimidation and harassment against the plaintiff and thereafter the defendant's acts and omissions against the plaintiff because the defendants failed to produce evidence that the plaintiff engaged in or committed acts which would result in a misconduct and thereafter the defendants willfully acted with wanton actual malice

and reckless intent solicited other inmates to set-up the plaintiff and offered the inmates which he attempted to solicit illicit controlled drugs or substances which the defendants James Eustice and C.O. Lt. Woods confiscated from other inmates and therefore also offered cigarettes to the inmates if they would assist the defendants to set-up the plaintiff.

86. Plaintiff incorporates paragraphs #8. through paragraphs #85. as set forth at length herein this action and avers the defendant was directly involved in with the unlawful restraint and detention or confinement of the plaintiff on February 3, 2020 when the defendants willfully acted with wanton actual malice and reckless intent restrained and confined the plaintiff in a "Dry Cell" for five (5) consecutive days which the defendant escorted the plaintiff to the "Dry Cell" after the defendants had the plaintiff be searched by the "body x-ray scanner" and while escorting the plaintiff to the "Dry Cell" the defendant "verbally harassed and verbally abused" the plaintiff all the way to the "Dry Cell" the defendant stated to the plaintiff "he was going to hell" and advised the plaintiff that he was going to "torture" him.

87. Plaintiff incorporates paragraphs #8. through paragraphs #86. as set forth at length herein this actions and avers the defendant willfully acted with wanton actual malice and reckless intent assisted the other defendants which are named in the above captioned matter to impose or to subject the plaintiff to serious risks of harm which his actions were consistent with acting with an "Evil Vendetta" against the plaintiff and the defendant joked about the defendants harassing the plaintiff and the defendant actually encouraged the defendants named in the above captioned matter to maliciously engage in and to commit additional malicious acts against the plaintiff and in the process thereof committing such "cruel and unusual" illicit acts against the plaintiff rose to a constitutional violation and the defendants intentionally deprived the plaintiff of his protected liberty interests which is derived from state law and under the United States and Pennsylvania's Constitutions which states the "plaintiff is to be FREE from Physical and Verbal Abuse and to be FREE from Unlawful Restraint and FREE from being Unlawfully Segregated from General Population inmates" which the plaintiff claims in this action and avers that his claims are supported by evidence which proves that the defendants willful and wanton malicious acts and omissions committed against the plaintiff proves that while the plaintiff is being confined in the Pennsylvania Department of Corrections in state custody his protected Liberty Interests and his individual fundamental civil rights are intentionally and maliciously are deprived thereof and are violated by the Pennsylvania Department of Corrections state and non-state employees and including the defendants named in the above captioned matter who willfully acted with wanton actual malice and reckless intent disregarded the plaintiff's rights and confined him in a "Dry Cell" and "tortured" him after harassing him for approximately one (1) year and eight (8) months while the plaintiff was confined in prison at SCI-Retreat.

88. Plaintiff incorporates paragraphs #8. through paragraphs #87. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent assisted the defendants named in the above captioned matter to recklessly impose the

plaintiff to "Cruel and Unusual Punishment" and as a direct result thereof the defendants acts and omissions which intentionally caused the plaintiff to suffer therefrom being illegally detained and confined in a suicide smock body restraint and confined against his will and liberty in a "Dry Cell" for five (5) consecutive days without the legal right to defend or challenge the defendants actions and which the defendants acts and omissions recklessly imposed the plaintiff to suffer therefrom severe bodily injuries (i.e. cut and bleeding wrists cut and bruised knees and cut and bruised ankles) as a direct result therefrom the defendants restraining him in handcuffs and shackles while he was confined in a "Dry Cell" by the defendants who willfully acted with wanton actual malice and reckless intent excessively secured and/or tightened the handcuffs on the plaintiff and secured the handcuffs in a handcuff bag which was strapped to the plaintiff's waist which substantially refrained and immobilized the plaintiff form the use of his hands and as a direct result thereof the defendants acts and omissions caused the plaintiff to fear for his life while the defendants unlawfully restrained, confined and detained the plaintiff in the "Dry Cell" after the defendants had no cause or reason to restrain and/or to confine the plaintiff.

89.   Plaintiff incorporates paragraphs #8. through paragraphs #88. as set forth at length herein this action and avers the defendant recklessly handcuffed and shackled the plaintiff and placed him in a suicide smock without any other clothing on and was confined in a "Dry Cell" which had NO running water, NO sink and NO toilet and the lights remained on twenty four (24) hours a day and the plaintiff's actions were being recorded by cameras in the cell and by the defendants which is consistent with "Cruel and Unusual Punishment" "Torture" and the defendants acts and omissions violated the plaintiff's rights due to fact the plaintiff did not commit any acts which was cause the defendants to restrain and to confine the plaintiff in a "Dry Cell" for five (5) consecutive days without water, a sink or a toilet and recklessly restrained him in handcuffs, shackles and forced to wear a suicide smock after the defendants had no legal justification or reason or cause to confine the plaintiff and to subject him to "Torture" which the defendants intentionally failed to comply with the ("DOC") policy and acted in reckless disregard thereof the ("DOC") policies which is evidence that the defendant collaborated with the other defendants which are named in the above captioned matter who willfully acted with wanton actual malice and reckless intent created an "Evil Vedetta" against the plaintiff and were determined to "get the plaintiff" at any costs and as a direct result thereof the defendant's reckless acts and omissions against the plaintiff he believed that the defendants were a serious threat to his health, well-being and his life and that he was in serious risks of harm from the defendants.

90.   The defendants willfully acted with wanton actual malice and reckless intent abused the "scope" of the official duties of the official office and the official office solely to accuse the plaintiff of engaging in and/or committing an act which would result in the defendants issuing the plaintiff with a misconduct so the defendants could actually write the plaintiff up for committing an offense which would result in a misconduct and as a direct result thereof the defendants actions intentionally inflicted the plaintiff to suffer from substantial serious risks of harm which the defendant's acts and omissions caused and/or

inflicted the plaintiff to suffer therefrom serious bodily injuries thereafter the defendants failed to substantiate a reason for the defendants actions which were committed against the plaintiff which was due to fact the defendants did not find any contraband what-so-ever on the plaintiff or in his possession, but yet willfully acted with wanton actual malice and reckless intent restrained and confined the plaintiff against his will and deprived him of his Liberty Interests.

91.   As a direct result thereof the defendant, C.O. Mr. Wojerechowski's willful and wanton actual malice and reckless intentional acts and omissions against the plaintiff while the plaintiff was being detained in the defendant's custody and during the time the defendants had custody of the plaintiff the defendants intentionally deprived the plaintiff of his Liberty Interests his Individual Fundamental Civil Rights under the I, IV, VIII and the XIV Amendments of the United States Constitution and the defendants recklessly violated the plaintiff's rights under the (ADA) Americans with Disabilities Act to engage in wanton reckless malicious actions against the plaintiff with repeated series of "Campaigns of Harassment" which the defendants actions were consistent with "Inhumane Torture" against the plaintiff and the defendants willfully acted with a "Vicious Vendetta" against the plaintiff as "Retaliation" for filing grievances and other complaints and as a direct result thereof the defendants failed to find the plaintiff in possession of contraband or that he had any actual contraband in his cell.

92.   As a direct result thereof the defendant's acts and omissions the defendant caused the plaintiff to suffer therefrom serious injuries from the handcuffs being extremely tight on his wrists and being restrained in the handcuffs which were in a handcuff bag which was secured to the plaintiff by a belt around his waist and was shackled large cuffs around his ankles for five (5) consecutive days which the handcuffs and shackles caused cuts and bruises on his wrists and ankles and as a direct result thereof he suffered cuts and bruises on his knees from being restrained for five (5) consecutive days and as a direct result thereof the defendants reckless actions the plaintiff suffered from physical, mental and emotional injuries and anguish, emotional distress, sleep deprivation, humiliation from being restrained in confinement for five (5) consecutive days in a "Dry Cell" which caused the plaintiff to suffer from post traumatic distress disorder and including pain and suffering, but not limited thereto.

93.   Plaintiff is seeking relief against the defendant in his official and individual capacities for his willful and wanton actual malice and reckless intentional aggravated assault and battery which caused several severe bodily injuries and for deprivation and violations of his fundamental individual rights and therefore he is seeking punitive damages, exemplary damages, compensatory damages against the defendant in the monetary amount in excess of the arbitrary limits per law with a minimum of Two Hundred Thousand ($200,000.00) Dollars plus court costs, attorney fees and any other relief which this Honorable, Court deems appropriate and just.

WHEREFORE, plaintiff prays this Honorable, Court grants this action and judgment in his favor for the relief in damages against the defendant

named in the above captioned matter including Court costs attorney fees
and any other relief which this Honorable, Court deems appropriate and
just.

David Burgos v. C.O. Ms. Pellam

CAMPAIGN OF HARASSMENT

DELIBERATE INDIFFERENCE

CAMPAIGN OF RETALIATION

DEPRIVATION OF LIFE'S NECESSITY FOOD AS PUNISHMENT AND/OR RETALIATION

CRUEL AND UNUSUAL PUNISHMENT

VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

VIOLATIONS OF DUE PROCESS OF LAW AND PROCEDURAL DUE PROCESS OF LAW

VIOLATIONS OF EQUAL PROTECTION OF LAW

**94.** Defendant, C.O. Ms. Pellam is a state employee who is presently
employed by the Pennsylvania Department of Corrections as a Correctional
Officer I at SCI-Retreat and was working on the dates which the
defendants named in the above captioned matter "targeted" the plaintiff
by instructions orders and/or commands by the defendants, James Eustice
and C.O. Lt. Woods who willfully acted with wanton actual malice and
reckless intent instituted a "Campaign of Harassment" against the
plaintiff which the defendant conspired with the defendants named in the
above captioned matter to assist the defendants with the "harassment"
against the plaintiff.

**95.** Plaintiff incorporates paragraphs #8. through paragraphs #94. as set
forth at length herein this action and avers the defendant willfully
acted with wanton actual malice and reckless intent acted in complicity
and in collaboration with the defendants named in the above captioned
matter and willfully acted with wanton actual malice and reckless intent
fabricated and filed fictitious malicious misconducts against the
plaintiff as follows:

**1.** December 26, 2019 Defendant intentionally fabricated and filed a
fictitious Misconduct DC-141 Report No. D 386814 against the plaintiff
which the defendant states "Plaintiff remained sitting at a table in the
day room during non-day room hours". Which the time was 1550 hours and
the defendant states that she "gave inmate, Burgos a "direct order" to
lock into his cell. Inmate, Burgos locked into his cell at his own
leisure".  SEE Attached **EXHIBIT** #7  "Copy of the DC-141 Misconduct
Informal Report No. D 386814 the inmate Version, Unit Manager's Report
and the Appeal to the ("PRC") Program Review Committee's Report".

a. Plaintiff avers that he is a Type 2 Diabetic and avers that every day at approximately 1550 hours he has a pass to go to the Medical Department for his Insulin Shot which all inmates who are Diabetic and have to get Insulin have to go to the Medical Department at approximately 1550 hours every day for Insulin and therefore, the defendant is wholly aware thereof that all inmates in the prison who are Diabetic have to go to the Medical Department at approximately 1550 hours every day and that is the "normal procedure" schedule due to fact the defendant had to allow the plaintiff out of the secured block entrance/exit door to leave the block and therefore, as a direct result thereof the defendant's fabricated fictitious misconduct report the plaintiff was wrongfully disciplined and had to be confined in "cell restriction" for seven (7) days as a result thereof the defendants malicious misconduct report and if the ("PRC") Program Review Committee would of reviewed the cameras or conducted an inquiry with the Medical Department staff which would of confirmed the plaintiff was at the Medical Department for his Insulin and therefore, the plaintiff would not of been disciplined.

2. January 10, 2020 Defendant intentionally fabricated and filed a fictitious Misconduct DC-141 Report No. 386824 against the plaintiff which the defendant stated "Inmate Burgos was standing by the door waiting for medication. This reporting officer gave inmate, Burgos two direct orders to return to the day room. Inmate, Burgos refused both direct orders. This reporting officer gave inmate, Burgos another direct order to return to the day room to which he replied "I am waiting on the phone". This reporting officer advised inmate, Burgos that he was not signed up for the phone. Inmate, Burgos replied "Fuck you bitch I don't listen to you". Inmate, Burgos stood there and continued to refuse all direct orders given". **SEE** Attached **EXHIBIT #9** "Copy of DC-141 Misconduct Report No. D 386824 including inmate Version, Witness (correctional officer) Version and Hearing Examiner Reports".

a. Plaintiff avers that the defendant fabricated the misconduct against him and avers that a another correctional officer who witnessed the incident testified at the plaintiff's misconduct hearing and stated that the plaintiff was not in the area at the time of the incident claimed.

96. Plaintiff incorporates paragraphs #8. through paragraphs #95. as set forth at length herein this action and avers that on January 5, 2020 the defendant Refused to allow the plaintiff out of his cell while he was on cell restriction to leave the block when the block was called for the inmates to go to the inmate dinning hall for dinner and therefore, the defendant recklessly denied and/or deprived the plaintiff with his right to go to the dinning hall for dinner and therefore, deprived the plaintiff of a meal using the meal or the food as punishment and/or retaliation in relationship to the above misconduct reports and therefore, the plaintiff is a Type 2 Diabetic and as a direct result thereof the defendants acts and omissions she willfully acted with wanton actual malice and reckless intent acted with "deliberate indifference" thereof the plaintiff's serious medical needs and medical conditions. **SEE** Attached **EXHIBIT #8** "Copy of a Grievance No. 843411 which the plaintiff filed against the defendant for denying him with his meal and thereafter the investigating officer attempted to have the plaintiff dismiss the grievance and therefore, the plaintiff refused to sign off

and thereafter the grievance was never responded thereto and no other actions were taken.

97. Plaintiff avers that the defendant willfully acted with wanton actual malice and reckless intent conspired with the defendants named in the above captioned matter to assist the defendants to engage in the "Campaign of Harassment" against the plaintiff due to fact the defendant was the correctional officer who worked the same block or housing unit which the plaintiff was confined on while he was in general population and therefore, the defendant was able to "harass" the plaintiff on a daily basis and was able to fabricate fictitious misconduct reports against the plaintiff for the defendants.

98. The defendant willfully acted with wanton actual malice and reckless intent abused the official duties of the office and abused the "scope" of the official duties and failed to comply with the training and the correctional officer's "code of ethics" solely to "harass" the plaintiff to maliciously fabricate fictitious misconducts against the plaintiff and to retaliate against him and punish him with denying him his meals and as a direct result thereof the defenants acts and omissions she willfully acted with "deliberate indifference" thereof the plaintiff's serious medical needs and his actual medical conditions recklessly interfering with the plaintiff's daily Medical Appointments for Insulin knowingly the plaintiff is Diabetic and therefore, maliciously filing malicious misconducts against the plaintiff when the plaintiff was at the Medical Department for Insulin which the Medical Department has a specific time for inmates to get Insulin and the defendant willfully acted with wanton actual malice and reckless intent deprived the plaintiff of being able to go to the dinning hall for dinner therefore, denied the plaintiff of food which is a life's necessity and a violation of the VIII amendment of the United States Constitution knowingly the plaintiff is a Type 2 Diabetic and therefore, the defendant's acts and omissions recklessly inflicted the plaintiff to imminent and substantial serious risks of harm to his health, well-being and to his life.

99. As a direct result thereof the defendant, C.O. Ms. Pellam's willful and wanton actual malice and reckless intentional acts and omissions against the plaintiff while the plaintiff was being detained in state custody at SCI-Retreat intentionally harassed the plaintiff and fabricated fictitious misconducts against the plaintiff and deprived him of life's necessities and therefore, deprived the plaintiff of his Liberty Interests violated his fundamental individual civil rights under the I, VIII and XIV Amendments of the United States Constitution and violated his rights under the Americans with Disabilities Act and willfully acted with reckless disregard thereof the plaintiff's actual medical needs and medical conditions engaged in malicious reckless actions against the plaintiff acting with the defendants named in the above captioned matter to commit a series of repeated "Campaign of Harassment" acting with a "Vicious Vendetta" against the plaintiff and willfully retaliating against the plaintiff for filing grievances against the defendant and the defendants named in the above captioned matter.

100. As a direct result thereof the defendants acts and omissions the defendant caused the plaintiff to suffer therefrom being unlawfully

punished for filing grievances against the defendants and therefore, the defendant deprived and violated the plaintiff's fundamental individual civil rights under the I Amendment of the United States Constitution to prepare and to file grievances against the defendants for the willful and wanton actual malice and reckless intentional acts and omissions against the plaintiff as claimed herein this action and therefore, as a direct result thereof the defendant, C.O. Ms. Pellam's acts and omissions committed against the plaintiff subjected him to "Cruel and Unusual Punishment" deprived him of his Liberty Interests, his Due Process of Law and as a proximate result thereof the defendant's acts and omissions caused the plaintiff to be unlawfully confined in cell restriction after he was performing a "protected conduct" and the defendant willfully acted with wanton actual malice and reckless intent engaged in a "causal connection" and committed "adverse actions" against the plaintiff for exercising his I Amendment rights and interfered with the plaintiff from performing his normal daily activities and intentionally deprived the plaintiff of his fundamental individual rights under the VIII and the XIV Amendments of the United States Constitution.

101. As a direct result thereof the defendant's willful and wanton malicious acts and omissions against the plaintiff subjected and caused him to suffer therefrom mental and physical injuries, emotional injuries, anguish, humiliation, emotional distress, sleep deprivation, post traumatic distress disorder and including pain and suffering, but not limited thereto.

102. Plaintiff is seeking relief against the defendant in her individual and official capacities for her willful and wanton actual malice and reckless intentional acts and omissions which unlawfully subjected the plaintiff to be maliciously charged for a fabricated misconduct which confined him in cell restriction and violated his civil rights and for recklessly depriving the plaintiff of his life's necessities such as food and therefore, the plaintiff is a type 2 Diabetic and he can not be deprived of food in order to refrain his insulin levels and therefore, the plaintiff is seeking punitive damages, exemplary damages, compensatory damages against the defendant in the monetary amount in excess of the arbitrary limits per law with a minimum of Two Hundred Thousand ($200,000.00) Dollars plus court costs attorney fees and any other relief which this Honorable, Court deems appropriate and just.

WHEREFORE, plaintiff prays this Honorable, Court grants this action and judgment in his favor and for the relief in damages against the defendant named in the above captioned matter and in this action including Court costs attorney fees and any other relief which this Honorable, Court deems appropriate and just.

### David Burgos v. Bernadette Mason

### CAMPAIGN OF HARASSMENT

### UNLAWFUL SEGREGATION AND RESTRAINT IN CONFINEMENT

DEPRIVED OF BASIC HUMAN NEEDS AND NECESSITIES

EXPOSED TO RISKS OF SERIOUS HARM

CONFINED IN INHUMANE CONDITIONS

DELIBERATE INDIFFERENCE

CRUEL AND UNUSUAL PUNISHMENT

FAILURE TO TAKE ACTION

VIOLATIONS OF DUE PROCESS AND PROCEDURAL DUE PROCESS

VIOLATIONS OF EQUAL PROTECTION OF LAW

103. Defendant, Bernadette Mason, is a state employee who is presently employed by the Pennsylvania Department of Corrections as a Facility Manager/Superintendent at SCI-Mahanoy and was the Facility Manager/Superintendent at SCI-Retreat on the dates which the defendants named in the above captioned matter "targeted" the plaintiff by instructions orders and/or commands by the defendants James Eustice and C.O. Lt. Woods who willfully acted with wanton actual malice and reckless intent instituted a "Campaign of Harassment" and committed malicious acts and omissions against the plaintiff.

104. Plaintiff incorporates paragraphs #8. through paragraphs #103. as set forth at length herein this action and avers the defendant failed to take action against the defendants named in the above captioned matter thereafter the plaintiff informed the defendant via Request Slips DC-135A and by filing Grievances and the Appeals claiming that the defendants named in the above captioned matter intentionally engaged in willful and wanton malicious acts and omissions and committed malicious acts against the plaintiff (i.e."Campaign of Harassment", "Torture" "Randomly searched the plaintiff's cell and confiscated his property" and/or "confiscated his celly's property and claimed that the confiscated items (i.e. gambling tickets, religious rosary) and claimed that the items belonged to the plaintiff, confiscated his property and give it to other inmates, prepared and filed fabricated fictitious misconduct reports, "verbally harassed" and "verbally abused" the plaintiff and intentionally subjected the plaintiff to "Cruel and Unusual Punishment" unlawfully confiscated the plaintiff's property, but not limited thereto and therefore, the defendant willfully acted with wanton actual malice and reckless intent failed to take appropriate actions against the defendants who committed willful and wanton malicious acts and omissions against the plaintiff recklessly inflicted him with serious risks of harm and violated his rights and he informed the defendant via filed appeals against misconducts which the defendants issued to him.

105. Plaintiff incorporates paragraphs #8. through paragraphs #104. as set forth at length herein this action and avers that he informed the defendant about the defendants named in the above captioned matter willful and wanton malicious acts and omissions against the plaintiff as

follows:

1. Plaintiff filed Grievance No. 785924 on February 9, 2019 and Appealed the Grievance to the defendant on March 6, 2019. **SEE** Attached **EXHIBIT #3** "Copy of Grievance No. 785924.

2. Plaintiff filed Misconduct Hearing Appeal No. D-245554 on November 29, 2019. **SEE** Attached **EXHIBIT #4** "Copy of the Misconduct and Process.

3. Plaintiff filed a Request Slip DC-135A to the defendant on December 16, 2019 regarding the incidents which the defendants named in the above captioned matter were committing against him and in regards to Grievance No. 838286. **SEE** Attached **EXHIBIT #6** "Copy of the Request Slip and Grievance No. 838286 which he Appealed on December 24, 2019.

4. Plaintiff filed Misconduct No. 386847 Hearing Appeal to the defendant on February 10, 2020. **SEE** Attached **EXHIBIT #10** "Copy of the Misconduct and the Hearing Appeal.

5. Plaintiff filed Grievance No. 854584 on February 24, 2020 and Appealed the Grievance to the defendant on April 20, 2020. **SEE** Attached **EXHIBIT #16** "Copy of Grievance No. 854584.

6. Plaintiff filed Grievance No. 855177 on February 27, 2020 and filed the Grievance Appeal to the defendant on March 22, 2020. **SEE** Attached **EXHIBIT #17** "Copy of Grievance No. 855177.

**106.** Plaintiff incorporates paragraphs #8. through paragraphs #105. as set forth at length herein this action and avers the defendant was wholly aware thereof the plaintiff being harassed on a daily basis by the defendants named in the above captioned matter via his Grievances, Misconducts and Request Slips and thereafter the defendant willfully acted with wanton actual malice and reckless intent recklessly disregarded the plaintiff's complaints and failed to act failed to take appropriate actions against the defendants which allowed the defendants to continue to harass the plaintiff and to unlawfully impose the plaintiff to serious risks of substantial risks of harm and impose the plaintiff to unlawful restraint in unlawful confinement after the defendants failed to substantiate evidence and a reason to detain the plaintiff and to confine the plaintiff in a "Dry Cell" in restraint after the "body x-ray scanner" failed to detect and therefore, did not present any evidence that the plaintiff had "swallowed" anything which would resemble contraband or other foreign objects and therefore, the defendants had no justification to detain the plaintiff.

**107.** Plaintiff incorporates paragraphs #8. through paragraphs #106. as set forth at length herein this action and avers the defendant willfully acted with a "willful blind eye" thereof the defendants named in the above captioned matter willful and wanton actual malice and reckless intentional acts and omissions against the plaintiff without having any probable cause to engage in and to commit any of the actions against the plaintiff and therefore, allowing the defendants to abuse the "scope" of the authority and the "scope" of the official office and the defendants official duties.

108. Plaintiff incorporates paragraphs #8. through paragraphs #107. as set forth at length herein this action and avers the defendant willfully acted with wanton actual malice and reckless intent ignored the plaintiff's complaints against the defendants named in the above captioned matter who were abusing their authority and used their authority against the plaintiff knowingly that they had the advantage over the plaintiff which the defendants recklessly physically abused him and recklessly verbally abused him harassed him and he advised the defendant that the defendants named in the above captioned matter repeatedly searched his cell and unlawfully confiscated his property and refused to give his property back to him.

109. Plaintiff incorporates paragraphs #8. through paragraphs #108. as set forth at length herein this action and avers he filed multiple complaints to the defendant in reference to the incidents claimed herein this action and claims he gave substantial information about the defendants named in the above captioned matter who willfully acted with willful and wanton actual malice and reckless intentional acts and omissions against him which intentionally imposed him to suffer therefrom serious bodily injuries and as a direct result thereof the defendants acts and omissions violated the ("DOC") policies and interfered with the plaintiff's ability and legal right to defend, contest and/or to challenge the defendant's actions to recklessly confine him in restraint being segregated in a "Dry Cell" without cause and as a direct result thereof the defendants willful and wanton actual malice acts and omissions deprived the plaintiff's ability and legal right to seek administrative relief therefrom the defendants acts and omissions by the Department of Corrections.

110. Plaintiff incorporates paragraphs #8. through paragraphs #109. as set forth at length herein this action and avers the defendant willfully acted with wanton malice and reckless intent recklessly disregarded the plaintiff's complaints and therefore failed to perform the official duties of the "scope" of the defendant's official duties of the official office as SCI-Retreat's facility manager/superintendent and acted with reckless disregard thereof the acts and omissions the defendants were committing against the plaintiff and therefore, intentionally failed to take appropriate actions and/or cause, instruct, order, and/or command the proper official to take appropriate actions to cease the defendants from the malicious acts and omissions against the plaintiff.

111. The Commonwealth of Pennsylvania the Pennsylvania Department of Corrections the defendants named in the above captioned matter and including the defendant, Bernadette Mason, likewise, has duties mandated by the United States Constitution and federal statutes that would be impossible to meet with complete cessation of operation. "When the state takes [a person] into custody and holds him there against his will, [both the United States and Pennsylvania Constitution impose] upon it a corresponding duty to assume some responsibility for his safety and general well-being" This affirmative duty to protect arises "from the limitation which [the state] has imposed on the [inmate's] freedom to act on his own behalf". The principal behind the Commonwealth's obligation to provide for an inmate's basic needs is relatively straightforward-the state "so restrains an individual's liberty that it renders him unable to

care for himself, and at the same time fails to provide for his basic human needs-e.g. food, clothing, shelter, medical care, and reasonable safety-it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause". The Eighth Amendment proscription against cruel and unusual punishment guarantees that prison officials "must provide humane conditions of confinement" To that end, prison officials have an obligation to ensure that inmates receive basic human needs including adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee [their] safety".

112. Plaintiff claims the defendants committed assault and battery against him when they confined him in body restraint in the "Dry Cell" which Assault is defined when someone does something that makes the plaintiff fear they are about to harm you.

113. Plaintiff claims the defendants committed battery against him when they confined and restrained him in body restraint in the "Dry Cell" Battery is defined is any offensive touch or contact where some kind of force is applied.

114. Plaintiff claims the defendants caused him to suffer from Intentional Infliction of Emotional Distress when the defendants confined him in body restraint in the "Dry Cell" which Intentional Infliction of Emotional Distress is defined as: (1) the defendant acted in a way that is extreme or outrageous for the purpose of causing emotional distress; (2) the plaintiff actually suffered severe or extreme emotional distress; (3) the defendant's conduct caused the emotional distress.

115. The XIV Amendment of the United States Constitution guarantees everyone "Equal Protection of the Law" equal protection means that a prison cannot treat some prisoners or the plaintiff differently then it treats others without a reason. The defendants intentionally "targeted" and "harassed" the plaintiff because he is "Spanish" and the prison officials defendants named in the above captioned matter believed that the plaintiff was affiliated with a "gang" and there was no other reason for the defendants commit the acts against him.

116. The XIV Amendment of the United States Constitution guarantees everyone "Due Process of Law". Due Process of Law prohibits a state from depriving "any person of life, liberty or property without due process of law. There are two parts to the Clause: Substantive due process and procedural due process which the plaintiff has a right to procedural due process which the prison must provide him with some amount of protection (like a hearing or notice) before the prison does something that harms your life, liberty, or property. Disciplinary placement in segregation, but not limited thereto that the prison failed to provide the plaintiff with a notice or a hearing and as a direct result thereof the defendants acts and omissions deprived the plaintiff of his Liberty Interests and intentionally violated the plaintiff's procedural due process under the XIV Amendment of the United States Constitution.

117. The plaintiff was entitled to procedural protections: (1) written notice of the defendants actions prior to the defendants confined him in Administrative Custody in a body restraint and confined in a "Dry Cell"

under the ("DOC") policy DC-ADM 802 which the defendants willfully failed to provide him with a hearing and therefore, substantially interfered with his legal rights to argue, defend, challenge, dispute and/or contest the custody; (2) The defendants willfully circumvented the policy and failed to provide the plaintiff with a hearing and therefore, violated the plaintiff's right to call witnesses and; (3) The defendants willfully deprived the plaintiff with a hearing and therefore, denied the plaintiff to have assistance to prepare for the hearing and; (4) The defendants willfully acted with wanton actual malice and reckless intent failed to provide the plaintiff with a written statement of reasons for being unlawfully confined in body restraint and confined in a "Dry Cell" and was not found guilty; and (5) The defendants intentionally failed to schedule to hold a hearing which the plaintiff is entitled to a fair and impartial decision-maker in the hearing and therefore, the defendants recklessly imposed the plaintiff to "atypical and significant hardship in relation to the ordinary incidents of prison life".

118. The defendants willfully acted with wanton actual malice and reckless intent engaged in "Excessive Force" willful and wanton intentional physical force and contact against the plaintiff to cause harm thereof the plaintiff which the defendants willfully acted "maliciously and sadistically" to cause the plaintiff harm which is consistent with "Cruel and Unusual Punishment" violation of the Eighth Amendment of the United States Constitution and therefore, the defendants acts and omissions against the plaintiff is consistent with "Unnecessary and wanton infliction of pain" and as a proximate result thereof the defendants acts and omissions caused the plaintiff to suffer from severe injuries to his wrists, knees and ankles which the Medical Doctor, Stanley Stanish provided medical care to the plaintiff and the medical nurses took pictures of the plaintiff's injuries on the third day which the plaintiff was unlawfully confined in the "Dry Cell".

119. The defendants willfully acted with wanton actual malice and reckless intent willfully acted with "Deliberate Indifference" thereof the plaintiff's serious medical needs and intentionally exposed him to inhumane prison conditions when the defendants recklessly confined him in body restraint and in the "Dry Cell" for five (5) consecutive days which exposed the plaintiff to unreasonable risks of serious harm and as a direct result thereof the defendants reckless acts and omissions intentionally deprived the plaintiff of his basic human needs such as food, proper shelter, exercise, clothing, hygiene and sanitation.

120. The defendants willfully acted with wanton actual malice and reckless intent willfully acted with "Deliberate Indifference" thereof the plaintiff's serious medical needs which the defendants knew the plaintiff was a Type 2 Diabetic and acted in reckless disregard thereof intentionally unlawfully confined him in unlawful body restraint placed him in handcuffs which were fastened to his waist with a belt and the handcuffs were secured in a handcuff bag which substantially immobilized the use of his hands and the defendants shackled his legs and was forced to wear a suicide smock and was unlawfully confined in a "Dry Cell" without reason or cause for five (5) consecutive days without access to running water, proper adequate food and there was no toilet and the lights were on 24 hours a day which deprived him of sleep and the

defendants watched him on camera and therefore, the defendants willfully acted with wanton actual malice and in reckless disregard thereof the plaintiff's health and his serious medical conditions and medical needs and therefore, the defendants reckless intentional acts and omissions subjected the plaintiff to "Torture".

121. The plaintiff filed complaints to the defendant who willfully failed to take appropriate reasonable actions and measures against the other defendants which are the defendant's subordinates which are named in the above captioned matter after the plaintiff filed multiple complaints against the defendants who committed reckless malicious acts and omissions against him without having legal cause or justification, but only to harass or to expose and/or to inflict the plaintiff with pain and suffering and therefore, the defendants willful and wanton actual malice and reckless intentional acts and omissions imminently caused the plaintiff to suffer therefrom substantial serious risks of harm and caused serious bodily injuries and thereafter the defendants continuously restrained the plaintiff in Administrative Custody without probable cause and thereafter the plaintiff was only able to file grievances against the defendants which the grievance coordinator rejected and/or forwarded the grievances to the security department to respond to his grievances and under the ("DOC") DC-ADM 802 policy the only administrative remedy to seek relief is to file appeals against the outcome of a hearing which the defendants deprived the plaintiff thereof a hearing and therefore, the prison officials intentionally denied the plaintiff complaints when in fact there is actual evidence thereof the plaintiff's injuries which he sustained as a proximate result thereof the defendants willful and wanton malicious misconduct acts and omissions which illegally confined the plaintiff in body restraints in a "Dry Cell" for five (5) consecutive days for no reasons other then to harass, intimidate and/or to expose the plaintiff to physical harm.

122. Plaintiff avers the defendants confined him in Administrative Custody under the Pennsylvania Department of Corrections Policy DC-ADM 802 policy and under the policy the defendants must afford the plaintiff with a hearing, but the defendants intentionally failed to comply with the policy and therefore, the plaintiff was deprived of his Procedural Due Process of Law because the defendants prevented him from being able to defend, challenge, contest, argue, dispute the defendants actions to detain and confine him in the "Dry Cell" after there was no lawful reasons to confine him.

123. Plaintiff claims the defendant failed to respond to all of his complaints and grievances which he attempted to appeal to the defendant to conform with the ("DOC") policy DC-ADM 804 (Grievance Procedures) and therefore, the defendants violated his Due Process of Law by interfering with his legal right to file Grievances against the defendants acts and omissions against him.

124. Plaintiff avers that he received certificates for "NCCER" and completed the "Flagger Course" received a certificate for "OSHA" completed "Day of Responsibility" attended "self Help" meetings, attended "Seeking Safety Program", attended Reentry Stradedy and Planning and a multitude of additional certificates classes groups which can be provided

is requisite for this action.

125. As a direct result thereof the defendant, Bernadette Mason's willful and wanton acts and omissions against the plaintiff allowed the defendants named in the above captioned matter to impose him to serious risks of harm and inflicted him with serious bodily injuries as a result thereof the defendants acts and omissions which caused the plaintiff to suffer therefrom mental and physical injuries, emotional injuries, anguish, humiliation, emotional distress, sleep deprivation, intentional infliction of emotional distress, post traumatic distress disorder, and including pain and suffering, but not limited thereto.

126. Plaintiff is seeking relief against the defendant in her individual and official capacities for her willful and wanton actual malice and reckless intentional acts and omissions allowing the defendants to unlawfully subject the plaintiff to Cruel and Unusual Punishment, Torture, Deliberate Indifference, confine in inhumane living conditions, restrain him in handcuffs and shackles and in a suicide smock without cause for five (5) consecutive days and depriving the plaintiff of the legal right to seek relief and to file grievances and therefore, plaintiff is seeking punitive damages, exemplary damages, compensatory damages, against the defendant in the monetary amount in excess of the arbitrary limits per law with a minimum of Two Hundred Thousand ($200,000.00) Dollars plus court costs attorney fees and any other relief which this Honorable, Court deems appropriate and just.

127. Plaintiff avers that several of the defendants are employed at SCI-Mahanoy and therefore, he is seeking relief against the defendants to refrain from any further harassment and/or unlawful actions against him and therefore, respectfully requests this Honorable, Court to order the defendants who are working at the same prison which the plaintiff is being confined in to refrain from any further malicious acts and omissions against him to refrain from further harassment and from any further acts of unlawful restraint and confinement in relation to fabricated misconducts or other related acts against him which the defendants would not have a lawful cause to detain him or to confine him.

WHEREFORE, plaintiff prays this Honorable, Court grants this action and judgment in his favor and for the relief sought in damages against the defendant named in the above captioned matter and in this action including court costs attorney fees and any other relief this Honorable, Court deems appropriate and just.

## UNSWORN DECLARATION

I, David Burgos, Plaintiff Pro-se declares under penalty of perjury states that the foregoing Civil Rights Complaint in the above captioned matter is true and correct to the best of his knowledge, information and belief.

October 20, 2020

Respectfully Submitted,

David Burgos, Plaintiff Pro-se

DOC# LJ-5951

SCI-Mahanoy
301 Morea Rd
Frackville, Pa 17932

## EXHIBITS

| | | | |
|---|---|---|---|
| 1. | DC-141 | No. D-05138O | Misconduct  Report and Resolution |
| 2. | DC-154A | No. B-490912 | Confiscation Receipt |
| 3. | Grievance | No. 785924 | Initial Review and Appeal |
| 4. | DC-141 | No. D-245554 | Misconduct Report and Appeal |
| 5. | DC-154A | B379041 | Confiscation Receit |
| 6. | Grievance | No. 838286 | Initial Review Appeals and Request |

Slip

| | | | |
|---|---|---|---|
| 7. | DC-141 | No. 386814 | DC-ADM 801 Informal Misconduct |
| 8. | Grievance | No. 843411 | |
| 9. | DC-141 | No. D-386824 | Misconduct Report Inmate Version |

and Hearing.

| | | | |
|---|---|---|---|
| 10. | DC-141 | No. D-386847 | Misconduct Report |
| 11. | DC-141 | No. 386872 | Misconduct Report plaintiff's celly |

in reference to D-386847

| | | | |
|---|---|---|---|
| 12. | Grievance | No. 842655 | Rejected |
| 13. | DC-141 | No. B-788418 | Administrative Custody Report |
| 14. | DC-141 | No. D-067982 | Administrative Custody Report |
| 15. | Grievance | No. 849863 | Rejected |
| 16. | Grievance | No.854584 | Dry Cell Incident |
| 17. | Grievance | No. 855177 | Thefth of Property Pending Final |

Review Investigation

18.   Request Slip to Medical Department for Medical records and Pictures

EXHIBIT # 1

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

D 051380

☐ MISCONDUCT REPORT    ☐ OTHER    ☒ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LJ5951 | Burgos | Retreat | 1910 | 1-19-19 | 1-19-19 |

| Quarters | Place of Incident |
|---|---|
| AA21 | AB Dayroom |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

B Class 1 #43 Presence in an unauthorized area, B Class 1 #44 Loaning or borrowing property, B class 1 #42 lying to an employee

**STAFF MEMBER'S VERSION**

On the above date and approximate time this reporting officer was doing security rounds in A-B dayroom, when this officer witnessed Inmate Burgos recieve a package of kite from an unidentied inmate. This officer questioned inmate Burgos on what he recieved, inmate Burgos replied nothing. This officer then question inmate Burgos on why he was in AB dayroom, inmate Burgos replied he was here for group in AB Fishtank. Inmate Burgos never went to group. This officer then informed inmate Burgos he had to leave AB dayroom and get pat searched. Inmate Burgos was found to be in possession of said kite package. This officer confiscated 1 package of kite tobacco.    DC-154A No. B 490916 ——— End of report.

**IMMEDIATE ACTION TAKEN AND REASON**

REFER TO UNIT MANAGER FOR INFORMAL RESOLUTION

**PRE-HEARING CONFINEMENT**

| IF YES | | |
|---|---|---|
| ☐ YES | TIME | DATE |
| ☐ NO | | |

**FORMS GIVEN TO INMATE**
☐ REQUEST FOR WITNESSES AND REPRESENTATION    ☐ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| COI Fighi Figueiredo | (CAMPBELL) | DATE | TIME 24 HOUR BASE |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☐ CLASS 1    ☐ CLASS 2 | |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15            YELLOW – Inmate            PINK – Reporting Staff Member

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 1 – Misconducts/Rule Violations*        *Attachment 1-B*

Issued: 12/1/2017
Effective: 12/1/2017

## Informal Resolution Action Form

| Inmate Name (Printed) | Inmate Number | DC-141 Part 1 Number | Date |
|---|---|---|---|
| BURGOS, David | LJ5951 | D051380 | 01/19/2019 |

**Action Taken**

❑ No Action

❑ Reprimand and Warning

❑ Referred to the Hearing Examiner at the request of the inmate

❑ Referred to Hearing Examiner by Unit Manager

❑ Carried on active MH/ID Roster and assigned to RTU or other appropriate treatment/program after consultation with PRT

Reason:

| | Number of Days: | Start Date: | End Date: |
|---|---|---|---|
| ☒ Cell Restriction (Up to 14 days) | 14 | 01/26/2019 | @1300 02/08/2019 |

| Loss of Privileges: (Up to 14 days) | Number of Days: | Start Date: | End Date: |
|---|---|---|---|
| ❑ Telephone | | | |
| ❑ Yard | | | |
| ❑ Day Room | | | |
| ❑ *Tablet Usage* | | | |
| ❑ *Kiosk Access* | | | |
| ❑ Other: | | | |

| | | Start Date: | End Date: |
|---|---|---|---|
| ❑ 14 days Loss of Commissary | | | |

| | | Start Date: | |
|---|---|---|---|
| ❑ Loss of job due to work-related misconduct(s) | | | |

| | Assignment | Start Date: | End Date: |
|---|---|---|---|
| ❑ Assignment of Additional Work Duties (No compensation allowed) up to 14 days | | | |

| | Item(s) | Amount to be Paid: | |
|---|---|---|---|
| ❑ Restitution for Damaged/Destroyed State Items/Property | | | |

W. Inniss, UM
Unit Manager's Name (Printed or Typed)    Unit Manager's Signature / Date    8/26/19

Inmate's Signature / Date    1/26/19

cc: DC-14 (original)
    Hearing Clerk

EXHIBIT #2

**DC-154A** Revised 7/2009

**No. B 490912**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**Confiscated Items Receipt (Inmate)**

| DC-NUMBER | Inmate Name | Cell | Facility | Date | Time |
|---|---|---|---|---|---|
| | Burch | A2) | SCP-R | 1-16-17 | 1230 |

☐ Random Search
☐ General Search
☑ Investigative search

Misconduct Report Prepared
☐ Yes   ☐ No

| Item(s) Confiscated | *Disposition* | Item(s) Confiscated | *Disposition* |
|---|---|---|---|
| 1. DK K.18 | Held | 2. | |
| 3. 1 Seth cell phon | Hold | 4. 1 Bag T.O | Held |
| 5. | | 6. | |
| 7. | | 8. | |
| 9. | | 10. | |

Comments:

☐ **Uniform Commercial Code (UCC) and Paper Terrorism Materials**

UCC and related material will be confiscated and will not be subject to a disposition other than return to the inmate, destruction or forwarding to the Chief of Security or Chief Counsel's Office. Upon confiscation, the inmate has 15 days to file a grievance, in accordance with **DC-ADM 804, "Inmate Grievance Procedure."**

Signature and Title of **Staff Member** Confiscating the Item(s)

Signature and Title of **Staff Member** Disposing the Item(s)

White – DC-15          Yellow – Deputy Superintendent for Facilities Management          Pink - Inmate

EXHIBIT #3

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
_____
GRIEVANCE NUMBER

21

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mrs. Mahally | SCI Retreat | Feb. 9, 2019 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| DAVID BURGOS, LJ-5951 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| GLP | AA-21 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I am filing this grievance to address the continual harassment by Security and the confiscation of my property on 2/07/19 at 12:00. Since my arrival in this facility last year, the search team has repeatedly targeted me for no reason. C.O. Ross and C.O. Huber make a practice of constantly searching my cell and harassing and intimidating me on the compound. On 2/07/19, they took my property for no reason, (see attached copy of Confiscation Slip). Since my arrival, I have not been involved in anything meriting this treatment, and they refuse to explain to me why this is going on. I am diagnosed as schizophrenic, and paranoid, and suffer from depression and anxiety. I take medication for these ailments, and this constant harassment is exasperating my condition. I am afraid these officers are plotting something against me and worry that I will be set up by them. BY filing this grievance, I now fear they might retaliate against me as well. All I want is for the harassment to stop, and for my property to be returned to me. Can you please advise these staff members to just leave me alone? When my property was return 2/10/19 my phone book was missing and they stated they was keeping it & I want my phone book return.

B. List actions taken and staff you have contacted, before submitting this grievance.

I have asked why they continue to search my cell and target me, but no one will give me an answer. (See attached Confiscation Slip)

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator         Date   2-11-19

resubmitted 2-19-19

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-A**

# INITIAL REVIEW RESPONSE
## SCI-Retreat
660 State Route 11 / Hunlock Creek, PA  18621

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows.

| Inmate Name: | Burgos, David | Inmate Number: | LJ5951 |
|---|---|---|---|
| Facility: | SCI Retreat | Unit Location: | AA 21 |
| Grievance #: | 785924 | Grievance Date: | 2/9/19 |

| Decision: | ☐ Uphold Inmate |
|---|---|
| | ☒ Grievance Denied |
| | ☐ Uphold In Part/Denied In Part |

*It is the decision of this grievance officer to uphold, deny, **or uphold in part/deny in part** the inmate's initial grievance.  This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance, and relief sought.*

| Response: | | *Frivolous* | | |
|---|---|---|---|---|

You are subject to search at any time, and there is no limit to the amount of times you can be searched.

You were observed passing tobacco on 1-10-19, and you were searched.  The contraband was confiscated and destroyed (you acknowledged this with your signature on Confiscation Slip #B490912).

The Security Team conducted an Investigative Cell Search on 2-7-19.  Upon entering, they observed you place something in your mouth and swallow it. Your cell was searched and paperwork (mostly gang related) was confiscated. At that time you were told by team member, CO Huber, to contact Lt. Serbin or Lt. Woods to get any paperwork that could be returned to you. That has not happened yet. If you would like your phone book returned, write to Security.

Your grievance is denied.

| Signature: | *[signature]* |
|---|---|
| Title: | Security Lieutenant |
| Date: | 2/26/19 |

cc:  Facility Grievance Coordinator   *jm*
       Grievance Officer
       DC-15
       File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***
Issued: 4/27/2015
Effective: 5/1/2015

*Attachment 1-D*

DAVID BURGOS, LJ-5951
Cell AA-21

RE: APPEAL OF GRIEVANCE #735924

Supt. Mason,                                              March 5, 2019

    I restate all claims made in my Original grievance, and aver
the following as well on appeal:

    My original grievance pertained to continual harassment by
Security, and the search of my cell on 2/07/19 resulting in my
property being confiscated.  The Initial Review Response provided
by the Security Lieutenant talks about an incident that occurred on
1/10/19 and Confiscation Slip #B490912.  Attached to my grievance
was a copy of Confiscation Slip #B378694 dated 2/07/19.  As you
can see, this has no relationship with the Initial review Response
provided by the Lt.

    The rest of the Response provided by the Lt. is false as
well.  He claims that on 2/07/19, during an Investigative Search, I
was observed placing something in my mouth and swallowing it.  If
that happened, I would have been immediately taken to a dry cell,
and would have been given a drug test as well.  None of that hap-
pened.  On 2/07/19, they simply came to my cell and took a bunch
of my property.  For some reason, my phone book has not been re-
turned to me.

    Can you please have Security leave me alone.  They have not
found anything on their multiple searches, and I have not been in
trouble since my transfer to Retreat.  None of the property they
took was gang related, contrary to the Lt's. claims.  Also, can I
please get my phone book back.

                          Respectfully,

                                              DAVID BURGOS

EXHIBIT # 4

MH·D                                                                                      HE

| Form DC-141 Part 1 | COMMONWEALTH OF PENNSYLVANIA | | | | D 245554 |
| Rev. 12/2017 | DEPARTMENT OF CORRECTIONS | | | | |

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LJ5451 | Burgous | RE+ | 1600 | 11-22-19 | 11-22-19 |

| Quarters | Place of Incident |
|---|---|
| CA21 | C-block |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | Col Knight | | X | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

Class1a #31 - Gambling or conducting a Gambling Operation or Possession of Paraphernalia
Class1a #36 - Possession of Contraband

**STAFF MEMBER'S VERSION**

On the above date and approx time this reporting officer
Was conducting a Investigative cell search of CA-21 cell while
Searching Inmate Burgous (LJ5451) Property this reporting officer
found 45 Gambling tickets and Gang related materials#n a
Property box belonging to Inmate Burgous (LJ5451).

**IMMEDIATE ACTION TAKEN AND REASON**

| PRE-HEARING CONFINEMENT | | | Refer to Hex Due to Amout of Contraband |
|---|---|---|---|
| | IF YES | | In possession |
| ☐ YES | TIME | DATE | |
| ☑ NO | | | |

**FORMS GIVEN TO INMATE**
☐ REQUEST FOR WITNESSES AND REPRESENTATION    ☐ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| Col Havard | | 22 Nov 19 | 1900 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | | |
| 11/24/19 | 0800 | ☑ CLASS 1    ☐ CLASS 2 | (Price) |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15                    YELLOW – Inmate                    PINK – Reporting Staff Member

| DC-141       PART 2A | COMMONWEALTH OF PENNSYLVANIA | | | |
|---|---|---|---|---|
| Rev. 2-08 | DEPARTMENT OF CORRECTIONS | | | |
| INMATE REQUEST FOR REPRESENTATION AND WITNESSES | | | | |
| DC Number | Name | Facility | Date | Number as on Part I |
| LJ5951 | David Burgos | Retreat | 11/23/19 | D245554 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the next day after you receive notice of the misconduct.

Assistance: ☒ I do not request assistance
☐ I request assistance by_____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

| If Inmate | DO NOT WRITE IN THIS SECTION |
|---|---|
| 1. Name of Witness:     No.     Quarters | For Use by Hearing Examiner |
| E. RODRiGUZ    NRW73   CA-21 | |
| Why is this person's testimony relevant and important? | Witness permitted?     If not, why not? |
| BECAUSE HE CAN State the Facts of the write up. | No, Not necessary to establish innocence or guilt |
| 2. Name of Witness:     No.     Quarters | |
| Why is this person's testimony relevant and important? | Witness permitted?     If not, why not? |
| 3. Name of Witness:     No.     Quarters | |
| Why is this person's testimony relevant and important? | Witness permitted?     If not, why not? |
| _Inmate's Signature_ | _Hearing Examiner's Signature_ |

This section to be completed by Housing Officer only
Received completed form _0957_ hours _23 Nov_
                           Time              Date

_Housing Officer's Signature_

WHITE – DC-15          YELLOW – Inmate's Copy To Be Given After Action By Hearing Examiner          PINK – Staff Member Reporting Misconduct
                                                    GOLDENROD – Inmate Cited

CA

| DC-141, Part 2(B) DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number LJ5951 | Name BURGOUS | Facility RET | Hearing Date 11/26/19 | Hearing Time 1030 | No. from Part 1 D245554 |

| INMATE PLEA | ☐ Guilty   ☐ No Plea<br>X Not Guilty   ☐ Other | VERDICT | X Guilty<br>☐ Not Guilty |
|---|---|---|---|

HEARING ACTION
Video Conference

CHARGES  #31, #36

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

I/M PLEADS NOT GUILTY to ALL CHARGES
I/M offers no written version, but states, "They just went in there and took all of our property.  My cellie told them right there that it was his contraband."
HEX believes CO Havard's report over inmate Burgous' denial that inmate Burgous was in possession of contraband and gambling or conducting a gambling operation or possession of gambling paraphernalia when inmate Burgous' property box with his name and number on it was searched by CO Havard, who discovered 45 gambling tickets and gang-related material.  A preponderance of evidence exists to support the #31 and #36 charges.

GUILTY #31 – 20D Cell Restriction
        #36 – 20D Cell Restriction (CC)

20D Cell Restriction, EFF 11/26/19, REDUCE TO CLASS 2, REVOKE CONTRABAND

| | | | |
|---|---|---|---|
| X YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | 1-C CIR#B379041 PHOTOS |
| X YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| X YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES X |
| X YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED)<br><br>T. Walter | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices.<br><br>*T. Walter*<br>SIGNATURE OF HEARING EXAMINER/COORDINATOR |
|---|---|

WHITE – DC-15        YELLOW – Inmate Cited    PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 4 – Disposition of Charges and Misconduct Sanctions*        *Attachment 4-A*
Issued: May 20, 2015
Effective: July 2, 2015

| DC-141       PART II(C)<br>Rev. 9/2009    HEARING SUPPLEMENT<br>INMATE VERSION AND WITNESS STATEMENTS | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | |
|---|---|---|---|
| **DC Number** | **Name** | **Facility** | **No. from PART I** |
| LT5481 | David Burgos | SCI retreat | DA4554 |

**INMATE'S VERSION**

ON the above date and time officers conducted a cell search at my cell C-A-21 While conducting the search officers stated that they found 15 Bublie tickets are being retained pending to my pending act. I have no knowledge of none of the contraband and my cellmate who was NEVER stated that the contraband was and whereabout Yourt it in the work box.

Mr. Burgos 7
# LT5481

11-22

| DC-141 | PART II(C) | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|---|
| Rev. 9/2009 | HEARING SUPPLEMENT | DEPARTMENT OF CORRECTIONS | | |
| INMATE VERSION AND WITNESS STATEMENTS | | | | |

| DC Number | Name | Facility | No. from PART I |
|---|---|---|---|
| NR1173 | Edwin Rodriguez | RETREAT | D 245555 |

**INMATE'S VERSION**

on the above date and time officers conducted
a cell search of my cell C-A-21 while conducting the search
officers found contraband that they believe to be mines and
my cell Mate the contraband that was found in the cell
Belongs to me and not my cell mate he had no knowledge
of the contraband 45 gambling tickets, gang realated materals
possesion of contraband, loaning or borrowing property.

NR1173

| DC-141, Part III<br>Program Review Committee Action | **COMMONWEALTH OF PENNSYLVANIA**<br>**Department of Corrections** | | | |
|---|---|---|---|---|
| ☒ Misconduct Appeal | ☐ Periodic Review | ☐ Other | | |

| DC Number<br>LJ5951 | Name<br>David Burgos | Facility<br>Retreat | Date of Review<br>12/11/19 | No. from DC-141, Part 1<br>D245554 |
|---|---|---|---|---|

**Program Review Committee's Decision and Rationale**

PRC notes that you have appealed this misconduct on the grounds:

(a). the procedures employed were contrary to law, Department directives or regulations.
(b). the punishment is disproportionate to the offense.
(c). the findings of fact were insufficient to support the decision.

The Program Revie Committee notes that upon review of the misconduct, its' service, and subsequent Hearing no procedural errors are found, in the handling of this misconduct.

The sanction was well within the guidelines of policy. The Hearing Examiner may, per policy, award a sanction of up to 90 days Disciplinary Custody for each Class 1 charge. Within this misconduct report you were found guilty a two Class 1 charges. The sanction you received was 20 days Cell Restriction. This is not disproportionate.

The Hearing Examiner determined that a preponderance of evidence existed in order to establish a finding of guilt. The issue appears to be one of credibility in which the Hearing Examiner chose to accept the staff member's written report as being more factual than your denial.

Based on the above information, PRC will uphold the Hearing Examiner's decision.

---

### Decision Relative to PRC Review

☐ Continue  ☐ Move to AC  ☐ Release to GP  ☐ Release Cell Restriction  ☐ Continue Investigation

☐ Release to Control GRP  ☐ Release Medical  ☐ Release Diag. Center  ☐ Release Sent. Complete

### Decision Relative to Hearing Examiner's Verdict

☐ Reject  ☒ Uphold  ☐ Uphold-Modify  ☐ Remand back  ☐ Vacate-permit Recharge  ☐ Dismiss

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| L. BANTA, DSCS | *Laura Banta* | 12/11/19 |
| C. STETLER, DSFM | *[signature]* | 12/11/19 |
| T. SOKALOSKI, CCPM | *[signature]* | 12/11/19 |

**WHITE – DC-15      YELLOW – INMATE      PINK – STAFF MEMBER REPORTING MISCONDUCT**
**GOLDENROD - DSFM**

Superintendent . MS MASON !

| DC-141, Part 2 E | COMMONWEALTH OF PENNSYLVANIA |  |  |
|---|---|---|---|
| Misconduct Hearing Appeal | DEPARTMENT OF CORRECTIONS |  |  |
| DC Number | Name | Facility | No. From Part 1 |
| LJ-5951 | DAVID Burgos | Retreat | D-245554 |

I was found guilty of misconduct number ___#31 #36___ - on __11 / 26 / 19__
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

[✓] a. the procedures employed were contrary to law, Department directives, or regulations;

[✓] b. the punishment is disproportionate to the offense; and/or

[✓] c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all
persons who may have information that may be helpful in resolving this matter.

ON Above DATE . MY cell was searched by
5 DifferENT officers. They threw All of MINE AND
MY cellies property all over the cell! After they
conducted the search they proceeded to pack
all of our property together AND took it from MY
cell to their property office. ONLY to FiND out
later that MY cell mate had gambling tickets AND
drug related material. which he took full responsibil-
ity (Attached) At our hearing they Denied to take
our inmate versions and proceeded to FiND us both
guilty! This is UN-just AND flat out wrong AND
contrary to Department Regulations AND Directives)

I only want this to be Resolved AND be
expsonged from MY File b/cuz I am not
guilty AND DiD nothing wrong AND I am being
persecuted for something I'm innocent of ...
Thank you & Respectfully submitt

X ___[signature]___                         11 / 29 / 19
        Inmate's Signature                              Date

White – DC-15        Yellow- Inmate                    Revised 2/01

EXHIBIT # 5

**DC-154A** Revised 7/2009

**No. B 379041**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

## Confiscated Items Receipt (Inmate)

| DC-NUMBER | Inmate Name | Cell | Facility | Date | Time |
|---|---|---|---|---|---|
| LJ5451 | Burgoos | cad1 | Retreat | 11-20-19 | 1600 |

☒ Random Search
☐ General Search
☒ Investigative search

Misconduct Report Prepared  ☒ Yes  ☐ No

Comments: misc # DB45554

| Item(s) Confiscated | *Disposition* | Item(s) Confiscated | *Disposition* |
|---|---|---|---|
| 1. Quick cuffed materials (ETG) | HOLD | 2. 245 Gambling Tickets | HOLD |
| 3. *(scribbled)* | *(scribbled)* | 4. | |
| 5. | | 6. | |
| 7. | | 8. | |
| 9. | | 10. | |

☐ **Uniform Commercial Code (UCC) and Paper Terrorism Materials**

UCC and related material will be confiscated and will not be subject to a disposition other than return to the inmate, destruction or forwarding to the Chief of Security or Chief Counsel's Office. Upon confiscation, the inmate has 15 days to file a grievance, in accordance with **DC-ADM 804, "Inmate Grievance Procedure."**

Signature and Title of *Staff Member* Confiscating the Item(s)

Signature and Title of *Staff Member* Disposing the Item(s)

White – DC-15        Yellow – Deputy Superintendent for Facilities Management        Pink - Inmate

EXHIBIT #6

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mrs. MaHaln | Retreat | 12/4/19 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| David Burgos #LJ 5951 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| N/A | CA-21 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I am filing this grievance to address the continual harassment by security and the confiscation of my property on 11-22-2019 @ 1:00pm security staff conducted a investigative search after the search was done, they pack up all my property and took my property with them, and til this day I haven't received my property. Since my arrival in this facility the search team has repeatedly targeted me for no reason. C.O. Ross, make a practice of constantly harassing and intimidating me on the compound. on 11-22-19 they took my property for no reason and did not give me any confiscated items Receipt. Since my arrival, I have not been involved in anything meriting this treatment, and they refuse to explain to me why this is going on. I am diagnosed as schizophrenic, and paranoid, and suffer from major depression and anxiety. I take medication for these ailments, and this constant harassment is exasperating my condition. I am afraid these officers are plotting something against me and worry that I will be set up by them, which they already Fear/crated a misconduct NO: D645554 which my cellmate confess to the contraband. By filing this grievance, I now fear they might retaliate against me as well. All I want is for the harassment to stop, and for my property to be Returned to me.

B. List actions taken and staff you have contacted, before submitting this grievance.

I spoke to security staff, sergein on the compound, but no on will give me an essue answer. I also send a Request to Lt woods, and til this day I haven't received a responds.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

12-9-19
_____
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

***DC-ADM 804, Inmate Grievance System Procedures Manual
Section 1 – Grievances & Initial Review***
Issued: 1/26/2016
Effective: 2/16/2016

***Attachment 1-A***



# Initial Review Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

12/13/2019 10:22

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
| --- | --- | --- | --- |
| Facility: | Retreat | Unit Location: | C / A |
| Grievance #: | 838286 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

I am in receipt of your grievance alleging Security Staff is harassing you. Your cell was searched and contraband was removed from your cell in the form of gambling tickets, gang paraphernalia, and unaccounted for commissary. You were issued a misconduct and you were found guilty by the hearing examiner and the charges were reduced. I spoke with CO Ross and he denied ever speaking to you in an unprofessional manner. For these reasons, your grievance is denied.

| Signature: | |
| --- | --- |
| Name: | P. Woods |
| Title: | Security Lieutenant |
| Approver: | J. Mahally |
| Date: | 12-13-19 |

CC:  Facility Grievance Coordinator
DC-15

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D

Issued: 1/26/2016  Effective: 2/16/2016

LJ5951     Grievance #:838286

BURGOS, DAVID

Page1 of 1

cctile: OIB                        Superintendent Ms Mason

## INMATE APPEAL TO ~~██████~~
## GRIEVANCE

| ~~DATE~~ NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LJ5951 | David Burgos | Retreat | 12/24/19 | 838286 |

I received my appeal from the ~~█████████~~ on 12/13/19 and have the following
appeal issues.    Initial Review

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

I'm appealing my INItial review IN good faith. I filed
A grievance on 12/15/19 on security Staff about
their continuing Harrosment, and my grievance was
answered By the Lt of security. (IN essence the same
person who is doing the wrong is the one responding to
my INjustice) Lt. woods. my property was confiscated
During A cell search and never returned stating my
Reciepts were outdated. This is theft By unlawful taking
and Deserves criminal charges Along with the Repetive Harrosment
Lt. woods, Stated that contraband was removed from my
cell, gambling tickets, gang paraphernalia. witch my cell
mate admitted that the contraband was his and they
still found me Guilty. gang paraphernalia was A Rosery
that belong to my cell mate I'm muslim not catholic
I never had A rosery. I'm constantly Being Harass By
security and its not conductive to my mental Health.
This is Driving me crazy and I cannot take this cruel
and unusual punishment. (I Just want my property Back
and be left Alone. Also security is Bribering INmates
offering them Drugs and ciggs to set me up which I
Have affidavit from these INmates. Stating All this As well
As my cell mate.

INMATE SIGNATURE: _[signature]_



# Facility Manager's Appeal Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

01/27/2020 08:51

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
| Facility: | Retreat | Unit Location: | C / A |
| Grievance #: | 838286 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you restate the claims you made in your initial grievance regarding alleged harassment by "security."

Upon review of all relevant information, I find that Lt. Woods properly investigated your claims and provided you with an appropriate response. You did not name any specific staff member and did not identify Lt. Woods by name so it was appropriate for him to respond.  You also fail to provide any information to verify your claims and fail to prove harassment or "cruel and unusual punishment"  by any staff.

Based on this, I am upholding the decision of the grievance officer and deny this appeal and any request for relief.

| Signature: | B Mason |
| Name: | B. Mason |
| Title: | Facility Manager |
| Date: | 1/27/2020 |

CC: DC-15
File

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**                    Issued: 1/26/2016  Effective: 2/16/2016

LJ5951      Grievance #:838286

BURGOS, DAVID                                                            Page1 of 1

CCfile:D/B

### Inmate Appeal to Final Review
# GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LI5951 | DAVID Burgos | Retreat | 2/9/2020 | 838286 |

I received my appeal from the Superintendent on ___1/29/2020___ and have the following
appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**
**Appeals must relate to the issue presented in the initial grievance and 1st level appeal.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

I'm appealing the Superintendent RESPONSE In good faith.
I file A grievance on 12/15/19 on security staff about
their continuing Harrassment, Superintendent stated that
I did not name any specific staff member and did not
Identify Lt woods, by name, my Grievance was against
security staff Lt woods its security Lt so therefore
He's part INVolved In my claims BECAUSE HE A part
of security staff member. my property was confiscated
During A cell search and never returned stating my
receipts were outdated. THIS Is theft By unlawful
taking and Deserves criminal charges along with the
repetive Harrassment. the contraband that was Removed
from my cell Belongs to my cell-mate witch He took
full responsibility for. I never had such contraband
In my possession. I'm constantly Harrass By SECURITY
staff members, Lt. woods, capt security, c/o ross
all first shift security staff. I just want my property
Back & left Alone. Also security is bribering INmates offering
them DRugs and cigs to set me up witch I Have affidavit
from these INMATES stating All THIS.as well as my cell mate.
Please Request copie of this whole Grievance Process from SCI Retrement DUE
to closure & me Being Place IN A DRY cell on 2/3/2020 please
Request such copies @SCI Retreat    INMATE SIGNATURE: [signature]                2/14/2020





# Final Appeal Decision Dismissal

### Secretary's Office of Inmate Grievances & Appeals
### Pennsylvania Department of Corrections
### 1920 Technology Parkway
### Mechanicsburg, PA 17050

03/20/2020 08:16

| | | | |
|---|---|---|---|
| **Inmate Name:** | BURGOS, DAVID | **DOC #:** | LJ5951 |
| **SCI Filed:** | Retreat | **Current SCI:** | Mahanoy |
| **Grievance #:** | 838286 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance identified above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

**Decision:** Dismiss

Your grievance is being dismissed at the final appeal level for the reason(s) outlined below.

**Rationale:**

- You have not provided this Office with required and/or legible documentation for proper review.

**Response:**

You failed to provide the required documents for a proper appeal to final review.

| | |
|---|---|
| **Signature:** | *Keri Moore for* |
| **Name:** | D. Varner |
| **Title:** | Chief Grievance Officer |
| **Date:** | 03/20/20 |

cc:  DC-15/Superintendent – Retreat
     DC-15/Superintendent – Mahanoy
     Grievance Office

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-G**

LJ5951      Grievance #:838286

BURGOS, DAVID

Issued: 1/26/2016  Effective: 2/16/2016

Page1 of 1

Superintendent Ms Mason                                    CC File: D/B

| Form DC-135A | Commonwealth of Pennsylvania |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

INSTRUCTIONS
Complete items number 1-8.  If you follow instructions in
preparing your request, it can be responded to more
promptly and intelligently.

Superintendent !

**1.  To: (Name and Title of Officer)**
MS MASON

**2.  Date:** 12 / 16 / 19

**3.  By: (Print Inmate Name and Number)**
DAVID/Burges AJ5951
Inmate Signature

**4.  Counselor's Name**
Ms Ramirez

**5.  Unit Manager's Name**

**6.  Work Assignment**
Tutor

**7.  Housing Assignment**
CA·21

**8.  Subject:  State your request completely but briefly.  Give details.**

MS MASON, with All DUE Respect I'm writing this request to you with copy of new grievance Including previous grievance # 838286 In hopes of some Relief. As of Recently I've started to be Harrassed By your security team "Again" And this is simply Injust and cruel & unusual punishment! Upon cell search (Investigative) my entire cell was packed and upon Return some of my Property was confiscated without confiscation slip. I spoke to Lt woods and he stated that my commissary reciepts were outdated and I wouldn't get nothing Back! wrote grievance on him and He Answered said grievance this isn't Doc policy and I know After my Re-claim and request to you there's going to be retaliation...(not my Intention) only want my Property and to be left Alone Just for any future paper trail I'm writing you but Also Have contacted my family and family lawyer for any un-foreseen trumped charges and Just this all Documented for Record purposes... thank you for your time & patience! Happy Holidays

**9.  Response: (This Section for Staff Response Only)**

| To DC-14 CAR only ☑ | To DC-14 CAR and DC-15 IRS ☑ |

Staff Member Name _____ / _____ Date _____
                          Print                    Sign

Revised July 2000

EXHIBIT #7

CL-20

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

D 386814

| ☐ MISCONDUCT REPORT | ☐ OTHER | ☑ DC-ADM 801 INFORMAL RESOLUTION | | | | |
|---|---|---|---|---|---|---|
| DC Number LJ5951 | Name Burgos | Institution RET | Incident Time 24 Hr. Base 1550 | Incident Date 26 DEC 2019 | Date of Report 26 DEC 2019 | |
| Quarters CA 1021-1 | Place of Incident CA Dayroom | | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** B. Class 1 - 35 - Refusing to obey an order;
P. Class 1 - 43 - Presence in an unauthorized area.

**STAFF MEMBER'S VERSION** On the above date and time, inmate
Burgos (LJ5951) remained sitting at a table in the dayroom
during non-dayroom hours. Inmate Burgos was
given a direct order to lock into his cell. Inmate
Burgos locked into his cell at his own leisure.

**IMMEDIATE ACTION TAKEN AND REASON**

| **PRE-HEARING CONFINEMENT** | | | Refer to U.M. For Informal Resolution |
|---|---|---|---|
| | **IF YES** | | |
| ☐ YES ☑ NO | TIME | DATE | |

**FORMS GIVEN TO INMATE**
☐ REQUEST FOR WITNESSES AND REPRESENTATION   ☐ INMATE'S VERSION

| **REPORTING STAFF MEMBER** SIGNATURE AND TITLE | **ACTION REVIEWED AND APPROVED BY** RANKING C.O. ON DUTY SIGNATURE AND TITLE | **DATE AND TIME INMATE GIVEN COPY** | |
|---|---|---|---|
| C. Pellam (Pellam) | | DATE | TIME 24 HOUR BASE |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | **MISCONDUCT CATEGORY** | **Signature of Person Serving Notice** |
|---|---|---|---|
| DATE | TIME | ☐ CLASS 1   ☐ CLASS 2 | |

**Notice to Inmate**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE – DC-15             YELLOW – Inmate             PINK – Reporting Staff Member

*DC-ADM 801, Inmate Discipline Procedures Manual*
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

*Attachment 1-B*

| DC-141, Part 2 (E) Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| DC Number LJ-5951 | Name David Burgos | Facility Retreat | No. From Part 1 D 386814 |

I was found guilty of misconduct number BClass 1-35, P Class-1 43 on 1/2/20
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

### Check Area(s) Involved

☒ a. the procedures employed were contrary to law, Department directives, or regulations;

☒ b. the punishment is disproportionate to the offense; and/or

☒ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

I was written up on 12/26/19 by CO/Pellam for refusing to obey an order and presence in an unauthorized area. This allegedly happened at 3:50 p.m. in which case I was not even on the block because I get insulin shots at that time every day. I am not guilty of these charges because I was not on the block when she ( CO/Pellam ), is saying this occured. I explained this to the Unit Manager of my Block during my informal hearing in which I had requested him to have the camera footage reviewed that would concur therewith the aforsaid. I am here again requesting the same because I am not guilty of this misconduct. CO/Pellam has had a vendetta for me since she started working this block. I would like this to be reviewed so that this misconduct can be taken off my record because I do not want this to effect my parole and I should not be sanctioned for something I did not due just because CO/Pellam does not like me.

_____ Inmate's Signature        02/2/2020 Date

CA

| DC-141, Part III | **COMMONWEALTH OF PENNSYLVANIA** | | | |
|---|---|---|---|---|
| Program Review Committee Action | **Department of Corrections** | | | |

☐ Misconduct Appeal          ☐ Periodic Review          ☒ Other **Informal Resolution Appeal**

| DC Number | Name | Facility | Date of Review | No. from DC-141, Part 1 |
|---|---|---|---|---|
| LJ5951 | David Burgos | Retreat | 01/13/20 | D386814 |

## Program Review Committee's Decision and Rationale

PRC notes that you have appealed this misconduct on the grounds:

(a). the procedures employed were contrary to law, Department directives or regulations.
**(b). the punishment is disproportionate to the offense.**
(c). the findings of fact were insufficient to support the decision.

Per DC-ADM 801, Section 2 – Informal Resolutions, C.2. – you may appeal only in cases where you believe the sanction is disproportionate to the offense.  Therefore, that is the only grounds which will be addressed in this decision.

The sanction was well within the guidelines of policy.  You were sanctioned to 7 days cell restriction.  The Unit Manager could have sanctioned up to 14 days cell restriction.

If you disputed the accuracy of the misconduct report, you should have requested to terminate the informal resolution process and have the misconduct referred to the Hearing Examiner.

Based on the above information, PRC will uphold the Unit Manager's sanction of 7 days cell restriction.

Decision Relative to PRC Review

☐ Continue  ☐ Move to AC  ☐ Release to GP  ☐ Release Cell Restriction  ☐ Continue Investigation

☐ Release to Control GRP  ☐ Release Medical  ☐ Release Diag. Center  ☐ Release Sent. Complete

Decision Relative to Hearing Examiner's Verdict

☐ Reject  ☒ Uphold  ☐ Uphold-Modify  ☐ Remand back  ☐ Vacate-permit Recharge  ☐ Dismiss

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| L. BANTA, DSCS | *Laura Banta* | 01/13/20 |
| T. SOKALOSKI, CCPM | *signature* | 01/13/20 |
| C. STETLER, DSFM | *signature* | 01/13/20 |

WHITE – DC-15          YELLOW – INMATE          PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

# Informal Resolution Action Form

*INSULIN*
*12/26/19 @ 3:57*

| Inmate Name (Printed) | Inmate Number | DC-141 Part 1 Number | Date |
|---|---|---|---|
| Burgos | LJ595I | D3060514 | 1/2/20 |

## Action Taken

| | | | |
|---|---|---|---|
| ❑ No Action | | | |
| ❑ Reprimand and Warning | | | |
| ❑ Referred to the Hearing Examiner at the request of the inmate | | | |
| ❑ Referred to Hearing Examiner by Unit Manager | | | |
| ❑ Carried on active MH/ID Roster and assigned to RTU or other appropriate treatment/program after consultation with PRT | Reason: | | |

| | Number of Days: | Start Date: | End Date: | |
|---|---|---|---|---|
| ☑ Cell Restriction (Up to 14 days) | 7 | 1/3/20 | 1/9/20 | End at 0600 |

| | Number of Days: | Start Date: | End Date: |
|---|---|---|---|
| Loss of Privileges: (Up to 14 days) <br> ❑ Telephone <br> ❑ Yard <br> ❑ Day Room <br> ❑ *Tablet Usage* <br> ❑ *Kiosk Access* <br> ❑ Other: | | | |
| ❑ 14 days Loss of Commissary | | Start Date: | End Date: |
| ❑ Loss of job due to work-related misconduct(s) | | Start Date: | |

| | Assignment | Start Date: | End Date: |
|---|---|---|---|
| ❑ Assignment of Additional Work Duties (No compensation allowed) up to 14 days | | | |

| | Item(s) | Amount to be Paid: |
|---|---|---|
| ❑ Restitution for Damaged/Destroyed State Items/Property | | |

B. Namowicz
_____
Unit Manager's Name (Printed or Typed)

_____  1/2/20
Unit Manager's Signature   Date

_____
Inmate's Signature   Date

cc: DC-14 (original)
   Hearing Clerk

EXHIBIT #8

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

_____
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR <br> M/S McHale | FACILITY: Rockview | DATE: 1/5/2020 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) <br> David Burgos LJ5951 | SIGNATURE OF INMATE: _(signature)_ | |
| WORK ASSIGNMENT: <br> AM62 | HOUSING ASSIGNMENT: <br> CB-2? | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 1-5-20 I was prevented from eating and left locked in my cell During dinner I was then refused food when I asked after 6pm count closed. CO Pelham is the direct reason for this. I am currently on cell restrict as a stemmy from a confrontation that already took place with CO Pelham. She knows I am a diabetic and that her refusal to let me eat was not only reckless, but potentially life threatening. I told both the Warden, as well as Lt. Scal when I repeatedly asked for food, I was told "Tough shit" and to "deal with it" Her using food as a punishment or proposal is a Unethical Medical Treatment. Her withdrawing meds and actions are not actions becoming a C.O. She put my life at Risk for her own amusement.

B. List actions taken and staff you have contacted, before submitting this grievance.

I requested to see a sargent who only tried to calm me. I was never seen a meal, and was told I had to wait till last call for meds I would to receive no meds. CO _____ said he was ordered by CO Pelham's decision.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_(signature)_                                        1-7-20

_____          _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

EXHIBIT #9

Form DC-141 Part 1
Rev. 12/2017

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

D 386824

☒ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LJ5951 | Burgos | RET | 1955 | 10 Jan 2020 | 10 Jan 2020 |

| Quarters | Place of Incident |
|---|---|
| CA 1021-1 | CA Dayroom |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| Staff | M. Shoemaker | | X | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** A. Class 1-33- Using abusive, obscene, or inappropriate language to or about an employee; B. Class 1-35-Refusing to obey an order; C. Class 1-42-Lying to an employee; D. Class 1-43- Presence in an unauthorized area.

**STAFF MEMBER'S VERSION** On the above date and time, Inmate Burgos (LJ5951) was standing by the door waiting for medication. This reporting officer gave Inmate Burgos two direct orders to return to the dayroom. Inmate Burgos refused both direct orders. This reporting officer gave Inmate Burgos another direct order to return to the dayroom to which he replied "I am waiting on the phone." This reporting officer advised Inmate Burgos that he was not signed up for the phone. Inmate Burgos replied, "Fuck you bitch! I don't have to listen to you." Inmate Burgos stood there and continued to refuse all direct orders given.

**IMMEDIATE ACTION TAKEN AND REASON** Refer To Hearing Examiner. Due To Disrespecting Staff By Using Abusive Language And Refusing Orders.

| PRE-HEARING CONFINEMENT | | | |
|---|---|---|---|
| | IF YES | | |
| ☐ YES | TIME | DATE | |
| ☒ NO | | | |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| CO. Pellam (Pellam) | Capt C Wasko Ready | DATE | TIME 24 HOUR BASE |
| | | 1 10 20 | 2055 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☒ CLASS 1   ☐ CLASS 2 | |
| 1/12/20 | 0800 | | |

### Notice to Inmate
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

*Attachment 1-B*

| DC-141 | PART 2A | | | | |
|---|---|---|---|---|---|

**DC-141**    **PART 2A**
Rev. 2-08
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

| DC Number | Name | Facility | Date | Number as on **Part I** |
|---|---|---|---|---|
| LJ 5951 | David Burgos | REtreat | 1/11/2020 | D 386824 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the next day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☐ I request assistance by _____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

| If Inmate | DO NOT WRITE IN THIS SECTION |
|---|---|
| 1. Name of Witness:    No.    Quarters | For Use by Hearing Examiner |
| CA SHOEMYXER | |
| Why is this person's testimony relevant and important? | Witness permitted?    If not, why not? |
| C.O Shoemaker Is the floor officer. | |

| If Inmate | |
|---|---|
| 2. Name of Witness:    No.    Quarters | |
| Why is this person's testimony relevant and important? | Witness permitted?    If not, why not? |

| If Inmate | |
|---|---|
| 3. Name of Witness:    No.    Quarters | |
| Why is this person's testimony relevant and important? | Witness permitted?    If not, why not? |

_____
**Inmate's Signature**

| This section to be completed by Housing Officer only | |
|---|---|
| Received completed form   1309   hours   1-11-20 | Hearing Examiner's Signature |
|       Time          Date | |
| CO ____ (wheder) | _____ |
| **Housing Officer's Signature** | **Hearing Examiner's Signature** |

**WHITE – DC-15**      **YELLOW** – Inmate's Copy To Be Given After Action By Hearing Examiner      **PINK** – Staff Member Reporting Misconduct
**GOLDENROD** – Inmate Cited

| DC-141<br>Rev. 9/2009 | PART (C)<br>HEARING SUPPLEMENT<br>INMATE VERSION AND WITNESS STATEMENTS | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF CORRECTIONS** | | |
|---|---|---|---|---|
| | | Name | Facility | No. from PART I |
| DC Number<br>LJ-5951 | | David Burgos | Retreat | D 38682 4 |

**INMATE'S VERSION** I am not guilty of this misconduct because I did not say the things CO/Pellam is saying I said to her. I also did not lie to an employee or disobey a direct order. I am not guilty of any of these charges from this misconduct. I am respectfully requesting a review of the CA/Block cameras that will show that there was a group of people that she said that to and everybody moved. No one said anything obscene to her especially not me. CO/Pellam has been writing me up for weeks now for no reason other than I wrote a grievance on her for refusing me food on 1/05/20. I also wrote another grievance related to the last write up she gave me. CO/Pellam is retaliating on me for the grievances and also talking with Lt.'s and Capt.'s about her targeting me for no reason. So I ask again Please, review this tape from CA Block and it will show that this did not happen at all on 1/10/20 at 19:55. CO/Pellam has had a vendetta on me since she started working this block.

*C A*

| DC-141, Part 2(B) DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number LJ5951 | Name BURGOS | Facility RET | Hearing Date 1/16/2020 | Hearing Time 1036 | No. from Part 1 D386824 |

| INMATE PLEA | ☐ Guilty    X Not Guilty    ☐ No Plea    ☐ Other | VERDICT | ☐ Guilty    X Not Guilty |
|---|---|---|---|

| CHARGES  #33, #35, #42, #43 | HEARING ACTION Video Conference |
|---|---|

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

I/M PLEADS NOT GUILTY TO ALL CHARGES
I/M offers a written version and states, "I was never by the door.  And I was by the side of the steps, not by the phones.  No video evidence available of this incident.  Hearing continued to call in CO Shoemaker as a witness.  Waiver form is signed.
1/21/2020 - CO Shoemaker was sworn in and stated, "CO Pellam told the whole group to go back to the dayroom because they were crowding the door. Then inmate Burgos came in and was standing in the dayroom by the trash can."
1/21/2020 – Hearing Concluded.  Inmate Given Decision.


DISMISSED

| X YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | INMATE VERSION WITNESS REQUEST WAIVER |
|---|---|---|---|
| X YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| X YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES X |
| X YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| **T. Walter** | *T. Walter* SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE – DC-15          YELLOW – Inmate Cited          PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager

FORM **DC-141**     **PART 2 D**
Rev. 8/05
WAIVER OF DISCIPLINARY
PROCEDURES

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

| DC Number | Name | Facility | Date |
|---|---|---|---|
| LJ5951 | Burgos | SCI/RT | 16Jan20 |

MISCONDUCT REPORT(S) NO.   D386824

(This form is to be used when an inmate charged with committing a misconduct wishes to waive his right to a disciplinary hearing or other procedural protections.)

I have received written notice of the offense(s) with which I am charged. I have read or have been informed of and understand the following:

I have a right to have a hearing not less than 24 hours nor more than seven working days after receiving notice of the charges, to determine whether I am innocent or guilty of committing a misconduct.

If found guilty, discipline may be imposed against me, including but not limited to, loss of privileges and placement in disciplinary custody.

After the hearing, I have a right to appeal both the finding of guilt and the appropriateness of any discipline imposed by the Hearing Committee to the Program Review Committee.

I may waive my right to a hearing as well as any other procedural protections to which I am entitled.

If I waive my right to a hearing, the Hearing Committee/Examiner will determine my guilt or innocence in my absence, and that determination shall be final. If I am found guilty, discipline may be imposed. I may appeal the appropriateness of the discipline imposed by the Program Review Committee.

I have read the above statement or have had it read to me, and with an understanding of my rights,

☐   I hereby voluntarily waive the disciplinary hearing on misconduct report(s) # _____

☐   I wish to have a disciplinary hearing, but hereby voluntarily waive my right to 24 hours notice prior to the hearing and request that it be scheduled as soon as possible.

☒   I wish to have a disciplinary hearing, but I hereby voluntarily waive my right to have the hearing within seven working days of receiving notice of the charge and request that it be scheduled within a reasonable time hereafter.

X _____      _____ Shuman
        INMATE                               WITNESS

DATE 16Jan20             DATE 16Jan20

                                         _____ (Pho.)
                                              WITNESS

                                 DATE 16Jan20

EXHIBIT #10

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

D 386847

☐ MISCONDUCT REPORT   ☐ OTHER   ☒ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LT5951 | Burgos | SCI-RET | 1519 | 01/22/20 | 01/22/20 |

| Quarters | Place of Incident |
|---|---|
| CA21 | CA 21 cell |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

B. class 1 charge #35 Refusing to obey an order
R. class 1 charge #38 Destroying, altering, tampering with property

**STAFF MEMBER'S VERSION**

On the above date and approximate time, this officer was conducting a security check of all cell doors. This officer ordered all inmates that were present to remove any objects impeding with the operation of their doors on 01/21/20. Upon checking CA21 cell this officer found a piece of cloth wrapped around the door hinge, this officer then removed the obstruction and continued with the check of other cells. Nothing further to Report

**IMMEDIATE ACTION TAKEN AND REASON**

Refer to Unit Manager.
- Per Unit Manager Refer to Hearing Examiner for Formal Resolution

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES  ☒ NO | TIME | DATE |

**FORMS GIVEN TO INMATE**
☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE  AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| J. Adamski, CO1 Reporting Officer | CAPT. | 1/23/20 | 1747 |

YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER

| DATE | TIME | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| 1-25-20 | 0800 | ☒ CLASS 1   ☐ CLASS 2 | Co' Clay |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 1 -- Misconducts/Rule Violations*
Issued: 12/1/2017
Effective: 12/1/2017

*Attachment 1-B*

| DC-141 Rev. 9/2009 | **PART II(C)** HEARING SUPPLEMENT INMATE VERSION AND WITNESS STATEMENTS | **COMMONWEALTH OF PENNSYLVANIA** **DEPARTMENT OF CORRECTIONS** | | |
|---|---|---|---|---|
| DC Number LJ5951 | Name David Burgos | | Facility Retreat | No. from PART I D 386847 |

**INMATE'S VERSION**

I was not on the Block at 3:19 pm on 1/22/20 due to being at medical for self meds. My cell mate Edwin Rodrigeuz was. I did not know that he was instructed to take a door popper out and did not. I did not know this happened and if I did I would have removed the popper that I was unaware of. My celly has already plead guilty to this via hearing examiner. My misconduct was also written on 1/22/20 and was served to me on 1/23/20 at 17:47. This is over 24 hours because it was written at 15:19 on 1/22/20. The CO said the reason why the misconduct was late was because he had to write both of us up. Therefore I am not guilty because he gave the order to my celly and not me and my celly did not remove the cloth in which I did not know he had been told to remove, and has already plead guilty too.

LJ5951

1/23/2020

DC-141      PART 2A
Rev. 2-08
INMATE REQUEST FOR
REPRESENTATION AND WITNESSES

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number LJ5951 | Name BBurgos | Facility Retreat | Date 1/23/20 | Number as on Part I D 386847 |
|---|---|---|---|---|

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the next day after you receive notice of the misconduct.

Assistance:  [x] I do not request assistance
[x] I request assistance by Edwin Rodriquez NR1173
(The person requested must be willing to assist you)

Witnesses:  You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give.

---

1. Name of Witness:        No.        Quarters
   Edwin Rodriquez NR1173    CA-21
   Why is this person's testimony relevant and important?
   Rodriquez is the person who got the order and did not remove the door popper.

DO NOT WRITE IN THIS SECTION
For Use by Hearing Examiner

Witness permitted?    If not, why not?

*yes*.

---

2. Name of Witness:        No.        Quarters

   Why is this person's testimony relevant and important?

Witness permitted?    If not, why not?

---

3. Name of Witness:        No.        Quarters

   Why is this person's testimony relevant and important?

Witness permitted?    If not, why not?

---

_____
Inmate's Signature

_____
Hearing Examiner's Signature

This section to be completed by Housing Officer only
Received completed form  1850  hours  1/24/2020
                          Time        Date

_____
Housing Officer's Signature

WHITE – DC-15        YELLOW – Inmate's Copy To Be Given After Action By Hearing Examiner        PINK – Staff Member Reporting Misconduct
                                    GOLDENROD – Inmate Cited

*CA*

| DC-141, Part 2(B) DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number LJ5951 | Name BURGOS | Facility **RET** | Hearing Date 1/28/2020 | Hearing Time 1010 | No. from Part 1 D386847 |

| INMATE ☐ Guilty PLEA X Not Guilty | ☐ No Plea ☐ Other | VERDICT X Guilty X Not Guilty |
|---|---|---|

CHARGES  #35, #38

HEARING ACTION
Video Conference

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

I/M PLEADS NOT GUILTY TO all charges
I/M offers a written version and reiterates.
I/M Rodriguez NR1173 was sworn in and stated under oath that he did not put the cloth in the door, but he knew it was there.
HEX believes CO Koprowski's report over inmate Burgos' denial that inmate Burgos was destroying, altering, tampering with, or damaging property when CO Koprowski found a piece of cloth wrapped around the door hinge of inmate Burgos' cell, causing an obstruction in the operation of the door.  A preponderance of evidence exists to support the #38 charge.

GUILTY #38 – 30D Cell Restriction, EFF 1/28/2020
DISMISS #35

| | | | |
|---|---|---|---|
| X YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | 1-C INMATE VERSION WITNESS REQUEST INF RES ACTION FORM |
| X YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | |
| X YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | SEE APPENDICES X |
| X YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| **T. Walter** | *T. Walter* |
| | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

**WHITE – DC-15        YELLOW – Inmate Cited.        PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager**

*DC-ADM 801, Inmate Discipline Procedures Manual*
*Section 4 – Disposition of Charges and Misconduct Sanctions*          *Attachment 4-A*
Issued: May 20, 2015
Effective: July 2, 2015

P.R.C

| DC-141, Part 2 (E)<br>Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| DC Number<br>LJ5951 | Name<br>David Burgos | Facility<br>Retreat | No. From Part 1<br>D 396847 |

I was found guilty of misconduct number ___B-Class 1 charge #38___ on __1/28/2020__
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

### Check Area(s) Involved

☐ a. the procedures employed were contrary to law, Department directives, or regulations;

☒ b. the punishment is disproportionate to the offense; and/or

☒ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s).  It includes the identity of all persons who may have information that may be helpful in resolving this matter.

~~I was charged with ( Destroying, altering, tampering with property #38 on~~ ~~1/22/2020. these charges stem from Co/Koproski stating that he instructed~~ ~~me to remove a cloth that was impeding the closure of my door. He had given~~ my celly Edwin Rodriquez this order, but had never spoken with me thereafter. My celly also never told me this either. On 1/24/2020 my celly has also pled guilty to this but here again I am being written up for something I did not do. I was given 30 days cell restriction by the Hearing Examiner for something my celly did, or did not do. ( tell me that the CO told him to remove a cloth from the jam ). This is not part of DOC directives to give misconduct's to an Individual whose celly broke policy when the Individual did not just because they are celly's. Furthermore this misconduct was not delivered in the 24 hr. time limit per policy. This should substantiate the fact that I am not guilty because my celly was given his misconduct before me and before the 24 hr. time limit. I have attached hereto an Affidavit from my celly Edwin Rodriquez NR1173. I am respectfully requesting that this misconduct please, be dropped from a class 1 to a class 2 so that I will not lose my job as an Educational Tutor and also if I may Please get a half time cut of cell restriction. I thank you for your time and consideration, God Bless.

| | |
|---|---|
| Inmate's Signature | 1 / 31 / 2020<br>Date |

### Affidavit

On 1/24/2020 I was called to my misconduct hearing where I told the Hearing Examiner " Yes ", " I am guilty for the string being in my cell door "; " But I did not put it there ". I said this hoping to get a slap on the wrist. My celly David Burgos should not be held accountable for this misconduct because I put the string in the door without his knowledge and while he was at self medication. I was also given the Order from CO/Koproski to remove the string and I did not. I did not tell my celly this either. He did not have anything to do with this and should not have been written up for something I did.

I aver the following stated herein is true and correct.

DATE: 1|31|20      x _Edwin Rodriguez_

Edwin Rodriquez NR1173

| DC-141, Part III Program Review Committee Action ☒ Misconduct Appeal   ☐ Periodic Review   ☐ Other | COMMONWEALTH OF PENNSYLVANIA<br>Department of Corrections | | | |
|---|---|---|---|---|
| DC Number<br>LJ5951 | Name<br>David Burgos | Facility<br>Retreat | Date of Review<br>02/06/20 | No. from DC-141, Part 1<br>D386847 |

**Program Review Committee's Decision and Rationale**

PRC notes that you have appealed this misconduct on the grounds:

(b). the punishment is disproportionate to the offense.
(c). the findings of fact were insufficient to support the decision.

The sanction was well within the guidelines of policy. The Hearing Examiner may, per policy, award a sanction of up to 90 days Disciplinary Custody for each Class 1 charge. Within this misconduct report you were found guilty a Class 1 charge. The sanction you received was 30 days Cell Restriction. This is not disproportionate.

The Hearing Examiner determined that a preponderance of evidence existed in order to establish a finding of guilt. The issue appears to be one of credibility in which the Hearing Examiner chose to accept the staff member's written report as being more factual than your denial.

Based on the above information, PRC will uphold the Hearing Examiner's decision.

| Decision Relative to PRC Review | | |
|---|---|---|
| ☐ Continue  ☐  Move to AC  ☐  Release to GP ☐ Release Cell Restriction ☐ Continue Investigation | | |
| ☐ Release to Control GRP  ☐ Release Medical  ☐ Release Diag. Center  ☐  Release Sent. Complete | | |

| Decision Relative to Hearing Examiner's Verdict | | |
|---|---|---|
| ☐ Reject  ☒ Uphold  ☐ Uphold-Modify   ☐ Remand back  ☐ Vacate-permit Recharge ☐ Dismiss | | |

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| L. BANTA, DSCS | *Louis Banta* | 02/06/20 |
| C. STETLER, DSFM | *[signature]* | 02/06/20 |
| T. SOKALOSKI, CCPM | *Thomas Sokaloski* | 02/06/20 |

WHITE – DC-15          YELLOW – INMATE          PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

CC FILE: D/B          Superintendent Ms. Mason!

DC-141, Part 2 E
Misconduct Hearing Appeal

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| LJ 5951 | David Burgos | Retreat | D38684T |

I was found guilty of misconduct number **B· Class 1 #38** - on **7/28/2020** (date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

I was charged with Destroying, altering, tampering with Property #38 on 1/22/2020. these charges stem from c/o Koproski stating that he instructed me to remove a cloth that was impeding the closure of my door. which He had given my celly Edwin Rodriguez this order, but had never spoken with me. my celly has pled guilty to this but here again I am being written up for something I did not do. I was given 30 days cell restriction by the Hearing Examiner for something my cell did or did not do. this is not part of DOC directives to give misconduct's to an Individual who celly broke policy when the individual did not just because they are celly's. Furthermore this misconduct was not delivered In the 24 hr. time limit per policy. This should substantiate the fact that I am not guilty because my celly was giving his misconduct before me and before the 24 hr. time limit. I have attach a copy to PRC an affidavit from my celly Edwin. Rodriguez NR 1173. I am respectfully requesting that this misconduct please be dropped from a class 1 to a class 2 so that I wont lose my Job as an Educational tutor. and also if I may please get a half time cut. Thank you god bless

Inmate's Signature **D/V· FA**

Date **2/10/2020**

White – DC-15        Yellow- Inmate                **Revised 2/01**

 **pennsylvania**
DEPARTMENT OF CORRECTIONS

**MEMO**

**TO**   **David Burgos, LJ-5951 @ MAH**
**DB-Unit**

**FROM**   *B Mason*

**B. Mason**
**Superintendent**

**DATE**   **March 20, 2020**

**RE**   **RESPONSE TO REQUEST FOR APPEAL OF MISCONDUCT #D386847**

I am in receipt of your 2nd-Level Misconduct Appeal.

You chose to appeal based on Sections a., b., & c.

a. You did not raise this issue at you first level appeal to PRC; therefore, it will not be heard at second level.

b. Punishment was not disproportionate to the offense. You were found guilty of a Class I offense and were given cell restriction.   This is well within policy guidelines.

c. Findings of fact were sufficient to support the decision. The Hearing Examiner found a preponderance of evidence to support Charge #38.   You provide no information to refute the findings.

Based upon on the above information, I uphold the sanction imposed by the Hearing Examiner and upheld by P.R.C.

ms

c:   D.S.C.S. – [Log]
D.S.F.M.
Unit Manager
DC-15 File @ MAH
File

19

 **pennsylvania**
DEPARTMENT OF CORRECTIONS

March 5, 2020

David Burgos, LJ5951    DB-19
SCI-Mahanoy

Re:    Correspondence dated February 21, 2020
        Misconduct No. D386847

Dear Mr. Burgos:

This will acknowledge receipt of your above-referenced letter.  Upon review of the issue(s) you raise, I am filing your letter without action for the following reason(s):

According to institution records, you have not completed an appeal to the Superintendent.

Facility records indicate you completed an appeal to PRC February 5, 2020.

Sincerely,

Zachary J. Moslak
Chief Hearing Examiner
Pennsylvania Department of Corrections

ZJM/srh
cc:    File

---

DAVID Burgos #EC5451
smart communication/pADOC
SCI MAHANOY
p.o Box 33028
st. petersburg, Florida, 33733

CHIEF HEARING EXAMINER
ZACHARY J. MOSlAK                    3/10/2020
1920 Technology PARKWAY
Mechanicsburg, pA 17050

DEAr mOSlAK,

            I RECEIVEd YOUR CORRESPONDENCE DATED
MARCH 5, 2020, WHICH you Stated "According to institUtion
Records, you have not completed AN Appeal to the superintendent
ATTACH I send YOU A COPY of my Appeal to the superintendent
THAT I send Her ON 2/10/2020 From the DtU FA·Block I
don't UNDERStand How my Appeal never got to Her office
When I did SUBmitted my Appeal. I Just WANTED to send
you A copy to SHOW you that I did in FAct send my
Appeal to the superintendent, which I Re-submitted this Appeal
to the superintendent MS MASON.

            THANK you very much For your time, Help and
pATIENCE iN thiS mAtter.  God Bless.

                                    SINCERELY
                                    DAVID Burgos

CC FILE: D/B

 pennsylvania
DEPARTMENT OF CORRECTIONS

April 15, 2020

David Burgos, LJ5951   KB·5
SCI-Mahanoy

Re:   Correspondence dated April 3, 2020
      Misconduct No. D386847

Dear Mr. Burgos:

This will acknowledge receipt of your above-referenced letter. Upon review of the issue(s) you raise, I am filing your letter without action for the following reason(s):

In accordance with DC ADM 801, you have failed to provide copies of the paperwork specified within Section 5 - Appeals of the Inmate Discipline Policy, and within the Inmate Handbook. In addition to providing a brief statement relative to the issues on a **DC-141, Part 2(E) form**, you are responsible for providing photocopies of:

- Misconduct Report
- Hearing Examiner's Report
- Inmate Version and Witness Forms (if applicable)
- Your written Appeal to PRC and the Response from PRC
- Your written Appeal to the Superintendent and the Response from the Superintendent

You must submit copies of all the paperwork in **one envelope**. This office will not return nor furnish copies of any of the materials sent to the office for final review.

Upon receipt of this correspondence, you will have seven calendar days to re-submit the appeal with copies of the necessary paperwork specified above.

Sincerely,

Zachary J. Moslak
Chief Hearing Examiner
Pennsylvania Department of Corrections

ZJM/srh
cc:    File

*Final Appeal*   *central office*

| DC-141, Part 2 E<br>Misconduct Hearing Appeal | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS *Retreat* | | |
|---|---|---|---|
| DC Number<br>LJ5951 | Name<br>David Burgos | Facility | No. From Part 1<br>D 386 847 |

I was found guilty of misconduct number __B-class 1 Charge #38__ on __1/28/2020__
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

I was charged with Destroying, altering, tampering with property #38 on 1/22/2020. these charges stem from C/O Koproski stating that he instructed me to remove a cloth that was impeding the closure of my door. He had given my celly Edwin Rodriguez this order. But had never spoken with me there after. on 1/24/2020 my celly was also pled guilty to this But here again I am being written up for something I did not do. I have attach on my appeal to PRC an affidavit from my celly Edwin Rodriguez NR1173. I am respectfully requesting that this misconduct please be dropped from a class 1 to a class 2.

I thank you for your time and consideration God Bless.

PS: I did not have time to make copies Due to me Being transfer to SCI. Mahanoy from SCI retreat due to closure. and would of pass my time limit to appeal this. please request such copies of this whole misconduct process from sci retreat.

| _(Inmate's Signature)_ | 2/14/2020<br>Date |
|---|---|

White – DC-15       Yellow – Inmate                    *Revised 2/01*

*FINAL Appeal !* *(central office)*

DC-141, Part 2 (E)
Misconduct Hearing Appeal

COMMONWEALTH OF PENNSYLVANIA

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| L J 5951 | DAvid Burgos | REtreat | D 386847 |

I was found guilty of misconduct number **B°c/Ass 1 cHarge #38** on **1/28/2020**
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

<u>Check Area(s) Involved</u>

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

I'm Appealing the SuperintenDent DEcisioN to misconduct # D386847 THE SuperintenDent stated on my RESPONSE that I did not Raise this Issue at my First level Appeal to p.R.C. THIS IS clearly FALSE I RAISE All ISSUE to p.R.C PlEASE SEE my Appeal to p.R.C DATED 1/31/2020. I WAS charged with DEStroying, Altering, tampering with Property # 38. ON 1/22/2020. these charges' stem from clo Koproski' stating that he INStructed me to remove a cloth that wAS impending the closure of my door. He had given my cellY Edwin RodriguEZ #NR 1173 this order, But hAd never spoken with me there After. on 1/24/2020 my cellY HAs Also pled guilty to this But here Again I am being written up For something I did not do. I HAvE Attach on my Appeal to prc An AffidAvit From my cellY Edwin RodriguEZ NR 1173. I was given 30 dAys cell restriction For something my cellY did or did not do. This is not part of Doc Directive to give misconduct to An INdividuAl who cellY broke policy when the individual did not Just becAuse they Are cellY's Furthermore this misconduct was not dElivered in the 24 hr. time limit per policy. I'm Just REspectfully REquesting that this misconduct please; Be drop From a class 1 to A class 2 please. (PS) WE ARE currently on lock DoWN with no movement DUE to the coronA virus and everything is on Hold. So I couldN't make copies and would pAss my time limit to Appeal my REsponse From the SuperintenDent so IF possible can can please REquest such copies @ SCI- Retreat, concerning this misconduct # D386847. Thank gu God Bless, & stAy sAfE

_____          3/30/2020
Inmate's Signature                    Date

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 5 – Appeals**
Issued: May 20, 2015
Effective: July 2, 2015

**Attachment 5-A**

FinAl AppEAl! (cEntral officE)

| DC-141, Part 2 E | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Misconduct Hearing Appeal | DEPARTMENT OF CORRECTIONS | | |

| DC Number | Name | Facility | No. From Part 1 |
|---|---|---|---|
| L-T5951 | DAVID BurgoS | SCI MAHANOY | D386847 |

I was found guilty of misconduct number _B class 1 CHARGE #38_ - on _1/28/2020_
                                                                        (date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

### Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☑ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all
persons who may have information that may be helpful in resolving this matter.

I'm appealing the superintendent DECISION to misconduct #D386847. THE
Superintendent stated on my Response that I did not raise this Issue at my
First level Appeal to P.R.C This is clearly False I Raise All Issue to PRC
Please see my Appeal to P.R.C Dated 1/21/2020. I was charged with Destroying
Altering, tampering with property #38. ON 1/22/2020. These charges stem
from c/o Koproski stating that He ~~had given~~ Instructed me to remove a cloth
that was impending the closure of my door. He had given my celly Edwin Rodriguez
#NR1173 this order, But Had never spoken with me there after. on 1/24/2020 my
celly Has also Plead guilty to this But here again I am being written up for something
I did not do. I have Attach on my Appeal to p.r.c An Affidavit From my celly
Edwin Rodriguez NR1173. I was given 30 days cell restriction For something my celly
did or did not do. This is not part of Doc Directive to give misconduct to An
Individual who celly broke policy when the individual did not Just because they
Are celly's Furthermore this misconduct was not delivered in the 24hr. time limit
per policy. I'm not guilty because my celly was given his misconduct before me
and Before the 24hr time limit. I Have Attached here to An Affidavit from my
celly Edwin Rodriguez NR1173. I'm Just respectfully ReQuesting that please this misconduct
Be drop from a class 1 to A class 2 Please. Thank you, god Bless and stay
Safe from this virus.

Inmate's Signature _____          Date _4_/_17_/_20_20

EXHIBIT #11

Form DC-141 Part 1
Rev. 12/2017

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

D 386872

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|---|
| NR1173 | Rodriguez | | SCI RKT | 1531 | 01/22/20 | 01/22/20 |

| Quarters | Place of Incident |
|---|---|
| CA21 | CA 21 cell |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

B. class 1 charge #38 Destroying, Altering, tampering with prop

**STAFF MEMBER'S VERSION**

On the above date and approximate time this officer was conducting a security check of all doors on CA. Upon checking CA21 cell this officer found a string tied around the door hinge causing the door to not operate correctly. This officer then removed the obstruction, and continued with the check. — Nothing further to Report

**IMMEDIATE ACTION TAKEN AND REASON** DUE TO INMATE COMPROMISING THE SAFETY AND SECURITY OF THE INSTITUTION, INFORMAL IS NOT CONSIDERED. REFER TO HEARING EXAMINER FOR FORMAL RESOLUTION.

**PRE-HEARING CONFINEMENT**

IF YES

☐ YES

☑ NO   TIME NA   DATE NA

**FORMS GIVEN TO INMATE**

☑ REQUEST FOR WITNESSES AND REPRESENTATION   ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| Abromavshi CROmsh/ | Lt Brown BROWNSBURG | 1/22/2020 | 2355 |

**YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER**

| DATE | TIME |
|---|---|
| 1-24-20 | 0800 |

**MISCONDUCT CATEGORY**

☑ CLASS 1    ☐ CLASS 2

**Signature of Person Serving Notice**

T.CA

### Notice to Inmate

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE – DC-15      YELLOW – Inmate      PINK – Reporting Staff Member

21                                                                                              CA

| DC-141, Part 2(B) DISCIPLINARY HEARING REPORT | COMMONWEALTH OF PENNSYLVANIA Department of Corrections | | | | |
|---|---|---|---|---|---|
| DC Number NR1173 | Name RODRIGUEZ | Facility RET | Hearing Date 1/24/2020 | Hearing Time 1004 | No. from Part 1 D386872 |

| INMATE PLEA | X Guilty □ Not Guilty | □ No Plea □ Other | VERDICT | X Guilty □ Not Guilty |
|---|---|---|---|---|

**HEARING ACTION**
Video Conference

CHARGES #38

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

I/M PLEADS GUILTY to #38
I/M offers no written or oral version.
HEX accepts inmate Rodriguez's guilty plea to the #38 charge.
This is inmate's first class I misconduct.



GUILTY #38 – 30D Cell Restriction, EFF 1/24/2020

| X YES | □ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | 1-C |
|---|---|---|---|
| X YES | □ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES X |
| X YES | □ NO | The opportunity to have the inmate's version reported as part of the record was given. | |
| X YES | □ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| **T. Walter** | *T. Walter* SIGNATURE OF HEARING EXAMINER/COORDINATOR |

**WHITE – DC-15       YELLOW – Inmate Cited       PINK – Staff Member Reporting Misconduct
GOLDENROD – Deputy Facility Manager**

EXHIBIT #12

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
842055
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mrs.Mahally | Retreat | 1/2/20 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| LJ5951 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| Tutor | CA-21 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I was written up on 12/26/19 by CO/ Pellam for refusing to obey a order and presence in an unauthorized area. This allegedly happened at 3:50 p.m. in which case I was not even on the block because I get insulin at that time. My grievance is that I am not guilty of this because I was not even on the block when CO/Pellam is saying this occured. I would also like for the camera footage to be reviewed because that will also show that this did not occur. CO/Pellam has had a vendetta for me since she has started working the block. I would like this to be reviewed so that this misconduct can be taken off my record because I do not want this to affect my parole and I should not be sanctioned for something I did not do just because CO/Pellam does not like me.

B. List actions taken and staff you have contacted, before submitting this grievance.

Talked with Unit Manager

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____
1-3-20
Date

WHITE Facility Grievance Coordinator Copy       CANARY File Copy       PINK Action Return Copy
GOLDEN ROD Inmate Copy



**Rejection Form**

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

01/03/2020 09:47

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| Facility: | Retreat | Unit Location: | C / A |
| Grievance #: | 842655 | | |

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below:

**Rationale:**

- DC-ADM 801 Inmate Discipline/Misconduct Procedures

**Response:**

The DC-ADM 804 is not the proper forum to grieve an issue related to a misconduct. See DC-ADM 801 for misconduct appeal procedures.

| Signature: | *J. Mahally* |
|---|---|
| Name: | J. Mahally |
| Title: | Facility Grievance Coordinator |
| Date: | 1/3/20 |

cc:  Facility Grievance Coordinator
DC-15

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-C

LJ5951      Grievance #:842655

BURGOS, DAVID

Issued: 1/26/2016  Effective: 2/16/2016

Page 1 of 1

EXHIBIT # 13

FORM **DC-141**   PART 1
Rev 8/05

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

B   788487

☐ MISCONDUCT REPORT   ☑ OTHER   ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number | Name | Facility | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LJ5951 | Burgos | RET | 1050 | 2/3/20 | 2/3/20 |

| Quarters | Place of Incident |
|---|---|
| GA09 | G-UNIT |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** DRY CELL PLACEMENT / A/C STATUS
NOTICE OF CONFINEMENT

**STAFF MEMBER'S VERSION** You ARE BEING CONFINED UNDER A/C STATUS IN ACCORDANCE WITH DC ADM 802 B.1.F, UNDER INVESTIGATION FOR A VIOLATION OF FACILITY RULES AND THERE IS A NEED FOR INCREASED CONTROL PENDING COMPLETION OF INVESTIGATION.

**IMMEDIATE ACTION TAKEN AND REASON** Place IN GA-09 CELL for INVESTIGATION w/ DRY CELL STATUS.

| PRE-HEARING CONFINEMENT | | | FORMS GIVEN TO INMATE |
|---|---|---|---|
| IF YES | | | N/A REQUEST FOR WITNESSES AND REPRESENTATION   N/A INMATE'S VERSION |
| ☐ YES | TIME | DATE | |
| ☐ NO | | | |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY |
|---|---|---|
| D. Finkey CO4  J. EUSTICE | CO4 | DATE 2-3-2 / TIME 1642 |

YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER

| DATE | TIME | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| N/A | N/A | ☑ CLASS 1  ☑ CLASS 2 | G-7   2 doesn't |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15      YELLOW — Inmate      PINK — Reporting Staff Member      GOLDENROD — Deputy Superintendent Facility Management

| DC-141, Part III<br>Program<br>Review<br>Committee<br>Action | COMMONWEALTH OF PENNSYLVANIA<br>Department of Corrections | | | |
|---|---|---|---|---|
| ☐ Misconduct Appeal ☐ Periodic Review ☑ Other | | | | |
| DC Number<br>LJ-5951 | Name<br>BURGOS, David | Facility<br>SCI-RET | Date of Review<br>2/5/20 | No. from DC-141, Part 1<br>B788487 |

**Program Review Committee's Decision and Rationale**

Inmate Burgos was served notice on 2/3/20 that this review would be an Administrative Hearing to determine whether he would be continued in Administrative Custody.

**REASON FOR CONFINEMENT: DC ADM 802 III A.,** Inmate Burgos is pending review by PRC.

**PRC COMMENTS:** Inmate Burgos met with PRC. PSS Ervine, LPM Carey, CC Tipler and UM Grohowski attended. He had no questions or concerns to note.

Continue present status, pending outcome of the investigation.

NOTE: AT NO TIME DID THE MENTION NAMES ABOVE CAME TO SEE ME NOR DID I SPEAK TO ANYONE PLEASE SEE CAMARA FOOTAGE ON GA-9

| ☑ Continue ☐ Move to AC ☐ Release to BMU ☐Release Cell Restriction ☐ Continue Investigation |
|---|
| ☐ Release to Control GRP ☐ Release Medical ☐ Release Diag. Center ☐ Release Sent. Complete |
| Decision Relative to Hearing Examiner's Verdict |
| ☐ Reject ☐ Uphold ☐ Uphold-Modify ☐ Remand back ☐ Vacate-permit Recharge ☐ Dismiss |

| Names of Program Review<br>Committee Members | Signatures | Date |
|---|---|---|
| L. BANTA, DSCS | *signature* | 2/5/20 |
| C. STETLER, DSFM | *signature* | 2/5/20 |
| T. SOKALOSKI, CCPM | *signature* | 2/5/20 |

WHITE – DC-15        YELLOW – INMATE        PINK – STAFF MEMBER REPORTING MISCONDUCT<br>GOLDENROD - DSFM

EXHIBIT #14

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

D 067982

☐ MISCONDUCT REPORT   ☒ OTHER   ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| LS5951 | Burgos,D | SCI-Ft | 1/00 | 2/7/00 | 2/7/00 |
| Quarters | Place of Incident | | | | |
| GA-9 | N/A | | | | |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

DC ADm 802  Administrative Custody

**STAFF MEMBER'S VERSION**

You are being confined AC status in accordance with DC ADm 802 B1f the inmate has been charged with, or is under investigation for a violation of facility rules, and there is a need for increased control pending disposition of charges or completion of the investigation.

**IMMEDIATE ACTION TAKEN AND REASON**

Place In RHU Pending Investigation

**PRE-HEARING CONFINEMENT**

| | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☐ YES | N/A | N/A |
| ☐ NO | | |

N/A   REQUEST FOR WITNESSES AND REPRESENTATION   N/A

**FORMS GIVEN TO INMATE**

N/A INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| L Pawoodo | Nuss COIV | 2-7-2020 | 1150 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | | |
| N/A | N/A | ☐ CLASS 1   ☒ CLASS 2 | |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15          YELLOW – Inmate          PINK – Reporting Staff Member

**DC-ADM 801, Inmate Discipline Procedures Manual**          **Attachment 1-B**
**Section 1 – Misconducts/Rule Violations**
Issued: 12/1/2017
Effective: 12/1/2017

EXHIBIT # 15

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
849803
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS MAHOLLY | REStreat | 2/9/2020 |

FROM: (INMATE NAME & NUMBER)
DAvid Burgos LT5951

SIGNATURE OF INMATE:

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| N/A | GA·10 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I file this Grievance Against Security staff members Lt p. woods
Capt J.Eustice, security c/o Ross All security staff members ON First(1)
Shift 6to2. For Harassment, Retaliation and Abusing their power. This
Harassment been going ON since I Arrive here at sci retreat on 2/3/2020
I went to morning yard for my (1) one hour rec from 8:30 to 9:05 Am. I walk
the yard track, and at no time did I pass or received Anything from Anybody
But some sunflower seeds that I was eating please see video footage
from the yard and compound. While I was coming in from yard at halftime
Around 9:05, 9:10 security c/o Ross, walk up to me and grab me and stated
walk with me and escorted me to the Body Scam Room. After they Body Scam me
I was place in a Dry cell GA·09 for no reason and no explanation to why I
was being placed in a Dry cell. This Harassment, Abuse and retaliation from this
incident is Because I file Grievance on security staff for their Harrassment
and for them taking my property A few times since I Arrive here at sci retreat
while placed in GA·09 Dry cell from 2/3/2020 to 2/7/2020 I suffer some injuries,
Bruse knee, Bruse Ankles, Bruse and cuts on my wrist and numbness & No feelings on
both hands and fingers. witch they took photos of my injuries of 2/5/20 and
2/7/2020, please see photos. I have served medical issues

B. List actions taken and staff you have contacted, before submitting this grievance.
and I had to experience this Abuse, pain and suffering for no reason. I am a smi
D stability that suffers from major depression, Anxiety, paronoid, schzofranic. these
staff members violated my rights, witch Im going to file A complaint on the Above
mention NAMES. relief I seek, to be release Back to population Because I did
nothing wrong or Broke any facility rules. I spoke to Lt and Sgt, But I was ignored

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator _____ U Mahally _____

Date _____ 2-11-20 _____

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

resubmitted
2/13/20
jm

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    ***Attachment 1-A***
Issued: 1/26/2016
Effective: 2/16/2016



# Second Grievance Rejection

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

02/14/2020 10:48

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | D - E 14 |
| Grievance #: | 849863 | | |

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below:

**Rationale:**
- DC-ADM 802 Administrative Custody Procedures

**Response:**

Issues regarding DC-ADM 802 procedures will not be reviewed by the Grievance Officer.

| Signature: | *[signature]* |
|---|---|
| Name: | J. Mahally |
| Title: | Facility Grievance Coordinator |
| Date: | *[handwritten date]* |

cc:   Facility Grievance Coordinator
      DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

Section 1 - Grievances & Initial Review, Attachment 1-C

Issued: 1/26/2016  Effective: 2/16/2016

LJ5951        Grievance #:849863

BURGOS, DAVID

Page 1 of 1

EXHIBIT # 16

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
_SEH804_
GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: 2/24/2020 |
|---|---|---|
| MS. J. MALAIN | Rockview/IMCCU | |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| David Burgos LJ 5951 | X David Burgos | |
| WORK ASSIGNMENT: N/A | HOUSING ASSIGNMENT: DB-19 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I file this Grievance against security staff members Lt. Probecks, Cpt. J. Eustice, Securit + c/o Ross All security members on first (1) shift blk 2. for harrassment, retaliation and abusing med power. this harrassment been going on since I arrive here @ scu/rhu. from 2/3/2020 to 2/9/2020 I suffer serious injuries insensive abuse injuries Bruise on eyes on both of my eyes and cuts as well as numrous + no feelings on both of my hands and fingers see photos that pictures took on 2/5/2020 and 2/9/2020. please see photos. I had to experiance this pain and suffering for no reason and explanation why before I have security people issues or problems any place so that cell I had to experiance this pain and abuse also on first shift. I'm a cat z stable. this suffering I am more able to handle I proved behaviour. these staff members violate my civil rights I wrote grievance + complaint of this abuse issues took me to the gallows 4 days

B. List actions taken and staff you have contacted, before submitting this grievance. these staff members for harrassment with this retaliation. if I call nurse or c/o 1st shift would not see me in that cell and not 4 hrs done I was Body sanger.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_J. Mahally_                                                          2-10-20

Signature of Facility Grievance Coordinator                          Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy



# Initial Review Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

04/13/2020 01:00

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
| --- | --- | --- | --- |
| Facility: | Mahanoy | Unit Location: | K/B |
| Grievance #: | 854584 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Inmate Burgos, in your grievance you allege that you were harassed and abused by the Security Office at SCI Retreat, as well as by all Security Team members from the 6-2 shift. You allege that you received cuts and bruises to your hands and knees and wrists due to being placed into a dry cell. You were placed into a dry cell on 2-3-20 and placed in the Kuff Bag in accordance with PA DOC policy 6.3.1 Facility Security. You were photographed prior to and after placement, with no injuries noted and you were assessed by Medical every two hours from the time of placement until the time of removal. On 2-5-20, swelling in your right hand was noticed. Dr. Stanish performed an assessment and determined that removal from the Kuff Bag would mitigate the swelling. On that same date you were removed from the Kuff Bag and placed into the Intermediate Restraint System (IRS) in accordance with PA DOC policy 6.3.1 Facility Security. On 2-7-20 you were removed from the IRS and the dry cell and processed into the RHU pending investigation. Upon removal from the IRS you were assessed and photographed by RN Baylor. At this time you claimed injury to your right wrist. RN Baylor's assessment and photographs show no injury. In your grievance you state that you had received cuts and bruises, neither of which were seen through assessment. The photographs, which clearly show all areas you claimed were cut and bruised, show no injuries or bruising. The Kuff Bag and the IRS are both DOC approved restraint systems and were applied in accordance with policy. You claim pain and suffering was done to you by placing you into a dry cell for no reason. You were placed into a dry cell due to the Security Office receiving information that you may have swallowed contraband. This is also within policy. Video shows that the Kuff Bag was applied correctly and was approved by Medical. Based on this information, your grievance is denied in full.

| Signature: | |
| --- | --- |
| Name: | R. Shuminsky |
| Title: | CO II |
| Approver: | J. Mahally |
| Date: | |

cc: Facility Grievance Coordinator
    DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**          Issued: 1/26/2016  Effective: 2/16/2016

LJ5951      Grievance #:854584

BURGOS, DAVID                                                          Page1 of 1

## SCI
# INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LJ5951 | DAvid Burgos | KB·5·7 | 4/20/2020 | 854584 |

I received my initial response from the Grievance Office/Coordinator on: __4/15/2020__
and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

I'm Appealing my Initial review Response, capt Shuminky did Not investigate my claims properly and Denied my Grievance. I was Harass By security staff members First shift 6-2 Ever since I Arrived @ SCI·Retreat I've been targeted and Harass as well Retaliated All Because I file Grievance on security for their continously Harassment especially on 2/3/2020 to 2/7/2020 I was placed in A Dry cell for no reason whatsoever and capt Shuminsky, stated that I might Have swallowed contraband so Accordance with policy 6.3.1 I was place in A Dry cell All this is nothing But lies by security see camara footage on 2/3/2020 while I was in the morning yard & compond "I never Ever try to put something in my mouth and try to swallowed Any contraband" security put me throught the Body scam twice on 2/3/20 @ 9:45 and 2/4/20 @ 7:30pm and clearly it shows that I had nothing inside of me But I still had to Be in A Dry cell. Just like I was Harass on 2/7/19 By security which they lied and said they observed me placed something in my mouth and swallow something why Then I was not place in A Dry cell Accordance with policy 6.3.1 This is All lies By security they Just wanted to harrass me and take my property which i Also file a Grievance and was Denied. All this come from me filing Grievance on security for Harassment and retaliation. From 2/3/2020 to 2/7/2020 I suffer some injuries Bruse Knee, Bruse Ankles, Bruse and cuts on my writs as well numness on Both of my Hands and Now I Have Residual nerve damage. I had to EXPERIENCE this ABUSE and suffering from 2/3/20 to 2/7/20 For no REASON what so ever nothing But lies By security, so they could Harrass me. (next page)

**INMATE SIGNATURE:** _[signature]_

LJ5951      David Burgos  KB-5-7        4/20/2020    854584
                                        4/15/2020

(CONTINUE)

      I don't know what photographs they were looking @ But clearly I have Black and Blue marks on my Hands which they were very swollen and Bruse, as well I Have cut marks on my wrist Due to them Hancuff that they Place on my hands super tight. I told them that the Hancuffs were to tight and that I couldn't feel my hands and I was ignored. I had to experience this pain and suffering which they knew I had server medical issues and By me being Place in that cell, I had to experience this Abuse. I'm A smi D-stability that Suffer from major Depression and Anxiety, Paronoid, Schizofranic these staff members violated my rights which I'm going to file A complaint to the courts.

      Relief I seek that these staff member be suspended with out Pay and I seek $50,000 in Damages.

CC FILE: D/B



## Facility Manager's Appeal Response
SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

05/18/2020 01:42

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | K / B |
| Grievance #: | 854584 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you restate the claims you made in your initial grievance regarding harassment, retaliation and abuse of power by Security staff.

Upon review of all relevant information, I find that Lt. Shuminsky properly investigated your claims and provided you with a clear and thorough response. All actions taken by Security staff and Medical staff during your dry cell placement were appropriate and in compliance with policy.

Based on the above, I am upholding the decision of the grievance officer and deny this appeal and any request for relief.

| Signature: | *Richard Smith* |
|---|---|
| Name: | R. Smith |
| Title: | Facility Manager |
| Date: | 5-19-2020 |

cc: DC-15
File

---

# INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LJ5951 | David Burgos | Mahanoy | 5/21/2020 | 854584 |

I received my appeal from the Superintendent on 5/20/2020 and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

I'm appealing the facility manager? Because a sgt name smith answered my Grievance which my Grievance was not investigated properly which my Grievance was denied by R. smith. I was harass by security staff members first shift 6-2 ever since I arrived @ SCI-Retreat I've been targeted and harass as well Retaliate all because I file Grievance on security for their continously Harrassment Especially on 2/3/2020 to 2/7/2020 I was placed in a dry cell for no Reason whatsoever and sgt smith stated that he find Lt. shuminsky property investigated my claims and provided me with a clear and thorough Response. First and foremost sgt smith is not a facility manager so why is the answering my Grievance which he clearly did not investigated my Grievance and did not look into my claims. On 2/3/20 I was harass by security and placed in a cry cell. Which I suffer some injuries Bruise knee, Bruise ankles, Bruise and cuts on my wrist as well as numbness on both of my Hands and now I have residual nerve damage. I had to experience this abuse and suffering from 2/3/20 to 2/7/2020 for no Reason what so ever nothing but lies By security they abuse their Power to Harrass and Retaliate against me Due to me filing Grievances on security for ther constant Harrassment. I'm a smi D-stability that suffer from major Depression and Anxiety, Paronoid schzofrenic and these staffmembers violated my rights. Relief stay the same

INMATE SIGNATURE: _David Burgos_

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 2-E

13

## Grievance Referral
### (Notice to Inmate)

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

 

06/16/2020 09:52

| | | | |
|---|---|---|---|
| **Inmate Name:** | BURGOS, DAVID | **DOC #:** | LJ5951 |
| **SCI Filed:** | Retreat | **Current SCI:** | Mahanoy |
| **Grievance #:** | 854584 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above.  In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review.  Upon completion of this review, it is the determination of this Office to solicit input from an appropriate Central Office Bureau relative to the issue(s) raised in your grievance. Therefore, please be advised that the final review decision will be delayed pending review by the office to which it has been referred. Upon completion of this review, however, a determination will be made and you will be provided with a final appeal decision in writing.

**Action: Referral**

**Bureau/Office:**

- Special Investigations & Intelligence - Referral Date : 06/15/2020

**Signature:**

**Name:**     *Keri Moore for*
D. Varner

**Title:**     Chief Grievance Officer

**Date:**     6/16/20

cc:   DC-15/Superintendent - Retreat
DC-15/Superintendent - Mahanoy
Grievance Office

---



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

10/05/2020 10:36

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** | BURGOS, DAVID | **DOC #:** | LJ5951 | |
| **SCI Filed:** | Retreat | **Current SCI:** | Mahanoy | |
| **Grievance #:** | 854584 | | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision: Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

In this grievance, you allege that you were harassed and abused by security staff from 2/3/20 through 2/7/20. You claim that you received bruised knees, bruised ankles, cuts on both hands and wrists as well as numbness in both hands.

This office finds the responses provided to you appropriately addressed your concerns. You provide this office with no additional information/evidence to support the claims you raise within this grievance. Therefore, this office upholds the responses provided to you and any requested relief is denied.

| | |
|---|---|
| **Signature:** | *Keri Moore for* |
| **Name:** | D. Varner |
| **Title:** | Chief Grievance Officer |
| **Date:** | 10/5/20 |

CC: DC-15/Superintendent - Retreat
DC-15/Superintendent - Mahanoy
Grievance Office

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-F**

Issued: 1/26/2016 Effective: 2/16/2016

LJ5951    Grievance #: 854584

BURGOS, DAVID

Page 1 of 1

EXHIBIT #17

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1920 TECHNOLOGY PARKWAY**
**MECHANICSBURG, PA 17050**

FOR OFFICIAL USE
_555177_
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS. MAHALY | MEHANOY | 2/27/2020 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| David Burgos # LI5951 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| N/A | DB-19 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I File This Grievance Against property, security 2 words, c/o Ross & capt Eustice. This Grievance IS concerning my property that was not with my property when I arrived here @ SCI-McHanoy on 2/13/2020. On 2/3/2020, I was escorted By c/o Ross to 6A09 from the compound my property was search By c/o Ross on 2/3/2020 and back on 2/13/2020 I was transfer to SCI-McHanoy with some of my property missing (3) pair of sneakers, ONE (1) Goose neck lamp white. Attach to this Grievance I send you my Inmate personal property Inventory DC-153M, (1) packing slip From ACCESS SecurePak, for a pair of sneakers, (1) one pennsylvania correctional Industries offenders receipt for another pair of sneakers I cant find my other receipts for my other pair of sneakers as well as my commissary receipts, But can you please lookin in the computer see my property card which will show I have (3) pairs of sneakers, which the

B. List actions taken and staff you have contacted, before submitting this grievance.

Institution have my receipt log for my purchases for my third (3) pair of sneakers and Goose lamp white. I'm not worry about the commissary Just want my sneakers & Goose lamp white ~~give~~ Back or Be reinburse as soon as possible please. I Spoke to SCI-McHanoy shift Because Scis Retreat never did my property in my presents see camra footage From 2/3-2/13

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

2-17-20
_____
Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1920 TECHNOLOGY PARKWAY
MECHANICSBURG, PA 17050**

FOR OFFICIAL USE
855177
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS McHAIN | MCFILUNOX | 2/27/2020 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| David Burgos # LI5951 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| N/A | DB·19 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I file This Grievance against property, security 2t weeds, c/o Ross & Capt Eustice. This Grievance Is concerning my property that was not with my property when I Arrived here @ SCI-McHAnoY on 2/13/2020. On 2/3/2020. I was escorted by c/o Ross to GROOp from the compound my property was serich by c/o Ross on 2/3/2020 and Pack. On 2/13/2020 I was transfer to SCI-McHAnoY with some of my property missing (3) pair of Sneakers, one (1) Goose neck lamp white. Attach & this Grievance I send you my Inmate Personal property Inventor DC-153M, (1) pecking slip from Access Secure pak, for a pair of Sneakers, (1) one Pennsylvania correctional Industries offenders receipt for another pair of Sneakers I can't find my other receipts for my other pair of Sneakers as well as my commissary receipts. But can you please, look in the computer see my property card which will show I ra (3) pairs of Sneakers which the

B. List actions taken and staff you have contacted, before submitting this grievance.

Still found my receipt log for All my purchases for my third (1) pair of Sneakers and Goose lamp white. Im not worry About the commissary Just want my Sneakers & Goose lamp white [crossed out] back or be reinburst as soon as possible please. I spoke to sco mathews Sgt Springs Sgt Wheck how did my property in bad process See complaint from 2/13 to 2/3

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    *Attachment 1-A*
Issued: 3/31/2014
Effective: 5/1/2014

*19*



# Initial Review Response
### SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

03/17/2020 05:31

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | D / B |
| Grievance #: | 855177 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

After reviewing your grievance, I'm denying your grievance to the following facts. I spoke with the search team and confirmed that all your property was taken from your cell after being searched and secured in the RHU. When your property was searched by the search team, your goose neck lamp was altered and a confiscation slip was issued to you, as well as a brush and writing utensils. The rest of your property was inventoried by CO1 Scott and Sgt. Davis. Since you were confined in a dry cell, per security, you were unable to be present when your property was packed. You did provide a DC-153 from June of 2018, but however there is no way to prove that you didn't destroy or loan your claimed missing items away, since that date. Therefore, your grievance is denied.

| Signature: | |
|---|---|
| Name: | B. O'Boyle |
| Title: | C.O.-3 |
| Approver: | J. Mahally |
| Date: | 3/17/20 |

CC: Facility Grievance Coordinator
DC-15

---

SCI
INMATE APPEAL TO FACILITY MANAGER
GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| CJ5957 | David Burgos | B-B-19 | 3-22-20 | 855177 |
| | | | 3-17-20 | |

I received my initial response from the Grievance Office/Coordinator on _____
and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

Facts and Questions to grievance #855177 denial

1) How did the search team know what "was my property" or "what was not my property" in my cell ???

2) Please produce the confiscation slip for the "altered gooseneck lamp," as I was never given or shown one.

3) How was the gooseneck lamp "altered" so that it had to be confiscated?

4) For what reason was I removed from population and placed in a "Dry Cell" for five consecutive days (as per grievance #854584)?

5) When I was moved from the "Dry Cell" to the RHU, I was not given an opportunity to check my inventoried property nor given or shown a property inventory sheet until After I was Transfered to SCI Mahanoy - why is that?

6) All I am respectfully requesting; Is that these items (2 pair of Rebook sneakers and 1 pair of nike sneakers plus one gooseneck lamp) be replaced/re-imbursed for this grievance (855177) to be dismissed

CC: FILE: D/B

INMATE SIGNATURE: _____

*19*



# Facility Manager's Appeal Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

03/31/2020 11:07

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | D / B |
| Grievance #: | 855177 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you challenge the response to your initial grievance regarding property.

Upon review of all relevant information, I find that Lt. O'Boyle properly investigated your claims and provided you with an appropriate response. You are asking questions in your appeal that you did not address in your initial complaint and, therefore, they will not be addressed here.

Based on this, I am upholding the decision of the grievance officer and deny this appeal and any request for relief.

| Signature: | *B Mason* |
|---|---|
| Name | B. Mason |
| Title: | Facility Manager |
| Date: | 3/31/20 |

cc: DC-15
File

---

Inmate Final Appeal to central office Grievance appeal

David Burgos   #LJ5951   SCI·Mahanoy   4/14/2020

Grievance # 855177

I'm appealing the facility manager's ms mason response to my Grievance #. 855177. On April 2, 2020 I received my response From ms mason stating that upon review of all relevant information she find that Lt. O'Boyle properly investigated my claim and provided me with a appropriate response and that I was asking Questions in my appeal that I did not address in my initial complaint. I don't understand why do I ~~has~~ have to ask questions on my initial complaint when I'm complaining about my missing property got to ask first about my missing property Before I start asking question. I have receipts to my missing property. The questions came after I received my initial response when Lt. O'Boyle stated that I was issue a confiscation slip for my goose lamp for being altered which is 100% lie my goose lamp was not altered I was placed in a Dry cell and never received any confiscation slip or ANY paper work see camera footage GA·09 & 10 cell. my goose lamp was not altered and that a fact. Lt. O'Boyle also stated that there is no way to prove that I didn't destroy or loan my claim missing Items away. First and foremost why would I want to destroy or loan my property to someone when my family work hard to send me money to Buy my staff. ms mason, did not properly investigate my appeal property. IF a confiscation slip was issue may I please have a copy Because I never received one. They never did my property in front of me in the RHU nor did I ain't see my property until I got transfer to SCI·Mahanoy. I have receipts to all my property and All I am respectfully requesting, Is that these items Be replaced/re-imbursed for this Grievance 855177 to be dismissed.

Sincerely
David Burgos

CC FiLE· D/B



**Remand Grievance**
**(Notice to Inmate)**

 

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

06/09/2020 08:07

| | | | |
|---|---|---|---|
| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
| SCI Filed: | Retreat | Current SCI: | Mahanoy |
| Grievance #: | 855177 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", this Office has reviewed the documents submitted; including your initial grievance, the grievance officer's response, your appeal to the facility manager, the facility manager's response, and the issues you raised to final review. Upon completion of this review, it is the determination of this Office to return your grievance to the respective institution for additional review and appropriate response.

**Decision:Remand**

In accordance with the procedures set forth in the DC-ADM 804, the facility will provide you with a revised response. If you remain dissatisfied with the revised response, you may once again appeal to final review within 15 working days of the date of the revised decision. Please note, however, that you may not re-appeal to the Facility Manager/institutional level.

Signature:

Name: D. Varner

Title: Chief Grievance Officer

Date: 6/10/20

CC: Deputy Secretary
DC-15/Superintendent - Retreat
DC-15/Superintendent - Mahanoy
Grievance Office

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-K**

LJ5951   Grievance #:855177

BURGOS, DAVID

Issued: 1/26/2016  Effective: 2/16/2016

Page1 of 1



## Facility Manager's Remanded Appeal Response

SCI Retreat
660 State Route 11
Hunlock Creek, PA, 18621-3136

07/07/2020 11:24

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | B/A |
| Grievance #: | 855177 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I am in receipt of your grievance appeal in which you restate the claims you made in your initial grievance regarding property.
Upon review of all relevant information, I find that Lt. O'Boyle properly investigated your claims and provided you with an appropriate response. As stated in his response, your gooseneck lamp was confiscated due to it being altered. Due to the above noted reasons, I am upholding the decision of the grievance officer and deny this appeal and any request for relief.

| Signature: | |
|---|---|
| Name | R. Smith |
| Title: | Facility Manager |
| Date: | 7-7-2020 |

CC: DC-15
    File

## INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LJ5951 | David Burgos | MAHANOY | 7/10/2020 | 855177 |

I received my appeal from the Superintendent on ___7/8/2020___ and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions. Appeals must relate to the issue presented in the initial grievance and 1st level appeal.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

Im Appealing the facility managers Remanded Appeal Response to my Grievance # 855177 on 7/7/20 I received my Remanded Response From R. Smith, which He stated that upon review of all relevant Information He find that Lt O'Boyle, Property investigated my claims and that I received a confiscation for my suppose Altered Goose lamp. My Goose lamp at no time was not Altered I've been Requesting A copy of that such claim Document and I'm being Ingored. I never received any Kind of confiscation receipt About my Goose lamp please provide me with a copy of my confiscation Receipt? My Goose lamp was not Altered. I Requesting to get my property Back which I already send your office copies of all my Receipts for my 3 pair of sneakers, my Goose lamp ect. I was Taken from the compond to A Dry cell I never was present For my property until I Arrived @ SCI. Mahanoy at no time did I destroy or send my missing Items SCI Retreat has Camaras on All Blocks please Review Camera Footage on CA Block I never gave gave Anybody my property. My 14th Amendment U.S. Const was Violated: Equal protection class of one theory (1) Defendant treated him differently from others similary situated (2) The defendant did so Intentionally and (3) There was no rational Basis for the difference in treatment. (pennsylvania law defines conversion as the deprivation of Another's right of Property in or use or possesion of, a chattle, without the owner's consent and without Lawful (continue next page)

**INMATE SIGNATURE:** _David Burgos_

(Continue)

## INMATE APPEAL TO FINAL REVIEW
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| LJ5951 | David Burgos | McHandy | 7/10/2020 | 855177 |

I received my appeal from the Superintendent on _____ and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

Justification An Essential element of conversion claim is that the plaintiff had Actual or constructive possession of a chattel or an immediate right to possession of a chattel at the time of the alleged conversion Among the ways a person MAY incur liability for conversion is by unreasonably with holding possession from one who has the right to it.) SCI Retreat had control of my property But I'm responsible for my missing stuff.? I have Receipts to all my property and All I am respectfully Requesting. Is that these Items be Return. Replaced or Reimbursed so that this Grievance # 855177 Be dismissed and not Be taken Any futher than Final Review @ central office.

Thank you very much for your time, help and patience In this matter. God Bless and stay safe from this virus covid-19...

CCFile:D/Burgos
Family Attorney

Respectfully Submitted
David Burgos
(David Burgos #LJ5951)

**INMATE SIGNATURE**

13



# Appeal to Final Review Extension

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

08/31/2020 04:13

| Inmate Name: | BURGOS, DAVID | DOC #: | LJ5951 |
|---|---|---|---|
| SCI Filed: | Retreat | Current SCI: | Mahanoy |
| Grievance #: | 855177 | | |

In accordance with the provisions of DC-ADM 804, Inmate Grievance System policy, this notification provides notice that staff requires an extension for responding to your grievance.

| Action: |
|---|

**Notice of Staff Extension** – This serves as written notification that an extension is necessary in order to appropriately investigate and respond to your grievance (or appeal). Staff has been authorized to extend the response time by 10 additional working days.

| Comments: |
|---|
| Signature: | *Keri Moore for* |
| Name: | D. Varner |
| Title: | Chief Grievance Officer |
| Date: | 8/31/20 |

cc:   DC-15/Superintendent - Retreat
      DC-15/Superintendent - Mahanoy
      Grievance Office

---

EXHIBIT # 18

Medical Records Supervisor / Ritsko                                           CC File: D/B

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

Health Care Administrator

1. To: (Name and Title of Officer)
   C. Ritsko

2. Date: 9/7/2020

3. By: (Print Inmate Name and Number)
   David Burgos # LJ5951

   X _David Burgos_
   Inmate Signature

4. Counselor's Name:
   Martino

5. Unit Manager's Name:

   SEP 11 2020

6. Work Assignment:
   N/A

7. Housing Assignment:
   BA-13

8. Subject: State your request completely but briefly. Give details.

Hello ! ms Ritsko, I just want to inform you that the money will be in my account shortly my family had to send the money through money gram Jpay due to the amount they sending me so my money order money gram Jpay for $1,800 was sent friday to: Jpay 717 market street ste. 423 Lemoyne, PA 17043 so as soon as I receive it I will send you another request. Also I forgot to tell you can you please get me a copy of all the sick call slips I send to medical from 9/2017 and ending 5/ 2018? one last thing did you find, my medical photos that was in my medical file date 12/5-6/2017 and 2/5-6-7/2020? Thank you very much for your time, help and patience in this matter God bless you & family stay safe and thank you for everything and your patience.            CC File:

9. Response: (This Section for Staff Response Only)

I checked with Inmate Accounts on 9/23/2020 & the money is not there yet.

Sick call slips that you send are not kept once you are seen.

I could not locate any photos on your paper medical record or in Sapphire

To DC-14 CAR only ☑            To DC-14 CAR and DC-15 IRS ☐

STAFF MEMBER NAME _Chris Ritsko_        _signature_        DATE 9/24/2020
                        Print                    Signature

**7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips**        **Attachment 3-A**

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
235 North Washington Ave.
P.O. Box 1148
Scranton, Pa 18501-1148


RE:  42 U.S.C.§ 1983  Civil Complaint Action

David Burgos v. James Eustice, et, al.


To: The Office of the Clerk;

    Please find enclosed hereto is a Civil Complaint kindly forward to
the Courts for review and processing.


Thank you,


**October 20, 2020**


                    Respectfully Submitted,



                         David Burgos, Plaintiff Pro-se

                             DOC# LJ-5951

                               SCI-Mahanoy
                               301 Morea Rd
                         Frackville, Pa 17932

DAVID Burgos #LJ5951
SCI @ MAHANOY
301 MOREA ROAD
Frackville, PA 17932

INMATE MAIL
PA DEPT OF CORRECTIONS

U.S. POSTAGE PITNEY BOWES
ZIP 17932 $ 00
02 4W
0000364159 OCT

RECEIVED
SCRANTON
OCT 26 2020
PER EP
DEPUTY CLERK

Office of THE CLERK
United state District court
Middle District of pennsylvania
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18501-1148

UNITED STATES POSTAL SERVICE®
USPS TRACKING #
... 9014 9645 0147 ...

CC File: